Robyn Fyffe, ISB#7063
FYFFE LAW LLC
800 W Main St, Ste 1460
Boise, Idaho 83702
Telephone: (208) 338-5231
Facsimile: (208) 917-4596
robyn@fyffelaw.com

Attorney for the Petitioner-Appellant

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>vs.<br><br>JOHNY E. MORENO,<br><br>Petitioner-Appellant. | Docket No. 19-30063<br>D.C. No. 1:18-cr-00097-BLW<br>District of Idaho,<br>Boise<br><br>**COUNSEL'S RESPONSE TO PRO SE SUBMISSION [dkt # 12]** |

On June 14, 2019, the Court directed the government to advise the Court of Appellant Johny Moreno's location by June 28 and for counsel to respond to Appellant Johny Moreno's submission expressing a desire to represent himself by July 5, 2019. It does not appear the government filed notice with Mr. Moreno's current location and the inmate locator for the Bureau of Prisons has continued to indicate that Mr. Moreno is not in its custody.

The undersigned was appointed after Mr. Moreno appealed and Mr. Moreno filed his initial correspondence with the Court before counsel was even appointed. To date, counsel still has not had an initial communication with Mr. Moreno.

Under these circumstances, a motion to permit Mr. Moreno to proceed to pro se would be premature. Instead, counsel must consult with Mr. Moreno, advise him regarding appellate representation and the hazards of proceeding pro se. Then, counsel can move for Mr. Moreno to represent himself if appropriate. Counsel intends to arrange such a consultation once Mr. Moreno's location is ascertained.

## RELEVANT PROCEDURAL HISTORY

Twenty-four year old Johny Moreno immigrated to the United States at age 10 to escape poverty, abuse and violence in Guatemala. District Court Docket No. ("DC Dkt. #") 162, para 58. Mr. Moreno dropped out of high school after attending the eleventh grade in Las Vegas and although reportedly fluent in English, used the services of a stand-by Spanish language interpreter during court proceedings. DC Dkt. # 93, 101, 162 para 67-68.

On February 12, 2019, Mr. Moreno pled guilty to conspiracy to distribute controlled substances pursuant to a plea agreement whereby he waived his right to appeal. DC Dkt. # 101, 104. Despite Mr. Moreno's youth and lack of criminal history, the district court sentenced Mr. Moreno to 292 months on March 20, 2019. DC Dkt. # 161, 163.

On April 5, 2019, Mr. Moreno appealed and, on April 15, 2019, the CJA attorney who represented Mr. Moreno through sentencing moved to withdraw. DC Dkt. # 165; Court of Appeals Docket No. (COA Dkt #) 2-1. Former counsel advised that she conferred with Mr. Moreno regarding her lack of appellate experience and limited availability. Former counsel averred that Mr. Moreno directed her to request new counsel on appeal. COA Dkt. # 2-2.

On May 9, 2019, the district court appointed the undersigned to represent Mr. Moreno in this appeal pursuant to his request. DC Dkt. # 176. Three days *earlier*, on May 6, Mr. Moreno had signed two type-written documents which this Court received on May 13, 2019. COA Dkt. # 8-9. The first document was titled a motion for "process" and requested the district court docket sheet and a copy of the local rules for the appeals. COA Dkt. # 8. The second document — a Motion for Notice And

Knowledge —asked this Court to cancel the order appointing the undersigned, which this Court denied on May 15. COA Dkt. # 9-10.

On May 29, 2019, Mr. Moreno signed a type-written document requesting that he be allowed to proceed pro se, which this Court received on June 11, 2019. Mr. Moreno explained he did not want to trust his fate to an attorney where prior counsel violated his due process rights and "prisoners, in general, repudiate Attorneys, not even one inmate have something good to say about Attorneys." COA Dkt. # 11

While Mr. Moreno's May correspondence was sent from the Victorville Federal Correctional Institute, he was apparently moved at the beginning of June. As this Court noted, the United States Bureau of Prisons showed that Mr. Moreno was no longer in its custody as of June 14, 2019. COA Dkt. # 12.

The Court thus ordered the government to file notice of Mr. Moreno's location by June 28, 2019. COA Dkt. # 12. The Court further ordered the undersigned to respond to Mr. Moreno's submission by July 5, 2019. COA Dkt. # 12.

It does not appear the government filed notice of Mr. Moreno's location. The BOP inmate locator continues to indicate that Mr. Moreno is not in BOP custody.

**COUNSEL'S RESPONSE**

Counsel was appointed contemporaneously with Mr. Moreno's request to represent himself and without consultation, counsel cannot determine whether a motion to withdraw is appropriate. This Court will only grant a motion for leave to proceed pro se in a direct criminal appeal if: (1) the defendant's request to proceed pro se and the waiver of the right to counsel are knowing, intelligent and unequivocal; (2) the defendant is apprised of the dangers and disadvantages of self-representation on appeal; and (3) self-representation would not undermine a just and orderly resolution of the appeal. Cir. Rule 4-1(d).

Here, Mr. Moreno advised his former counsel that he desired appellate representation and apparently changed his mind after other prisoners told him not to trust attorneys. *Compare* COA Dkt. # 2-1 with COA Dkt. # 8-9, 11. Mr Moreno's submission does not approximate a knowing, intelligent and unequivocal request to waive counsel's benefits. Moreover, the request raises the concern whether the inmate repudiating

the benefit of counsel also charged a fee to type the documents Mr. Moreno signed and whether that inmate plans to require Mr. Moreno's unwitting family to place additional money on the inmate's books in exchange for his "assistance" drafting a brief. *See* Counsel's Declaration, para 4-5.

Because of Mr. Moreno's move, counsel has been unable to arrange even an initial communication with her client. Further, under these circumstances, counsel believes that meaningful consultation regarding appellate representation must occur in person.

Accordingly, counsel plans to seek authorization to visit Mr. Moreno so that she can advise him regarding her skill and expertise; the benefit of appellate representation; the types of relief available on direct appeal versus proceedings under 28 USC § 2255; and the dangers of self-representation. Counsel can then either move to allow Mr. Moreno to proceed pro se or continue with representation, as the circumstances warrant.

DATED this 5th day of July, 2019.

/s/ Robyn Fyffe
ROBYN FYFFE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 5, 2019, I filed the foregoing document electronically through the CM/ECF system, which caused the following parties to be served by electronic means:

Bryce Bland Ellsworth, Special Assistant U.S. Attorney
Office of the United States Attorney
bryce.ellsworth@usdoj.gov

David Gregory Robins, Assistant United States Attorney
Office of the United States Attorney
david.robins@usdoj.gov,

/s/ Robyn Fyffe
ROBYN FYFFE