No. 19-30063

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

United States of America
*Plaintiff-Appellee*

*v.*

Johny Emmanuel Moreno
*Defendant-Appellant*

---

On Appeal from the United States District Court
for the District of Idaho
No. 18-CR-00097-S-BLW
Hon. B. Lynn Winmill, presiding

---

**APPELLANT'S EXCERPTS OF RECORD**
**Volume 2**

---

Robyn Fyffe, ISB #7063
FYFFE LAW, LLC
800 W Main St, Ste 1460
Boise, Idaho 83702
Telephone: (208) 338-5231
Facsimile: (208) 917-4596
robyn@fyffelaw.com

Attorney for the Defendant-Appellant

TABLE OF CONTENTS

Notice of Appeal, Filed on April 5, 2019 (#165, CR-18–0097–S-BLW) ............................7

Judgment in a Criminal Case Filed March 22, 2019 (#163, CR-18-0097-BLW) ...............9

Transcript, Sentencing Hearing Held on March 20, 2019, before B. Lynn Winmill (CR-18-0097-BLW)............................................................................................................16

Sentencing Minutes for proceeding help March 20, 2019, before B. Lynn Winmill (#161, CR-18-0097-BLW)............................................................................................................60

Transcript, Change of Plea Hearing Held on November 14, 2018, before Ronald E. Bush, Magistrate Judge (CR-18-0097-BLW)………………………………………………………..62

Indictment Filed March 20, 2018 ( #13, CR-18-0097-BLW)...........................................96

Criminal Docket for Case 1:18-CR-00097-BLW ..........................................................100

Courtney M. Peterson, ISB# 8002
PETERSON LAWYERS
671 E. Riverpark Lane, Suite 210
Boise, ID 83706
Telephone: (208) 342-4633
Facsimile: (208) 336-2059
courtney@petersonlawyers.com
e-file@petersonlawyers.com

Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHNY EMMANUEL MORENO,<br><br>Defendant. | Case No. CR-18-0097-S-BLW<br><br>**NOTICE OF APPEAL** |

Notice is hereby given that Defendant, in the above-named case, hereby appeals to the United States Court of Appeals for the Ninth Circuit from the Judgment entered in this action on the 22nd day of March 2019.

Dated this 5th day of April 2019.

//s//
Courtney M. Peterson
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 5th day of April 2019, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by email:

Bryce B. Ellsworth bryce.ellsworth@usdoj.gov

//s//
Courtney M. Peterson

AO 245B (Rev. 03/18) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of Idaho

UNITED STATES OF AMERICA
v.
JOHNY E MORENO

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 0976 1:18CR00097-001

USM Number: 19459-023

Courtney Peterson
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count(s) Count One of the Indictment

☐ pleaded nolo contendere to count(s) ____
which was accepted by the court.

☐ was found guilty on count(s) ____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21§846841(a)(1) | Conspiracy to Distribute Methamphetamine and Heroin | 03/15/2018 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ____

☒ Count(s) Count Two of the Indictment ☒ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 20, 2019
Date of Imposition of Judgment

Signature of Judge

B. Lynn Winmill, United States District Judge
Name and Title of Judge

March 22, 2019
Date

DEFENDANT: Johny E Moreno
CASE NUMBER: 0976 1:18CR00097-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 292 months

☒ The court makes the following recommendations to the Bureau of Prisons:

The defendant will be credited with all time served in federal custody and will be placed in a facility in FCI Lompoc, California.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ______________ ☐ a.m. ☐ p.m. on ______________________ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on ______________________________________ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on ________________________ to ________________________

at ________________________, with a certified copy of this judgment.

________________________
UNITED STATES MARSHAL

________________________
By: DEPUTY UNITED STATES MARSHAL

DEFENDANT: Johny E Moreno
CASE NUMBER: 0976 1:18CR00097-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : 5 years

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on supervision and to a maximum of 5 periodic drug tests a month thereafter for the term of supervision as directed by the probation officer. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.
   ☐ The above drug testing condition is suspended, based on the courts determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
4. ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
5. ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*
6. ☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*
7. ☐ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(Check, if applicable.)*
8. ☒ You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. ☐ If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10. ☒ You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: Johny E Moreno
CASE NUMBER: 0976 1:18CR00097-001

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

Upon a finding of a violation of supervision or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

A U.S. probation officer has instructed me on the conditions specified by the Court. I fully understand the conditions and have been provided with a written copy of this judgment containing these conditions.

Defendant's Signature ______________________ Date ______________________

U.S. Probation Officer/Witness ______________________ Date ______________________

DEFENDANT: Johny E Moreno
CASE NUMBER: 0976 1:18CR00097-001

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall pay any special assessment or other financial obligation that is imposed by this judgment in accordance with the Schedule of Payments as ordered by the Court.

The defendant shall comply with the rules and regulations of Immigration and Customs Enforcement, and if deported from this country, either voluntarily or involuntarily, shall not reenter the United States without permission from the Secretary of the Department of Homeland Security. Within 72 hours of release from any custody or reentry to the United States during the term of Court ordered supervision, the defendant shall report in person to the probation office in the district to which the defendant is released.

Special Conditions of supervised release shall supersede any standard condition that is inconsistent with the special conditions.

DEFENDANT: Johny E Moreno
CASE NUMBER: 0976 1:18CR00097-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution | JVTA Assessment* |
|---|---|---|---|---|
| **TOTALS** | **$100** | **Waived** | **Not Applicable** | **Not applicable** |

☐ The determination of restitution is deferred until __________ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **TOTALS** | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement $ __________

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/16) Judgment in a Criminal Case
Sheet 6- Schedule of Payments



DEFENDANT: Johny E Moreno
CASE NUMBER: 0976 1:18CR00097-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ ______________ due immediately, balance due

☐ not later than ______________________ , or
☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, ☒ F below); or

**C** ☐ Payment in equal ___________ *(e.g., weekly, monthly, quarterly)* installments of $ ___________ over a period __________ *(e.g., months or years)*, to commence _________ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal ___________ *(e.g., weekly, monthly, quarterly)* installments of $ ___________ over a period __________ *(e.g., months or years)*, to commence _________ *(e.g., 30 or 60 days)* after release from imprisonment to term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within __________ *(e.g., 30 or 60 days)* after release imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

While in custody, the defendant shall submit nominal payments of not less than $25 per quarter pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

The defendant shall pay the special assessment in full, within 180 days after being released on supervised release. The defendant shall pay any special assessment or financial obligation owing to the Clerk of the Court, 550 W Fort Street, Boise, ID 83724.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment (8) penalties, and (9) costs, including cost of prosecution and court costs.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF IDAHO**

UNITED STATES OF AMERICA, Plaintiff,

vs.

JOHNY E. MORENO, Defendant.

CASE NO. 1:18-cr-00097-BLW

**TRANSCRIPT OF PROCEEDINGS**
**BEFORE THE HONORABLE B. LYNN WINMILL**
**WEDNESDAY, MARCH 20, 2019; 1:41 P.M.**
**BOISE, IDAHO**

**FOR THE UNITED STATES OF AMERICA**
Christopher Booker
US ATTORNEY'S OFFICE
Washington Group Plaza IV
800 Park Blvd., Ste. 600
Boise, ID 83712-9903

**FOR DEFENDANT**
Courtney M. Peterson
PETERSON LAWYERS
671 E. Riverpark Lane, Ste. 210
Boise, ID 83706

Proceedings recorded by mechanical stenography, transcript produced by computer.

**TAMARA I. HOHENLEITNER, CSR 619, CRR**
FEDERAL OFFICIAL COURT REPORTER
550 WEST FORT STREET, BOISE, IDAHO 83724

I N D E X

MARCH 20, 2019


| Proceedings | Page |
|---|---|
| Recommendations by the Government................ | 5 |
| Recommendations by the Defense.................. | 13 |
| Statement by the Defendant...................... | 19 |
| Court's comments and Sentencing................. | 22 |

P R O C E E D I N G S

March 20, 2019

THE CLERK: The court will now hear Criminal Case 18-97, United States of America vs. Johny E. Moreno, for sentencing.

THE COURT: Good afternoon, Counsel.

I apologize for being late. No excuse. We were just visiting in the hallway, and I just frankly lost track of time.

Let me just begin by indicating that Mr. Moreno entered a plea of guilty to Count 1 of the indictment. The court ordered a presentence investigation report, which has been provided to court and to counsel.

The plea agreement contained an agreement to dismiss Count 2 pursuant to Rule 11(c)(1)(A).

I assume, Mr. Booker, you would be willing to make that motion at this time?

MR. BOOKER: Yes, Your Honor.

THE COURT: All right. I'll grant that motion, finding that the defendant's plea of guilty to Count 1 adequately reflects the seriousness of his crime.

Mr. Moreno, have you had an opportunity to review the presentence report with the assistance of an investigator -- I meant of an interpreter. Excuse me.

THE DEFENDANT: Yes.

THE COURT: And, Ms. Peterson, you have gone over the

report with your client, using an interpreter?

MS. PETERSON: I have, Your Honor.

And I will note for the record, as well, that Mr. Moreno is fluent in English, as well, and reads both in Spanish and English. So he has had an opportunity to read the most recent addendum or the final PSI. He did read that. We did not go through that with the interpreter, but he did read that.

THE COURT: From your experience, he is fluent in English?

MS. PETERSON: Yes.

THE COURT: All right. Very good.

There were objections to the presentence report. I'll hear the arguments.

Do either of you intend to call witnesses or present any evidence?

MR. BOOKER: No, Your Honor.

THE COURT: Ms. Peterson?

MS. PETERSON: No. Argument only.

THE COURT: All right. Very good, then.

Let me go ahead and hear the arguments of counsel. I would ask you to go ahead and wrap up -- wrap into your argument both your argument concerning objections and also your recommendation as to an appropriate sentence in this case.

Mr. Booker.

MR. BOOKER: Thank you, Your Honor.

Your Honor, I'll first start with the government's recommendations and a basic recitation of the facts and then address the objections by defense counsel.

The government is recommending today that the court impose a 292-month sentence in custody, five years of supervised release, the $100 special assessment, and a final order of forfeiture.

Your Honor, the government has filed a 5K motion, and we would ask that the court order that as part of your sentence today and that the defendant be given a three-level reduction per that 5K.

The defendant was involved in a conspiracy to distribute methamphetamine and heroin. He was a leader of this organization. And he worked with a man named Jesus Alcala-Reyes, who also goes by the nickname Culiche. Mr. Culiche traffics drugs out of Mexico, and he actually lives in Mexico.

Mr. Moreno coordinated the movement of large loads of methamphetamine and heroin between Southern California, Las Vegas, Nevada, and here in the Treasure Valley, Boise.

He would have the drugs picked up in California by himself or others, and then he would transport these drugs to Boise, where they would be distributed to local dealers.

At one point during the conspiracy, load cars carrying 10 to 13 pounds of methamphetamine were being driven to Boise on a

weekly basis.

To run the operation, Mr. Moreno recruited and supervised his family members, including his mother-in-law, Candelaria Sanchez, father-in-law, Raymundo Hernandez, and his brother-in-law Uilese Tolai, and his own brother, Luis Moreno, as well.

The defendant also worked with Joshua Durr and Fausto Mascorro to coordinate deliveries to them. And they were the local distributors here in Idaho who Mr. Moreno would coordinate with Alcala, or Culiche, to bring the loads up and then provide them to Mr. Durr and Mascorro, who would then distribute them here in our community.

At the time when he would bring these loads or have his family members do that, they would then pick up 30- to $50,000 at a time that would then be funneled back to Culiche in Mexico.

To get the cash to Mexico, he often paid others to do wire transfers for himself and the Oregon --

THE COURT: Just so we're clear, Mr. Booker, my concern is that you could -- it would not be terribly difficult to have virtually any drug case perceived by the court to be part of the interstate -- excuse me -- international or importation from Mexico of meth, because I think the conventional wisdom is that that's where it all comes from.

Now -- and that as a result, everyone knows that. And therefore, if you're selling meth, you're part of that.

Now, my understanding is that what makes the distinction here is that he was in direct communications, as you picked up from wiretap communications or wiretapped communications with Mr. Alcala. I think he had a nickname of "Cachina" or something like that.

MR. BOOKER: Culiche, yes, Your Honor.

THE COURT: And that there either was direct communications to talk about the drugs and the distribution of the drugs, and that this individual was actually in Sinaloa, Mexico, and never came to the United States; and that, as you have just referenced, there was also, the defendant was directly involved in having the money sent directly back to Mexico.

MR. BOOKER: That's correct.

THE COURT: So that's what sets this case apart; is that fair?

MR. BOOKER: That is absolutely what the government believes, Your Honor.

THE COURT: All right. That's what I wanted to -- okay. Just so I understand. I'm kind of, I guess, helping you summarize, but I want you to understand where my question and concern is.

All right. Go ahead.

MR. BOOKER: And I think the court is correct; it is conventional wisdom that methamphetamine right now is very pure. It's coming from Mexico. There is not the local manufacturing

done that we saw in times past.

But the defendant's involvement is different for the reasons that the court stated. Local individuals here would call Culiche. In fact, in this case, the undercover officer called Culiche directly from Boise instead of these -- in one case or in several cases, large quantities to be shipped.

And Culiche then spoke with Johny E. Moreno in Las Vegas, who made it happen. And he would do that by going to California or Arizona himself and then providing it to -- either bringing it all the way up here to Idaho, at that point to be handed off to Mascorro and others or having, in this case, also his family members do that for him.

So, Your Honor, based upon that, the government would certainly argue that he is a leader of this organization because he had several individuals essentially working for him doing the wire transfers but also doing the deliveries.

In addition to that, he was -- he was part of that interstate transaction, the importation of these controlled substances, because of his involvement in the pickup, the delivery, and the coordination via the phone calls and sending the money back to Mexico as payment for these drugs.

Now, during the conspiracy, the defendant would deliver, as I mentioned, directly to Boise, Idaho, himself. However, in January of 2018, after dropping off a load of methamphetamine in Boise, the defendant and his father-in-law were stopped by the

Idaho State Police during a random traffic enforcement stop. And this was a surprise to investigators at the time and certainly wasn't something that was intended.

But during that traffic stop, troopers ultimately discovered and seized a large amount of cash from the defendant's vehicle, including the money that an undercover had just paid the defendant for a pound of methamphetamine. And an additional $23,800 were found in the vehicle.

This was money that the defendant had collected from other individuals that they had just dropped off meth to, and was intended to be wired back to Mexico or some of it paid to him but wired back to Culiche in Mexico.

After this stop, Johny Moreno was not seen in Idaho again. Instead, at this point, he started sending his family or other individuals to do the Idaho drops.

So at that point, his mother-in-law, Candelaria Sanchez, his brother-in-law, Uilese Tolai, began to deliver the loads on a weekly basis until the load car was stopped March 15, 2018.

And prior to the load car being stopped, the defendant had been seen traveling with Sanchez through Nevada and then stopping in Jackpot, Nevada, and then sent Sanchez on into Idaho to complete the delivery.

I think he knew he was under surveillance or believed he was, and he was very fearful of coming back into the state of Idaho at that point.

Officers then, on that March 15 day, they arrested Candelaria Sanchez when she arrived at Josh Durr's home in Boise and seized 13 pounds of meth hidden in a compartment inside the car.

In Josh Durr's home, officers found over $40,000 stacked on a coffee table, ready to go back to the defendant. And next to the currency was two firearms.

And, Your Honor, I'll go ahead and address one of the objections by defense counsel regarding the firearms in this case.

The standard is a reasonable foreseeable standard here. In this case, we have the defendant involved in a conspiracy with Joshua Durr, Fausto Mascorro and, as I have addressed, the larger conspiracy coming from the drug-trafficking leader in Mexico. But this was -- all involved large quantities of methamphetamine with large quantities of cash in payment for those.

The communication was direct. His involvement would be reasonably foreseeable that this involvement and the actions of this drug-trafficking organization would involve firearms.

In fact, as I mentioned, when the arrest was done at Durr's residence, the two firearms were right next to that cash. It's known that drug traffickers often -- especially those involving large amounts of drugs and currency will often carry guns with them to protect against being robbed or to rob other individuals

or to threaten or intimidate other individuals.

And for someone like Mr. Moreno, who is coordinating all these activities, it is absolutely reasonably foreseeable that guns would be involved, as we see that they were.

Also, when Mascorro was arrested, he was found in possession of multiple firearms, including several handguns and an AR-15.

During the course of the investigation, there was also evidence that Moreno himself was in possession of a firearm.

And I would just bring the court's attention to our -- the government's response to the defendant's objections. Page 3 of that, we provided the actual line sheet regarding a phone conversation that was intercepted between the defendant and Culiche in Mexico.

And in that conversation, he is talking about how he had gotten really scared because some things had fell and the phone rang at the same time, so he grabbed his gun and ran.

I think this here shows that he was -- he was worried that he was under surveillance. He was worried that he was potentially going to be threatened by either law enforcement or other individuals, so he had a gun in his possession.

As it says, the phone rang at the same time, so he grabbed his gun, and he ran. So, obviously, he was in possession of a firearm as well.

Now, after -- when looking, Your Honor, at the sentencing

factors, the court must consider -- it's clear that the defendant is a threat not only to society in general but to his own family and friends. His organization was moving drugs from Mexico throughout the Western United States. The defendant and others possessed firearms during that conspiracy. He recruited people to work in that organization. The family members he recruited to deliver methamphetamine to Idaho have all been charged and either sentenced or are awaiting sentencing.

THE COURT: Do you know -- I know, courtesy of Ms. Bracke, that Candelaria Sanchez, the mother-in-law, received an 84-month sentence from Judge Lodge.

Mr. Durr, Mr. Mascorro, and Munoz, do you know off the top of your head what the status is of their cases? Have they been sentenced? If so, what was the sentence imposed?

MR. BOOKER: Your Honor, I can't speak to Candelaria. But I do know that Munoz, about six weeks ago, went to a jury trial. He was convicted, and he is awaiting sentencing. And I can't provide the court right now with the date of that. But I know that he was convicted in that jury trial.

THE COURT: In front of Judge Lodge?

MR. BOOKER: Yes.

THE COURT: And Durr?

MR. BOOKER: I apologize. I don't have that with me.

THE COURT: That's fine. But those are all in front of Judge Lodge; is that correct?

MR. BOOKER: I believe so.

THE COURT: All right. Go ahead.

MR. BOOKER: Your Honor, just to wrap it up, the defendant was willing to distribute these large quantities of methamphetamine in this community to make quick money.

A guideline sentence is appropriate in this case. The government argued that the guideline -- the guidelines level is appropriate as laid out in the presentence report -- and would ask that the court find that that is the case and would order the defendant to a sentence of 292 months in custody.

Thank you.

THE COURT: All right. Thank you.

Ms. Peterson.

MS. PETERSON: Thank you, Your Honor.

THE COURT: All right. Go ahead.

MS. PETERSON: Thank you, Your Honor. If it pleases the court, I think I'll just start off with my argument about the objections and talk a little bit about that first.

As far as the enhancement for the possession of the firearm, I understand the government's position that Mr. Moreno should be aware or it should be reasonably foreseeable that one of his co-conspirators would use a gun. Normally, I would understand that if there was any sort of evidence that Mr. Moreno had actual knowledge or saw a gun used, ever heard about a gun being used by co-conspirator, any other evidence of

drug -- of guns being used by a coconspirator. However, in this case, it just simply isn't the case.

Mr. Moreno denies actually ever possessing a gun. What he tells me is that when he was speaking to Culiche about the gun, he -- it was more of a form of puffery, sort of to -- you know, just to lie about -- essentially about how tough he was and what he was doing.

There is -- however, there is no -- no corroborating evidence as far as the -- as far as him ever possessing a gun. You have no eyewitness evidence, no one to -- no one who told the -- any of the officers or agents that Johny ever possessed a gun. No photographic surveillance evidence. They certainly had plenty of that. No other mention of guns aside from this telephone call.

He denies ever actually going to Mr. Durr's house. When he would bring -- originally when he would meet with Mr. Durr, they met generally at various hotel rooms off of the interstate, usually just to -- just to transfer or to facilitate the transfer of the -- excuse me -- of the drugs, but never actually went over to his house.

So I think that -- I just -- I just find the argument troubling. If you don't have -- if you never have had any other dealings other than just a transfer of drugs and there is a denial that he has ever seen Mr. Durr, ever possessed a gun, the same with the other co-conspirator in Nampa, Mascorro, I don't

think that it's reasonable to assume that everyone in this business is going to be possessing a firearm.

So I would ask, Judge, that you not grant that enhancement. I simply don't think that there is enough evidence that would support the proposition that he should know or reasonably should have known.

As far as the importation, I guess I'll just stand on my objection that I made originally on that -- on that objection. I agree with the court that you could find yourself very quickly arguing that almost every single case is a direct importation case.

As far as the role in the offense, Your Honor, Mr. Moreno was acting on the instruction of others what he was instructing various co-conspirators on where to go, where to deliver drugs, where to pick things up, where to pick up money. Most of the instructions came from others who were higher up from him, and he was facilitating those instructions directly.

After Mr. Moreno was found -- was caught speeding and they took the large quantity of money in January of 2018, Mr. Moreno was threatened by the associates directly in Las Vegas that he assumes came from the people in Mexico. And what they told him was that either he would get them their money back, or they would kill his family and his two kids.

And so that is when you see that his wife -- I'm sorry -- his mother-in-law started to get involved as well as

the father-in-law and the brother-in-law.

His brother was involved prior to that, but he was told that he had to start earning and pay back the money, or his two sons would be killed. And so that's what he did.

That's my main objection with his role in the offense, is that he wasn't so much a manager or leader or supervisor, but what -- but that he was acting mainly out of fear for his life and fear for his children's lives.

Prior to that incident, prior to losing the money and getting the money seized by the Idaho State Police, he -- he generally -- it was him and his brother working at the direction of several others.

They were taking direction from others as to where to go, where to drop things off. And he fully admits his -- that all of that -- all of his involvement during that time was by his own volition, and he -- he knew exactly what he was doing.

After he lost the money, he was terrified. And he found himself in a position where he didn't really know how to say no. He didn't know how to do anything other than to recruit a couple other people to help him make the money back so that he could pay them back for the lost funds and then eventually get out.

So that is my objection as far as the role in the offense charge.

Your Honor, when I first met with Mr. Moreno, one of the first things that he told me was that he had so much remorse for

what he had done to his children. He recognized that his actions throughout this drug conspiracy would cause him to miss out on significant time with his kids, and that was his biggest regret in all of this.

I mention that, Your Honor, because of his age and because of his family lifestyle, which you read a little bit about in the PSR.

Mr. Moreno did not grow up with much of a father figure. He found himself pretty much alone here in the United States pretty early on. And his goal has always been to be a father to his two kids. Admittedly, he went about this the entirely wrong way, and he will tell you all about that. All of the things that he has done now have made sure that he will not get the opportunity to be a father to his kids. I think that's the most tragic part about this whole thing.

Mr. Moreno has absolutely no prior -- has no prior convictions, is young, has two young children that he loves very much and wants to eventually be able to see again. He recognizes that he is not likely to do that for many, many, many years. He will likely be deported at the end of all of this.

He was -- he was a DACA kid and screwed all of that up. And it's -- it's discouraging and disheartening to see such a young man who has always been a real family man and who had such -- had placed such an emphasis on -- on raising his two sons, find himself in this position.

What he will tell you is that even though originally he got into this sort of just to make a little extra money, it soon became overwhelming, and he found himself pretty deeply entrenched in a conspiracy that he didn't know how to get out of.

What originally started as an opportunity to make some additional money quickly became the devastation of his family life. It became the end of his relationship with his wife, became the end of his relationship with his brother, with his parents, with his in-laws; and ultimately, he fears that it will be the end of his relationship with his sons. He has to live with that, Your Honor.

And I can tell you, after meeting with Mr. Moreno for so many months and so many times, that he lives with that each and every single day. And this isn't -- his actions or his desire to help his children are in no way an excuse for his behavior. He recognizes that he -- he has done the complete opposite of what we would ever hope that a father would do, and he has let his family down considerably.

Your Honor, I am going to ask that you vary from the guidelines based on Mr. Moreno's age, his lack of criminal history, and the overall nature by which he finds himself in this conspiracy.

His younger brother Luis, who was sentenced by Judge Lodge, who was also a co-conspirator, was sentenced to six months and

then probation. His mother-in-law, as you noted, received a seven-year sentence. I'm not sure about the others. I believe that Mr. Durr is scheduled for an entry of plea.

Mr. Moreno has been willing to accept responsibility and willing to cooperate, and he fully cooperated with the government and has been and is still willing to testify against Mr. Durr should he go to trial.

I ask that you take notice of that, as well, Your Honor, vary from the guidelines, give him an opportunity to right the wrongs that he has made, give him an opportunity to eventually see his children again.

They are going to be in their teens if not in their 20s. It's heartbreaking, but it is -- it is where he finds himself, and he asks for mercy and asks for a variance and just another opportunity.

Thank you.

THE COURT: Is there a specific recommendation for --

MS. PETERSON: Your Honor, I -- I don't. My only real recommendation is to get him underneath the recommended 292 months.

THE COURT: All right. Okay. Thank you.

Mr. Moreno, anything you want to say in your own behalf?

THE DEFENDANT: Yes.

Today I'm here to take responsibility for the things I've done. I know that what I was doing was not right. I did it

because I wanted to give my kids what I never had. And I know I did it the wrong way instead of working as God demands.

Just it hurts so bad to be away from my kids this whole year that I have been away from them. But this has helped me to reflect upon things, think in my mind, and to think about the things that I've done. And I think that all of this happened for a reason, so that I could appreciate the love of my kids and the love of my wife and realize that being with your family is much better than having money.

And now I'm fully regretful for all of this because I always wanted to have a family. I always wanted to be able to walk my kids to school. And when I talk to my son, the oldest, he asks me when am I coming back home. And I tell him tomorrow, and he asks me why.

I only ask for another chance, another opportunity in my life so that I can be with my children again. If I lose their love, I have nothing left. I have no reason to ever get out again. I just ask for another opportunity in my life. It's all I ask.

The only thing I want is to be with them so that I can show them the love I never had and to be the dad that I always wanted to be. But I made the mistakes. I made the wrong decisions, and now I'm found here. And I'm here to pay for the bad decisions I took.

It hurts, but I know that everything happens for a reason.

The only thing I ask is that you would help me to be able to be with my kids while they are still young. And please forgive me for the offense I committed toward the State of Idaho. It just hurts very bad not being able to be with my kids when they need me the most.

That is all.

THE COURT: All right. Thank you.

There was one issue, Ms. Martinez, that I'm not sure I grasped. My understanding is Mr. Moreno was born in -- is it Honduras, I believe, or --

THE PROBATION OFFICER: I believe it was Guatemala.

THE COURT: Guatemala?

THE PROBATION OFFICER: Born in Guatemala City.

THE COURT: Guatemala. And his parents came here. He was left with his grandparents -- or grandmother, perhaps -- they eventually came to the U.S. subsequently when he was about 10; is that right?

THE PROBATION OFFICER: That is correct, Your Honor.

THE COURT: Was he ever granted or received legal status, or was he here illegally the entire time, or do you know?

THE PROBATION OFFICER: I'm not sure, Your Honor. I don't think we discussed that.

THE COURT: All right. It's not important. I just like to have a whole picture, and I didn't quite understand that

completely. But, in any event, it's clear, though, that he came as a child, not as an adult, to the United States?

THE PROBATION OFFICER: That is correct, Your Honor.

THE COURT: All right. Thank you.

All right. Well, let me begin. I have to address a number of items here before I actually get around to sentencing, Mr. Moreno. Let me first take up the issue of the objections.

First, the objection to possession of a firearm. The argument on behalf of the defense is that the two-level enhancement should not apply because there is no direct evidence that he had any firearms actually on his possession.

The evidence of firearm possession was the reference during a telephone call which he made or at least suggested that he had just dropped a gun. It's argued here that that was just posturing on his part, perhaps trying to impress the other person on the phone. But, you know, I'm not sure that's -- I guess I'm not very persuaded by that argument.

But far more important is the fact that essentially all of the individuals to whom he was distributing these large quantities of methamphetamine did have numerous guns in their possession and in close proximity to the drugs that were -- and money that was seized at the time of their arrest.

So, to me, it was clearly -- it was not only reasonably foreseeable; it was almost a certainty that an individual who is receiving these large, multi-pound quantities of methamphetamine

would be possessing firearms. That is such a clear connection that we see time and time and time again, and that I would have been shocked if anyone was possessing that large quantity of drugs and/or money involved in drug trafficking who didn't protect both through the possession of firearms.

And so I think it is absolutely foreseeable that Mr. Moreno's co-conspirators would have possessed firearms; so, therefore, I'm going to overrule that objection.

The question of the importation of a controlled substance and the two-level enhancement under 2D1.1(b)(16), I still have a concern that I articulated earlier that, given our more recent history -- you know, I have been around long enough to remember when all the methamphetamine was homegrown, 10 percent purity, cooked in somebody's backyard or in their garage or a mobile home somewhere.

Today that's just not the case. We see virtually pure methamphetamine, and it's all coming from labs presumably in Mexico or elsewhere, but it's coming across the southern border.

However -- so the question is: What sets this case apart? And I think what does set this case apart is what I alluded to in my discussion with Mr. Booker, that we have telephone communications, recorded telephone conversations from the defendant with Culiche or Mr. -- well, I'll just refer to him by his nickname, Culiche, who, as I understand it, was still in Sinaloa, Mexico, discussing drugs and picking up drugs, and

drugs were being sold. It is quite clear that there is direct communications between the source of the drugs in Mexico and the defendant.

In addition, we have the defendant orchestrating the wiring of money and funds back to the source so that it's essentially a direct involvement in the importation of the methamphetamine. So I'll overrule that objection as well.

With regard to the role in the offense, there really is no question that there were more than five participants. In my view, there is really no question but that Mr. Moreno was an organizer or leader or, rather, was a -- yeah, was an organizer or leader of the conspiracy.

The suggestion that he was subject to a threat that if he didn't start selling more drugs, that his family would be hurt and that this became then the motivation for his recruiting four family members to assist him in delivering more drugs in Idaho and Nevada, you know, I'm not sure that's a very plausible to start with. And certainly there is no direct evidence of that other than what's being argued here today.

Moreover, I'm not sure it makes much of a difference. If you get involved in drug trafficking, you're always at risk of threats from those from whom you are buying drugs. And I don't think that justifies in any way the involvement of other family members in making drug deliveries.

And indeed, from my review of the presentence report, it

appeared to me that his involvement with these other individuals was because he was afraid not necessarily of being harmed by those who were supplying drugs to him, but of being apprehended because he felt that he was being tracked or at least the narcotics officers in Idaho were on to him. So he was essentially taking a back seat and letting someone else do kind of the dirty work, go back and making the deliveries and putting them at risk rather than himself at risk.

So the bottom line is I think I really have no choice but to overrule that objection. I think Ms. Martinez got it exactly right with regard to all three. And for that reason, I will adopt the presentence report as my own findings in this matter and overrule any objections to the presentence report.

I may have neglected to ask -- if I did, Mr. Booker, would you move for the third level for acceptance of responsibility?

MR. BOOKER: Yes, Your Honor.

THE COURT: I'll grant that motion, but it's already taken into account.

I'll also grant the government's motion for a three-level downward departure based upon the defendant providing substantial assistance in their investigation of criminal activities.

That reduces the offense level I think to a 40; and with a criminal history category of 1, this yields a guideline range of 292 to 365 months.

I'm now going to address, Mr. Moreno, how the sentencing statute, 18 U.S. Code Section 3553(a), bears upon your case.

The first factor for the court to consider is the nature of the offense. And here I will just note that you were involved in a very substantial multi-defendant drug conspiracy beginning in 2017 or at least as early as that in which the DEA received information regarding large-scale drug-trafficking activities in Nevada and Idaho.

Mr. Alcala-Reyes -- or Jesus Alcala or Culiche -- was perceived to be the main leader; it was, therefore, called the Alcala drug-trafficking organization.

What is clear, though, is that someone working directly for Mr. Culiche was the defendant. Almost all of Culiche's associates were in Boise and Las Vegas, including the defendant. And the federal agents conducted a number of undercover controlled purchases of methamphetamine and heroin from the organization, many of which Mr. Moreno was directly involved in arranging the sale and transport of drugs.

He was the main distributor for the Boise, Idaho, area and was distributing methamphetamine and heroin from Las Vegas to Idaho as part of this larger drug conspiracy. He recruited more than five individuals, including close family members, his brother, his father-in-law, his mother-in-law, and other individuals.

It's clear that he was involved in communicating directly

with Mexico in terms of receiving these large quantities of drugs. He was making these large multi-pound deliveries from September 2017 through March 2018.

He was also responsible for distributing -- or, rather, returning the funds and proceeds from the drug transactions to the trafficking organization.

He was held responsible for 433.4 grams of heroin, 6,385 grams of actual methamphetamine, and 17,235 grams of a mixture of methamphetamine.

Turning to his history and characteristics, what I found notable is the fact that the defendant is 24 years old, the father of two, born and raised in Guatemala. However, he was raised by grandparents and only came to the United States at age 10.

He has lived in Las Vegas since a child; has no ties to Idaho; has three siblings, one of whom he involved in his crime. He is in good physical health, no mental or emotional health issues. He admitted to a drug addiction primarily involving cocaine, and that he suggested that it was that drug addiction that drove him to commit this offense.

Finally, the court is to impose a sentence sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide for just punishment, adequate deterrence, protection of the public, and any needed educational or vocational training, medical care, or

other correctional treatment.

As I look at that, there is a number of factors that are very troubling. First, of course, is the huge quantity of drugs that were involved here. It's also clear that Mr. Moreno was -- he was not the kingpin of the overall drug-trafficking organization; it was clearly Mr. Alcala or Culiche. But it is also clear that he created his own subconspiracy in Idaho which was very substantial in its own right and that he was importing very large quantities of drugs into this area.

I inquired about the defendant's immigration status. I will tell you that I find it troubling and, indeed, aggravating when an individual is illegally in the United States and then chooses not to simply work, take advantage of economic opportunity but, rather, engages in the distribution of methamphetamine, which is so destructive to our society.

In essence, it is an abuse of the privilege of being here, even if his presence was illegal. So I think that, frankly, is an aggravating factor.

I'm mindful that Mr. Moreno has young children, that he desperately wants to be free to see them grow up. But, sadly, that should have been something that crossed his mind before he became involved in drug trafficking. It is simply too late now to be concerned about that and is not something that I think can or should weigh very heavily on the court's mind in determining what sentence to impose.

So, after considering all of those factors and focusing primarily I think on protecting society, focusing on deterrence not only to Mr. Moreno but others who might be tempted to engage in such drug trafficking and, frankly, to impose a sentence that is just -- I noted that his mother-in-law, who was simply sort of a large-scale mule, drug mule, transported drugs, received a sentence of 84 months. I think that certainly suggests that a much longer prison sentence should be imposed for Mr. Moreno, where he was the one who recruited the family members, where he was the one that had the direct connection to Mexico, he was the one who imported and arranged for the importation of these large quantities of methamphetamine.

So if the defendant will please stand, I'll pronounce sentence.

The defendant, Johny Emmanuel Moreno, having pled guilty to Count 1 of the indictment and the court being satisfied that you are guilty as charged, I hereby order and adjudge as follows:

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the court that he be committed to the custody of the Bureau of Prisons for a term of 292 months.

It is further ordered that he pay to the United States a special assessment of $100, which will be due immediately.

I do want to check one item.

I will not impose a fine, finding that the defendant lacks the ability to pay a fine. While he may be eligible to

participate or to acquire some funds through the Inmate Financial Responsibility Program, he also has two children that I think I would prefer to see that money go in some nominal way to provide support for them. So I will find the defendant does not have the ability to pay a fine.

I will impose a term of 5 years supervised release to commence upon his release from imprisonment.

During the term of supervised release, you will comply with all terms of supervised release as stated in the sentencing recommendation filed as Docket No. 140 in the court file and as will be outlined in the judgment in this case to be filed later in this proceeding.

Ms. Peterson, did you have an opportunity to go over the conditions of supervised release with Mr. Moreno?

MS. PETERSON: Your Honor, we have spoken about them generally but not in specific detail today.

THE COURT: All right. Let me -- I'll recite those, then, just so the defendant is fully advised as to what those conditions are.

The conditions of supervised release would include the following:

First, that he comply with all rules and regulations -- well, first, let me indicate that within 72 hours of his release from the custody of the Bureau of Prisons, he will report in person to the probation office in the district to which he is

released.

He will comply with all rules and regulations of Immigration and Customs Enforcement. And if deported from this country, either voluntarily or involuntarily, he will not reenter the United States without permission of the Secretary of the Department of Homeland Security.

He will -- within 72 hours of his release from any custody or reentry to the United States during the term of court-ordered supervision, he will report in person to the probation office closest to the point of his reentry.

Just so that's clear, so long as you remain outside the United States during the period of supervised release, you will not be actively supervised. But if you reenter the United States legally or illegally, you must, within 72 hours, contact the closest U.S. Probation Office and submit to supervision.

There are also mandatory conditions of supervised release which would include, I think, prohibiting you from committing any other federal, state, or local laws -- or local crimes.

I'm going to not impose any -- Ms. Martinez, you might be able to help me. I think there are mandatory conditions that would include the defendant being tested for drug use unless that's waived. And with his admission to cocaine usage, I'm assuming that would not be waived. Or is that a -- maybe that's not a mandatory condition.

THE PROBATION OFFICER: In this situation --

THE COURT: I know that it's not going to actually happen unless he is being supervised.

THE PROBATION OFFICER: Right. It would be up to the court, leave it up to the discretion of the court.

THE COURT: Counsel, I'm going to review this. And if there are mandatory conditions in addition, those will be imposed in writing. But I know one is you can't commit any further crimes, and I want to review the other mandatory conditions to make sure that's covered as well.

MS. PETERSON: Thank you, Your Honor.

THE COURT: If nothing else is added in the final judgment, then the conditions will be just as I have stated them and nothing more.

Ms. Peterson, is that agreeable?

MS. PETERSON: Yes. Thank you, Your Honor.

THE COURT: Would you make sure that you review them with your client once the final judgment is entered?

MS. PETERSON: I will. Thank you.

THE COURT: I neglected to impose a payment schedule. So I would indicate that the special assessment of $100 will be due immediately, but I will require that the defendant, through the Inmate Financial Responsibility Program, pay -- I think it's $25 per quarter. And if it is not paid in full within that time frame, then during the period of supervised release, he will

submit the full balance within 180 days after being released on supervised release.

All right. Do you understand, Mr. Moreno, or do you have any questions about the conditions of supervised release?

THE DEFENDANT: No.

THE COURT: Do you understand that if you violate the terms of supervised release, you will be brought back before the court, and a further sentence of incarceration will be imposed? Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Typically, a defendant has the right to appeal their conviction or sentence. But you did sign a plea agreement which includes a waiver of those rights. Such waivers are generally enforceable, but you may argue to the contrary.

Because you may wish to file an appeal to challenge the waiver of your appeal rights or to appeal an issue not waived by your plea agreement, I will advise you of your appeal rights despite that waiver.

To pursue an appeal, you must file a notice of appeal within 14 days after judgment is entered in your case. If unable to pay the cost of an appeal, you may apply for leave to appeal in forma pauperis. If you so request and qualify, the clerk of the court will arrange for legal representation and will prepare and file a notice of appeal on your behalf.

I don't -- I'm not certain that there has been a

preliminary order of forfeiture.

Ms. Bracke?

THE CLERK: No, Your Honor.

THE COURT: Mr. Booker, is the government not pursuing forfeiture?

MR. BOOKER: We had not filed one with the court. I believe we would not.

THE COURT: Ms. Bracke?

THE CLERK: Your Honor, I believe it was administratively handled.

THE COURT: All right. However, regardless, it's not before the court, so I'm not going to take any action on that.

MR. BOOKER: Thank you.

THE COURT: I will recommend to the Bureau of Prisons that the defendant be given credit for all time in federal custody.

You may have mentioned this, Ms. Peterson, but is there a recommendation as to a place of confinement?

MS. PETERSON: Yes. Lompoc, please.

THE COURT: Lompoc. I'll recommend that the defendant be housed at the Lompoc facility in California.

Ms. Martinez, Mr. Coit, Ms. Bracke, did I overlook anything?

THE CLERK: No, Your Honor.

LAW CLERK: No, Your Honor.

THE PROBATION OFFICER: No, Your Honor.

THE COURT: Anything else, Counsel?

MR. BOOKER: No, Your Honor. Thank you.

MS. PETERSON: No. Thank you, sir.

THE COURT: All right. Mr. Moreno, I wish I could have found something -- just a moment.

Ms. Martinez, is there something that you wanted --

THE PROBATION OFFICER: Your Honor, I was going to ask about the forfeiture, but you have already answered that. Thank you.

THE COURT: I think we have covered that. Thank you.

THE PROBATION OFFICER: Thank you.

THE COURT: Mr. Moreno, I don't take any pleasure or comfort in imposing sentences like this, particularly a young man with young children. But, you know, if your involvement had been anything other than what it was, if you had been importing something less than these massive quantities of drugs, it would have been far easier for me, because then I could have considered maybe some type of a substantial downward variance.

But I think to impose anything less than what I did simply would be minimizing the seriousness of the crime committed. Literally, thousands of people were using the drugs that you imported. Their lives are being destroyed because of the poison you were bringing into the community.

So while I certainly don't wish you any ill will -- I, in

fact, wish you the very best of luck in coping with this difficult time -- I hope you realize and understand that this is a consequence of your decision, not, frankly, the decision of the court. But I do wish you and your family the best of luck as you cope with the challenges in the upcoming years.

We will be in recess.

(Proceedings concluded at 2:35 p.m.)

CERTIFICATE OF OFFICIAL REPORTER

I, Tamara Hohenleitner, Federal Official Realtime Court Reporter, in and for the United States District Court for the District of Idaho, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 14th day of May, 2019.

/S/ TAMARA I. HOHENLEITNER

TAMARA I. HOHENLEITNER, CSR NO. 619, CRR
FEDERAL OFFICIAL COURT REPORTER

## $

**$100** [3] - 5:6, 29:22, 32:21
**$23,800** [1] - 9:8
**$25** [1] - 32:24
**$40,000** [1] - 10:5
**$50,000** [1] - 6:14

## 1

**1** [4] - 3:10, 3:19, 25:24, 29:16
**10** [4] - 5:24, 21:17, 23:13, 27:14
**11(c)(1)(A)** [1] - 3:14
**13** [2] - 5:25, 10:3
**14** [1] - 33:20
**140** [1] - 30:10
**15** [2] - 9:18, 10:1
**17,235** [1] - 27:8
**18** [1] - 26:2
**18-97** [1] - 3:4
**180** [1] - 33:1
**1984** [1] - 29:18

## 2

**2** [1] - 3:14
**20** [1] - 3:2
**2017** [2] - 26:6, 27:3
**2018** [4] - 8:24, 9:18, 15:19, 27:3
**2019** [1] - 3:2
**20s** [1] - 19:12
**24** [1] - 27:11
**292** [4] - 13:10, 19:19, 25:25, 29:20
**292-month** [1] - 5:5
**2:35** [1] - 36:7
**2D1.1(b)(16** [1] - 23:10

## 3

**3** [1] - 11:11
**30** [1] - 6:14
**3553(a** [1] - 26:2
**365** [1] - 25:25

## 4

**40** [1] - 25:23
**433.4** [1] - 27:7

## 5

**5** [1] - 30:6
**5K** [2] - 5:8, 5:11

## 6

**6,385** [1] - 27:7

## 7

**72** [3] - 30:23, 31:7, 31:14

## 8

**84** [1] - 29:7
**84-month** [1] - 12:11

## A

**ability** [2] - 29:25, 30:5
**able** [5] - 17:18, 20:11, 21:1, 21:4, 31:21
**absolutely** [4] - 7:16, 11:3, 17:16, 23:6
**abuse** [1] - 28:16
**accept** [1] - 19:4
**acceptance** [1] - 25:15
**account** [1] - 25:18
**acquire** [1] - 30:1
**Act** [1] - 29:18
**acting** [2] - 15:13, 16:7
**action** [1] - 34:12
**actions** [3] - 10:19, 17:2, 18:15
**actively** [1] - 31:13
**activities** [3] - 11:3, 25:22, 26:7
**actual** [3] - 11:12, 13:24, 27:8
**added** [1] - 32:12
**addendum** [1] - 4:6
**addiction** [2] - 27:18, 27:19
**addition** [3] - 8:17, 24:4, 32:7
**additional** [2] - 9:8, 18:7
**address** [4] - 5:3, 10:8, 22:5, 26:1
**addressed** [1] - 10:13
**adequate** [1] - 27:24
**adequately** [1] - 3:20
**adjudge** [1] - 29:17
**administratively** [1] - 34:10
**admission** [1] - 31:23
**admits** [1] - 16:14
**admitted** [1] - 27:18
**admittedly** [1] - 17:11
**adopt** [1] - 25:12
**adult** [1] - 22:2
**advantage** [1] - 28:13
**advise** [1] - 33:17
**advised** [1] - 30:18
**afraid** [1] - 25:2
**afternoon** [1] - 3:6
**age** [3] - 17:5, 18:21, 27:13
**agents** [2] - 14:11, 26:15
**aggravating** [2] - 28:11, 28:18
**ago** [1] - 12:16
**agree** [1] - 15:9
**agreeable** [1] - 32:15
**agreement** [4] - 3:13, 33:13, 33:17
**ahead** [6] - 4:20, 4:21, 7:22, 10:8, 13:2, 13:15
**Alcala** [7] - 5:15, 6:10, 7:4, 26:9, 26:11, 28:6
**Alcala-Reyes** [2] - 5:15, 26:9
**alluded** [1] - 23:20
**almost** [3] - 15:10, 22:24, 26:13
**alone** [1] - 17:9
**America** [1] - 3:4
**amount** [1] - 9:5
**amounts** [1] - 10:24
**answered** [1] - 35:9
**apart** [3] - 7:14, 23:19, 23:20
**apologize** [2] - 3:7, 12:23
**appeal** [10] - 33:12, 33:15, 33:16, 33:17, 33:19, 33:21, 33:22, 33:24
**appeared** [1] - 25:1
**apply** [2] - 22:10, 33:21
**appreciate** [1] - 20:7
**apprehended** [1] - 25:3
**appropriate** [3] - 4:23, 13:6, 13:8
**AR-15** [1] - 11:7
**area** [2] - 26:19, 28:9
**argue** [2] - 8:14, 33:14
**argued** [3] - 13:7, 22:14, 24:19
**arguing** [1] - 15:10
**argument** [7] - 4:18, 4:21, 4:22, 13:17, 14:21, 22:9, 22:17
**arguments** [2] - 4:13, 4:20
**Arizona** [1] - 8:9
**arrange** [1] - 33:23
**arranged** [1] - 29:11
**arranging** [1] - 26:18
**arrest** [2] - 10:21, 22:22
**arrested** [2] - 10:1, 11:5
**arrived** [1] - 10:2
**articulated** [1] - 23:11
**aside** [1] - 14:13
**assessment** [3] - 5:6, 29:22, 32:21
**assist** [1] - 24:16
**assistance** [2] - 3:22, 25:21
**associates** [2] - 15:20, 26:14
**assume** [2] - 3:15, 15:1
**assumes** [1] - 15:21
**assuming** [1] - 31:24
**attention** [1] - 11:10
**awaiting** [2] - 12:8, 12:17
**aware** [1] - 13:21

## B

**backyard** [1] - 23:14
**bad** [3] - 20:3, 20:23, 21:4
**balance** [1] - 33:1
**based** [3] - 8:13, 18:21, 25:20
**basic** [1] - 5:2
**basis** [2] - 6:1, 9:18
**bears** [1] - 26:2
**became** [6] - 18:3, 18:7, 18:8, 18:9, 24:15, 28:22
**began** [1] - 9:17
**begin** [2] - 3:9, 22:5
**beginning** [1] - 26:5
**behalf** [3] - 19:22, 22:9, 33:24
**behavior** [1] - 18:16
**believes** [1] - 7:17
**best** [2] - 36:1, 36:4
**better** [1] - 20:9
**between** [3] - 5:19, 11:13, 24:2
**biggest** [1] - 17:3
**bit** [2] - 13:18, 17:6
**Boise** [9] - 5:20, 5:22, 5:25, 8:5, 8:23, 8:25, 10:2, 26:14, 26:19
**Booker** [6] - 3:15, 4:24, 6:18, 23:21, 25:14, 34:4
**BOOKER** [16] - 3:17, 4:16, 4:25, 7:6, 7:13, 7:16, 7:23, 12:15, 12:21, 12:23, 13:1, 13:3, 25:16, 34:6, 34:13, 35:3
**border** [1] - 23:18
**born** [3] - 21:9, 21:13, 27:12
**bottom** [1] - 25:9
**Bracke** [4] - 12:10, 34:2, 34:8, 34:22
**bring** [4] - 6:10, 6:13, 11:10, 14:16
**bringing** [2] - 8:9, 35:24
**brother** [9] - 6:5, 9:17, 16:1, 16:2, 16:11, 18:9, 18:24, 26:23
**brother-in-law** [3] - 6:5, 9:17, 16:1
**brought** [1] - 33:7
**Bureau** [3] - 29:20, 30:24, 34:14
**business** [1] - 15:2
**buying** [1] - 24:22

## C

**Cachina** [1] - 7:4
**California** [4] - 5:19, 5:21, 8:8, 34:21
**Candelaria** [5] - 6:3, 9:16, 10:2, 12:10, 12:15
**car** [3] - 9:18, 9:19, 10:4
**care** [1] - 27:25
**carry** [1] - 10:24
**carrying** [1] - 5:24
**cars** [1] - 5:24
**case** [20] - 4:23, 6:20, 7:14, 8:4, 8:6, 8:11, 10:10, 10:12, 13:6, 13:9, 14:2, 15:10, 15:11, 23:16, 23:19, 23:20, 26:2, 30:11, 33:20
**Case** [1] - 3:3
**cases** [2] - 8:6, 12:13
**cash** [4] - 6:16, 9:5,

10:16, 10:22
**category** [1] - 25:24
**caught** [1] - 15:18
**certain** [1] - 33:25
**certainly** [6] - 8:14, 9:3, 14:12, 24:18, 29:7, 35:25
**certainty** [1] - 22:24
**challenge** [1] - 33:15
**challenges** [1] - 36:5
**chance** [1] - 20:15
**characteristics** [1] - 27:10
**charge** [1] - 16:23
**charged** [2] - 12:8, 29:17
**check** [1] - 29:23
**child** [2] - 22:2, 27:15
**children** [8] - 17:1, 17:17, 18:16, 19:11, 20:16, 28:19, 30:2, 35:15
**children's** [1] - 16:8
**choice** [1] - 25:9
**chooses** [1] - 28:13
**City** [1] - 21:13
**clear** [10] - 6:18, 12:1, 22:1, 23:1, 24:1, 26:12, 26:25, 28:4, 28:7, 31:11
**clearly** [2] - 22:23, 28:6
**CLERK** [5] - 3:3, 34:3, 34:9, 34:24, 34:25
**clerk** [1] - 33:23
**client** [2] - 4:1, 32:18
**close** [2] - 22:21, 26:22
**closest** [2] - 31:10, 31:15
**co** [6] - 13:22, 13:25, 14:25, 15:14, 18:25, 23:7
**co-conspirator** [3] - 13:25, 14:25, 18:25
**co-conspirators** [3] - 13:22, 15:14, 23:7
**cocaine** [2] - 27:19, 31:23
**coconspirator** [1] - 14:1
**Code** [1] - 26:2
**coffee** [1] - 10:6
**Coit** [1] - 34:22
**collected** [1] - 9:9
**comfort** [1] - 35:14
**coming** [6] - 7:25, 9:24, 10:14, 20:13, 23:17, 23:18
**commence** [1] - 30:7
**commit** [2] - 27:20, 32:8
**committed** [3] - 21:3, 29:19, 35:21
**committing** [1] - 31:18
**communicating** [1] - 26:25
**communication** [1] - 10:18
**communications** [6] - 7:2, 7:3, 7:8, 23:22, 24:2
**community** [3] - 6:12, 13:5, 35:24
**compartment** [1] - 10:3
**complete** [2] - 9:22, 18:17
**completely** [1] - 22:1
**comply** [3] - 30:8, 30:22, 31:2
**concern** [3] - 6:19, 7:21, 23:11
**concerned** [1] - 28:23
**concerning** [1] - 4:22
**concluded** [1] - 36:7
**condition** [1] - 31:25
**conditions** [9] - 30:14, 30:19, 30:20, 31:17, 31:21, 32:7, 32:10, 32:13, 33:4
**conducted** [1] - 26:15
**confinement** [1] - 34:18
**connection** [2] - 23:1, 29:10
**consequence** [1] - 36:3
**consider** [2] - 12:1, 26:3
**considerably** [1] - 18:19
**considered** [1] - 35:19
**considering** [1] - 29:1
**conspiracy** [12] - 5:12, 5:24, 8:22, 10:12, 10:14, 12:5, 17:2, 18:4, 18:23, 24:12, 26:5, 26:21
**conspirator** [3] - 13:25, 14:25, 18:25
**conspirators** [3] - 13:22, 15:14, 23:7
**contact** [1] - 31:15
**contained** [1] - 3:13
**contrary** [1] - 33:14
**controlled** [3] - 8:18, 23:9, 26:16
**conventional** [2] - 6:23, 7:24
**conversation** [2] - 11:13, 11:15
**conversations** [1] - 23:22
**convicted** [2] - 12:17, 12:19
**conviction** [1] - 33:12
**convictions** [1] - 17:17
**cooked** [1] - 23:14
**cooperate** [1] - 19:5
**cooperated** [1] - 19:5
**coordinate** [2] - 6:8, 6:9
**coordinated** [1] - 5:18
**coordinating** [1] - 11:2
**coordination** [1] - 8:20
**cope** [1] - 36:5
**coping** [1] - 36:1
**correct** [5] - 7:13, 7:23, 12:25, 21:18, 22:3
**correctional** [1] - 28:1
**corroborating** [1] - 14:8
**cost** [1] - 33:21
**Counsel** [2] - 3:6, 35:2
**counsel** [5] - 3:12, 4:20, 5:3, 10:9, 32:6
**Count** [4] - 3:10, 3:14, 3:19, 29:16
**country** [1] - 31:4
**couple** [1] - 16:19
**course** [2] - 11:8, 28:3
**court** [26] - 3:3, 3:10, 3:12, 5:4, 5:9, 6:20, 7:23, 8:3, 12:1, 12:18, 13:9, 13:17, 15:9, 26:3, 27:21, 29:16, 29:19, 30:10, 31:8, 32:5, 33:8, 33:23, 34:6, 34:12, 36:4
**court's** [2] - 11:10, 28:24
**court-ordered** [1] - 31:8
**courtesy** [1] - 12:9
**covered** [2] - 32:10, 35:11
**created** [1] - 28:7
**credit** [1] - 34:15
**crime** [3] - 3:20, 27:16, 35:21
**crimes** [2] - 31:19, 32:9
**criminal** [3] - 18:21, 25:21, 25:24
**Criminal** [1] - 3:3
**crossed** [1] - 28:21
**Culiche** [16] - 5:15, 5:16, 6:10, 6:15, 7:6, 8:4, 8:5, 8:7, 9:12, 11:14, 14:4, 23:23, 23:24, 26:9, 26:13, 28:6
**Culiche's** [1] - 26:13
**currency** [2] - 10:7, 10:24
**custody** [6] - 5:5, 13:10, 29:19, 30:24, 31:7, 34:16
**Customs** [1] - 31:3

## D

**DACA** [1] - 17:21
**dad** [1] - 20:21
**date** [1] - 12:18
**days** [2] - 33:1, 33:20
**DEA** [1] - 26:6
**dealers** [1] - 5:23
**dealings** [1] - 14:23
**decision** [2] - 36:3
**decisions** [2] - 20:22, 20:24
**deeply** [1] - 18:3
**DEFENDANT** [4] - 3:24, 19:23, 33:5, 33:10
**defendant** [34] - 5:10, 5:12, 6:7, 7:11, 8:22, 8:25, 9:7, 9:9, 9:19, 10:6, 10:12, 11:13, 12:2, 12:4, 13:4, 13:10, 23:23, 24:3, 24:4, 25:20, 26:5, 26:13, 26:14, 27:11, 29:13, 29:15, 29:24, 30:4, 30:18, 31:22, 32:22, 33:11, 34:15, 34:20
**defendant's** [5] - 3:19, 8:2, 9:6, 11:11, 28:10
**defense** [3] - 5:3, 10:9, 22:9
**deliver** [4] - 8:22, 9:17, 12:7, 15:14
**deliveries** [5] - 6:8, 8:16, 24:24, 25:7, 27:2
**delivering** [1] - 24:16
**delivery** [2] - 8:20, 9:22
**demands** [1] - 20:2
**denial** [1] - 14:24
**denies** [2] - 14:3, 14:15
**Department** [1] - 31:6
**departure** [1] - 25:20
**deported** [2] - 17:20, 31:3
**desire** [1] - 18:15
**desperately** [1] - 28:20
**despite** [1] - 33:18
**destroyed** [1] - 35:23
**destructive** [1] - 28:15
**detail** [1] - 30:16
**determining** [1] - 28:24
**deterrence** [2] - 27:24, 29:2
**devastation** [1] - 18:7
**difference** [1] - 24:20
**different** [1] - 8:2
**difficult** [2] - 6:19, 36:2
**direct** [9] - 7:2, 7:7, 10:18, 15:10, 22:10, 24:1, 24:6, 24:18, 29:10
**direction** [2] - 16:11, 16:13
**directly** [9] - 7:11, 7:12, 8:5, 8:23, 15:17, 15:20, 26:12, 26:17, 26:25
**dirty** [1] - 25:7
**discouraging** [1] - 17:22
**discovered** [1] - 9:5
**discretion** [1] - 32:5
**discussed** [1] - 21:23
**discussing** [1] - 23:25
**discussion** [1] - 23:21
**disheartening** [1] - 17:22

**dismiss** [1] - 3:13
**distinction** [1] - 7:1
**distribute** [3] - 5:12, 6:11, 13:4
**distributed** [1] - 5:23
**distributing** [3] - 22:19, 26:20, 27:4
**distribution** [2] - 7:8, 28:14
**distributor** [1] - 26:19
**distributors** [1] - 6:9
**district** [1] - 30:25
**Docket** [1] - 30:10
**done** [7] - 8:1, 10:21, 17:1, 17:13, 18:17, 19:25, 20:6
**down** [1] - 18:19
**downward** [2] - 25:20, 35:19
**driven** [1] - 5:25
**drop** [1] - 16:14
**dropped** [2] - 9:10, 22:14
**dropping** [1] - 8:24
**drops** [1] - 9:15
**drove** [1] - 27:20
**drug** [21] - 6:20, 10:14, 10:20, 10:23, 14:1, 17:2, 23:4, 24:21, 24:24, 26:5, 26:7, 26:11, 26:21, 27:5, 27:18, 27:19, 28:5, 28:22, 29:4, 29:6, 31:22
**drug-trafficking** [5] - 10:14, 10:20, 26:7, 26:11, 28:5
**drugs** [28] - 5:16, 5:21, 5:22, 7:8, 7:9, 8:21, 10:24, 12:3, 14:19, 14:23, 15:14, 22:21, 23:4, 23:25, 24:1, 24:2, 24:14, 24:16, 24:22, 25:3, 26:18, 27:2, 28:3, 28:9, 29:6, 35:17, 35:22
**due** [2] - 29:22, 32:22
**during** [12] - 5:24, 8:22, 9:1, 9:4, 11:8, 12:5, 16:15, 22:12, 30:8, 31:8, 31:12, 32:25
**Durr** [9] - 6:7, 6:11, 10:13, 12:12, 12:22, 14:16, 14:24, 19:3, 19:7
**Durr's** [4] - 10:2, 10:5, 10:21, 14:15

## E

**early** [2] - 17:10, 26:6
**earning** [1] - 16:3
**easier** [1] - 35:18
**economic** [1] - 28:13
**educational** [1] - 27:25
**either** [7] - 4:14, 7:7, 8:9, 11:20, 12:8, 15:22, 31:4
**eligible** [1] - 29:25
**elsewhere** [1] - 23:18
**Emmanuel** [1] - 29:15
**emotional** [1] - 27:17
**emphasis** [1] - 17:24
**end** [4] - 17:20, 18:8, 18:9, 18:11
**enforceable** [1] - 33:14
**enforcement** [2] - 9:1, 11:20
**Enforcement** [1] - 31:3
**engage** [1] - 29:3
**engages** [1] - 28:14
**English** [3] - 4:4, 4:5, 4:9
**enhancement** [4] - 13:19, 15:3, 22:10, 23:10
**entered** [3] - 3:9, 32:18, 33:20
**entire** [1] - 21:20
**entirely** [1] - 17:11
**entrenched** [1] - 18:4
**entry** [1] - 19:3
**especially** [1] - 10:23
**essence** [1] - 28:16
**essentially** [5] - 8:15, 14:6, 22:18, 24:5, 25:6
**event** [1] - 22:1
**eventually** [4] - 16:21, 17:18, 19:10, 21:16
**evidence** [11] - 4:15, 11:9, 13:23, 13:25, 14:9, 14:10, 14:12, 15:4, 22:10, 22:12, 24:18
**exactly** [2] - 16:16, 25:10
**excuse** [5] - 3:7, 3:23, 6:21, 14:19, 18:16
**experience** [1] - 4:8
**extra** [1] - 18:2
**eyewitness** [1] - 14:10

## F

**facilitate** [1] - 14:18
**facilitating** [1] - 15:17
**facility** [1] - 34:21
**fact** [5] - 8:4, 10:21, 22:18, 27:11, 36:1
**factor** [2] - 26:3, 28:18
**factors** [3] - 12:1, 28:2, 29:1
**facts** [1] - 5:2
**fair** [1] - 7:15
**family** [19] - 6:3, 6:14, 8:11, 9:14, 12:3, 12:6, 15:23, 17:6, 17:23, 18:7, 18:19, 20:8, 20:11, 24:14, 24:16, 24:23, 26:22, 29:9, 36:4
**far** [8] - 13:19, 14:9, 15:7, 15:12, 16:22, 22:18, 35:18
**father** [9] - 6:4, 8:25, 16:1, 17:8, 17:10, 17:14, 18:18, 26:23, 27:12
**father-in-law** [4] - 6:4, 8:25, 16:1, 26:23
**Fausto** [2] - 6:7, 10:13
**fear** [2] - 16:7, 16:8
**fearful** [1] - 9:24
**fears** [1] - 18:10
**federal** [3] - 26:15, 31:19, 34:15
**fell** [1] - 11:16
**felt** [1] - 25:4
**figure** [1] - 17:8
**file** [4] - 30:10, 33:15, 33:19, 33:24
**filed** [4] - 5:8, 30:10, 30:11, 34:6
**final** [4] - 4:6, 5:6, 32:12, 32:18
**finally** [1] - 27:21
**Financial** [2] - 30:2, 32:23
**findings** [1] - 25:12
**fine** [4] - 12:24, 29:24, 29:25, 30:5
**firearm** [6] - 11:9, 11:24, 13:20, 15:2, 22:8, 22:12
**firearms** [10] - 10:7, 10:9, 10:20, 10:22, 11:6, 12:5, 22:11, 23:1, 23:5, 23:7
**first** [10] - 5:1, 13:18, 16:24, 16:25, 22:7, 22:8, 26:3, 28:3, 30:22, 30:23
**five** [3] - 5:5, 24:9, 26:22
**fluent** [2] - 4:4, 4:8
**focusing** [2] - 29:1, 29:2
**following** [1] - 30:21
**follows** [1] - 29:17
**foreseeable** [6] - 10:11, 10:19, 11:3, 13:21, 22:24, 23:6
**forfeiture** [4] - 5:7, 34:1, 34:5, 35:9
**forgive** [1] - 21:2
**form** [1] - 14:5
**forma** [1] - 33:22
**four** [1] - 24:15
**frame** [1] - 32:25
**frankly** [4] - 3:8, 28:17, 29:4, 36:3
**free** [1] - 28:20
**friends** [1] - 12:3
**front** [2] - 12:20, 12:24
**full** [2] - 32:24, 33:1
**fully** [4] - 16:14, 19:5, 20:10, 30:18
**funds** [4] - 16:21, 24:5, 27:5, 30:1
**funneled** [1] - 6:15

## G

**garage** [1] - 23:14
**general** [1] - 12:2
**generally** [4] - 14:17, 16:11, 30:16, 33:14
**given** [3] - 5:10, 23:11, 34:15
**goal** [1] - 17:10
**God** [1] - 20:2
**government** [7] - 5:4, 5:8, 7:16, 8:13, 13:7, 19:6, 34:4
**government's** [4] - 5:1, 11:11, 13:20, 25:19
**grabbed** [2] - 11:17, 11:22
**grams** [3] - 27:7, 27:8
**grandmother** [1] - 21:15
**grandparents** [2] - 21:15, 27:13
**grant** [4] - 3:18, 15:3, 25:17, 25:19
**granted** [1] - 21:19
**grasped** [1] - 21:9
**greater** [1] - 27:22
**grow** [2] - 17:8, 28:20
**Guatemala** [5] - 21:11, 21:12, 21:13, 21:14, 27:12
**guess** [3] - 7:19, 15:7, 22:17
**guideline** [3] - 13:6, 13:7, 25:24
**guidelines** [3] - 13:7, 18:21, 19:9
**guilty** [4] - 3:10, 3:19, 29:15, 29:17
**gun** [12] - 11:17, 11:21, 11:23, 13:22, 13:24, 13:25, 14:3, 14:4, 14:9, 14:12, 14:24, 22:14
**guns** [5] - 10:24, 11:4, 14:1, 14:13, 22:20

## H

**hallway** [1] - 3:8
**handed** [1] - 8:10
**handguns** [1] - 11:6
**handled** [1] - 34:10
**harmed** [1] - 25:2
**head** [1] - 12:13
**health** [2] - 27:17
**hear** [3] - 3:3, 4:12, 4:20
**heard** [1] - 13:24
**heartbreaking** [1] - 19:13
**heavily** [1] - 28:24
**held** [1] - 27:7
**help** [4] - 16:20, 18:16, 21:1, 31:21
**helped** [1] - 20:4
**helping** [1] - 7:20
**hereby** [1] - 29:17
**Hernandez** [1] - 6:4
**heroin** [5] - 5:13, 5:19, 26:16, 26:20, 27:7
**hidden** [1] - 10:3
**higher** [1] - 15:16
**himself** [12] - 5:21, 6:17, 8:9, 8:23, 11:9, 16:18, 17:9, 17:25,

18:3, 18:22, 19:13, 25:8
**history** [4] - 18:22, 23:12, 25:24, 27:10
**home** [4] - 10:2, 10:5, 20:13, 23:15
**homegrown** [1] - 23:13
**Homeland** [1] - 31:6
**Honduras** [1] - 21:10
**hope** [2] - 18:18, 36:2
**hotel** [1] - 14:17
**hours** [3] - 30:23, 31:7, 31:14
**house** [2] - 14:15, 14:20
**housed** [1] - 34:21
**huge** [1] - 28:3
**hurt** [1] - 24:14
**hurts** [3] - 20:3, 20:25, 21:4

## I

**Idaho** [18] - 6:9, 8:10, 8:23, 9:1, 9:13, 9:15, 9:21, 9:25, 12:7, 16:10, 21:3, 24:16, 25:5, 26:8, 26:19, 26:21, 27:16, 28:7
**ill** [1] - 35:25
**illegal** [1] - 28:17
**illegally** [3] - 21:20, 28:12, 31:14
**immediately** [2] - 29:22, 32:22
**Immigration** [1] - 31:3
**immigration** [1] - 28:10
**important** [2] - 21:24, 22:18
**importation** [7] - 6:22, 8:18, 15:7, 15:10, 23:9, 24:6, 29:11
**imported** [2] - 29:11, 35:23
**importing** [2] - 28:8, 35:16
**impose** [9] - 5:4, 27:21, 28:25, 29:4, 29:24, 30:6, 31:20, 32:20, 35:20
**imposed** [4] - 12:14, 29:8, 32:8, 33:8
**imposing** [1] - 35:14
**impress** [1] - 22:15
**imprisonment** [1] - 30:7
**in-laws** [1] - 18:10
**incarceration** [1] - 33:8
**incident** [1] - 16:9
**include** [3] - 30:20, 31:18, 31:22
**includes** [1] - 33:13
**including** [5] - 6:3, 9:6, 11:6, 26:14, 26:22
**indeed** [2] - 24:25, 28:11
**indicate** [2] - 30:23, 32:21
**indicating** [1] - 3:9
**indictment** [2] - 3:10, 29:16
**individual** [3] - 7:9, 22:24, 28:12
**individuals** [11] - 8:3, 8:15, 9:10, 9:15, 10:25, 11:1, 11:21, 22:19, 25:1, 26:22, 26:24
**information** [1] - 26:7
**Inmate** [2] - 30:1, 32:23
**inquired** [1] - 28:10
**inside** [1] - 10:3
**instead** [3] - 8:5, 9:14, 20:2
**instructing** [1] - 15:13
**instruction** [1] - 15:13
**instructions** [2] - 15:16, 15:17
**intend** [1] - 4:14
**intended** [2] - 9:3, 9:11
**intercepted** [1] - 11:13
**international** [1] - 6:21
**interpreter** [3] - 3:23, 4:1, 4:7
**interstate** [3] - 6:21, 8:18, 14:17
**intimidate** [1] - 11:1
**investigation** [3] - 3:11, 11:8, 25:21
**investigator** [1] - 3:22
**investigators** [1] - 9:2
**involuntarily** [1] - 31:4
**involve** [1] - 10:20
**involved** [15] - 5:12, 7:12, 10:12, 10:15, 11:4, 15:25, 16:2, 23:4, 24:21, 26:4, 26:17, 26:25, 27:16, 28:4, 28:22
**involvement** [9] - 8:2, 8:19, 10:18, 10:19, 16:15, 24:6, 24:23, 25:1, 35:15
**involving** [2] - 10:23, 27:18
**issue** [3] - 21:8, 22:7, 33:16
**issues** [1] - 27:18
**item** [1] - 29:23
**items** [1] - 22:6

## J

**Jackpot** [1] - 9:21
**January** [2] - 8:24, 15:19
**Jesus** [2] - 5:14, 26:9
**Johny** [5] - 3:4, 8:7, 9:13, 14:11, 29:15
**Josh** [2] - 10:2, 10:5
**Joshua** [2] - 6:7, 10:13
**Judge** [5] - 12:11, 12:20, 12:25, 15:3, 18:24
**judgment** [5] - 29:19, 30:11, 32:13, 32:18, 33:20
**jury** [2] - 12:16, 12:19
**justifies** [1] - 24:23

## K

**kid** [1] - 17:21
**kids** [10] - 15:23, 17:3, 17:11, 17:14, 20:1, 20:3, 20:7, 20:12, 21:2, 21:4
**kill** [1] - 15:23
**killed** [1] - 16:4
**kind** [2] - 7:19, 25:6
**kingpin** [1] - 28:5
**knowledge** [1] - 13:24
**known** [2] - 10:23, 15:6
**knows** [1] - 6:24

## L

**labs** [1] - 23:17
**lack** [1] - 18:21
**lacks** [1] - 29:24
**laid** [1] - 13:8
**large** [17] - 5:18, 8:6, 9:5, 10:15, 10:16, 10:24, 13:4, 15:19, 22:19, 22:25, 23:3, 26:7, 27:1, 27:2, 28:9, 29:6, 29:11
**large-scale** [2] - 26:7, 29:6
**larger** [2] - 10:14, 26:21
**Las** [6] - 5:20, 8:7, 15:20, 26:14, 26:20, 27:15
**late** [2] - 3:7, 28:22
**LAW** [1] - 34:25
**law** [16] - 6:3, 6:4, 6:5, 8:25, 9:16, 9:17, 11:20, 12:10, 15:25, 16:1, 19:1, 26:23, 27:23, 29:5
**laws** [2] - 18:10, 31:19
**leader** [7] - 5:13, 8:14, 10:14, 16:6, 24:11, 24:12, 26:10
**least** [3] - 22:13, 25:4, 26:6
**leave** [2] - 32:5, 33:21
**left** [2] - 20:17, 21:15
**legal** [2] - 21:19, 33:23
**legally** [1] - 31:14
**less** [2] - 35:17, 35:20
**letting** [1] - 25:6
**level** [7] - 5:10, 13:7, 22:9, 23:10, 25:15, 25:19, 25:23
**lie** [1] - 14:6
**life** [4] - 16:7, 18:8, 20:16, 20:18
**lifestyle** [1] - 17:6
**likely** [2] - 17:19, 17:20
**line** [2] - 11:12, 25:9
**literally** [1] - 35:22
**live** [1] - 18:11
**lived** [1] - 27:15
**lives** [4] - 5:16, 16:8, 18:14, 35:23
**load** [4] - 5:24, 8:24, 9:18, 9:19
**loads** [4] - 5:18, 6:10, 6:13, 9:17
**local** [6] - 5:23, 6:9, 7:25, 8:3, 31:19
**Lodge** [4] - 12:11, 12:20, 12:25, 18:24
**Lompoc** [3] - 34:19, 34:20, 34:21
**look** [1] - 28:2
**looking** [1] - 11:25
**lose** [1] - 20:16
**losing** [1] - 16:9
**lost** [3] - 3:8, 16:17, 16:21
**love** [4] - 20:7, 20:8, 20:17, 20:21
**loves** [1] - 17:17
**luck** [2] - 36:1, 36:4
**Luis** [2] - 6:5, 18:24

## M

**main** [3] - 16:5, 26:10, 26:19
**man** [4] - 5:14, 17:23, 35:15
**manager** [1] - 16:6
**mandatory** [5] - 31:17, 31:21, 31:25, 32:7, 32:9
**manufacturing** [1] - 7:25
**March** [4] - 3:2, 9:18, 10:1, 27:3
**Martinez** [5] - 21:8, 25:10, 31:20, 34:22, 35:7
**Mascorro** [7] - 6:8, 6:11, 8:11, 10:13, 11:5, 12:12, 14:25
**massive** [1] - 35:17
**matter** [1] - 25:12
**meant** [1] - 3:23
**medical** [1] - 27:25
**meet** [1] - 14:16
**meeting** [1] - 18:13
**members** [8] - 6:3, 6:14, 8:12, 12:6, 24:16, 24:24, 26:22, 29:9
**mental** [1] - 27:17
**mention** [2] - 14:13, 17:5
**mentioned** [3] - 8:23, 10:21, 34:17
**mercy** [1] - 19:14
**met** [2] - 14:17, 16:24
**meth** [4] - 6:22, 6:25, 9:10, 10:3
**methamphetamine** [20] - 5:13, 5:19, 5:25, 7:24, 8:24, 9:7, 10:16, 12:7, 13:5, 22:20, 22:25, 23:13, 23:17,

24:6, 26:16, 26:20, 27:8, 27:9, 28:15, 29:12
**Mexico** [20] - 5:16, 5:17, 6:15, 6:16, 6:22, 7:10, 7:12, 7:25, 8:21, 9:11, 9:12, 10:15, 11:14, 12:4, 15:21, 23:18, 23:25, 24:2, 27:1, 29:10
**might** [2] - 29:3, 31:20
**mind** [3] - 20:5, 28:21, 28:24
**mindful** [1] - 28:19
**minimizing** [1] - 35:21
**miss** [1] - 17:2
**mistakes** [1] - 20:22
**mixture** [1] - 27:8
**mobile** [1] - 23:14
**moment** [1] - 35:6
**money** [20] - 7:12, 8:21, 9:6, 9:9, 13:5, 15:15, 15:19, 15:22, 16:3, 16:9, 16:10, 16:17, 16:20, 18:2, 18:7, 20:9, 22:22, 23:4, 24:5, 30:3
**months** [7] - 13:10, 18:14, 18:25, 19:20, 25:25, 29:7, 29:20
**Moreno** [38] - 3:4, 3:9, 3:21, 4:3, 5:18, 6:2, 6:5, 6:9, 8:7, 9:13, 11:2, 11:9, 13:20, 13:24, 14:3, 15:12, 15:18, 15:19, 16:24, 17:8, 17:16, 18:13, 19:4, 19:22, 21:9, 22:7, 24:10, 26:1, 26:17, 28:4, 28:19, 29:3, 29:8, 29:15, 30:14, 33:3, 35:5, 35:13
**Moreno's** [2] - 18:21, 23:7
**moreover** [1] - 24:20
**most** [4] - 4:5, 15:15, 17:14, 21:5
**mother** [7] - 6:3, 9:16, 12:10, 15:25, 19:1, 26:23, 29:5
**mother-in-law** [7] - 6:3, 9:16, 12:10, 15:25, 19:1, 26:23, 29:5
**motion** [5] - 3:16, 3:18, 5:8, 25:17, 25:19
**motivation** [1] - 24:15
**move** [1] - 25:15
**movement** [1] - 5:18
**moving** [1] - 12:3
**MR** [16] - 3:17, 4:16, 4:25, 7:6, 7:13, 7:16, 7:23, 12:15, 12:21, 12:23, 13:1, 13:3, 25:16, 34:6, 34:13, 35:3
**MS** [12] - 4:2, 4:10, 4:18, 13:14, 13:16, 19:18, 30:15, 32:11, 32:16, 32:19, 34:19, 35:4
**mule** [2] - 29:6
**multi** [3] - 22:25, 26:5, 27:2
**multi-defendant** [1] - 26:5
**multi-pound** [2] - 22:25, 27:2
**multiple** [1] - 11:6
**Munoz** [2] - 12:12, 12:16
**must** [3] - 12:1, 31:14, 33:19

## N

**named** [1] - 5:14
**Nampa** [1] - 14:25
**narcotics** [1] - 25:5
**nature** [2] - 18:22, 26:3
**necessarily** [1] - 25:2
**necessary** [1] - 27:22
**need** [1] - 21:4
**needed** [1] - 27:25
**neglected** [2] - 25:14, 32:20
**Nevada** [5] - 5:20, 9:20, 9:21, 24:17, 26:8
**never** [5] - 7:10, 14:19, 14:22, 20:1, 20:21
**next** [2] - 10:6, 10:22
**nickname** [3] - 5:15, 7:4, 23:24
**nominal** [1] - 30:3
**normally** [1] - 13:22
**notable** [1] - 27:11
**note** [2] - 4:3, 26:4
**noted** [2] - 19:1, 29:5
**nothing** [3] - 20:17, 32:12, 32:14
**notice** [3] - 19:8, 33:19, 33:24
**number** [3] - 22:5, 26:15, 28:2
**numerous** [1] - 22:20

## O

**objection** [8] - 15:8, 16:5, 16:22, 22:8, 23:8, 24:7, 25:10
**objections** [8] - 4:12, 4:22, 5:3, 10:9, 11:11, 13:18, 22:7, 25:13
**obviously** [1] - 11:23
**offense** [9] - 15:12, 16:5, 16:22, 21:3, 24:8, 25:23, 26:4, 27:20, 27:23
**office** [2] - 30:25, 31:9
**Office** [1] - 31:15
**officer** [1] - 8:4
**OFFICER** [10] - 21:11, 21:13, 21:18, 21:22, 22:3, 32:1, 32:4, 35:1, 35:8, 35:12
**officers** [4] - 10:1, 10:5, 14:11, 25:5
**often** [3] - 6:16, 10:23, 10:24
**old** [1] - 27:11
**oldest** [1] - 20:12
**once** [1] - 32:18
**one** [15] - 5:24, 8:5, 10:8, 13:21, 14:10, 16:24, 21:8, 27:16, 29:9, 29:10, 29:11, 29:23, 32:8, 34:6
**operation** [1] - 6:2
**opportunity** [11] - 3:21, 4:5, 17:14, 18:6, 19:9, 19:10, 19:15, 20:15, 20:18, 28:14, 30:13
**opposite** [1] - 18:17
**orchestrating** [1] - 24:4
**order** [5] - 5:6, 5:9, 13:9, 29:17, 34:1
**ordered** [3] - 3:10, 29:21, 31:8
**Oregon** [1] - 6:17
**organization** [9] - 5:14, 8:14, 10:20, 12:3, 12:6, 26:11, 26:17, 27:6, 28:6
**organizer** [2] - 24:11
**originally** [4] - 14:16, 15:8, 18:1, 18:6
**outlined** [1] - 30:11
**outside** [1] - 31:11
**overall** [2] - 18:22, 28:5
**overlook** [1] - 34:22
**overrule** [4] - 23:8, 24:7, 25:10, 25:13
**overwhelming** [1] - 18:3
**own** [7] - 6:5, 12:3, 16:16, 19:22, 25:12, 28:7, 28:8

## P

**p.m** [1] - 36:7
**page** [1] - 11:11
**paid** [4] - 6:16, 9:7, 9:11, 32:24
**parents** [2] - 18:10, 21:14
**part** [7] - 5:9, 6:21, 6:25, 8:17, 17:15, 22:15, 26:21
**participants** [1] - 24:9
**participate** [1] - 30:1
**particularly** [1] - 35:14
**past** [1] - 8:1
**pauperis** [1] - 33:22
**pay** [8] - 16:3, 16:21, 20:23, 29:21, 29:25, 30:5, 32:23, 33:21
**payment** [3] - 8:21, 10:16, 32:20
**people** [4] - 12:6, 15:21, 16:20, 35:22
**per** [2] - 5:11, 32:24
**perceived** [2] - 6:20, 26:10
**percent** [1] - 23:13
**perhaps** [2] - 21:15, 22:15
**period** [2] - 31:12, 32:25
**permission** [1] - 31:5
**person** [3] - 22:16, 30:25, 31:9
**persuaded** [1] - 22:17
**Peterson** [6] - 3:25, 4:17, 13:13, 30:13, 32:15, 34:17
**PETERSON** [12] - 4:2, 4:10, 4:18, 13:14, 13:16, 19:18, 30:15, 32:11, 32:16, 32:19, 34:19, 35:4
**phone** [5] - 8:20, 11:12, 11:16, 11:22, 22:16
**photographic** [1] - 14:12
**physical** [1] - 27:17
**pick** [3] - 6:14, 15:15
**picked** [2] - 5:21, 7:2
**picking** [1] - 23:25
**pickup** [1] - 8:19
**picture** [1] - 21:25
**place** [1] - 34:18
**placed** [1] - 17:24
**plausible** [1] - 24:17
**plea** [6] - 3:10, 3:13, 3:19, 19:3, 33:12, 33:17
**pleases** [1] - 13:16
**pleasure** [1] - 35:13
**pled** [1] - 29:15
**plenty** [1] - 14:13
**point** [6] - 5:24, 8:10, 9:14, 9:16, 9:25, 31:10
**poison** [1] - 35:23
**Police** [2] - 9:1, 16:10
**position** [3] - 13:20, 16:18, 17:25
**possessed** [4] - 12:5, 14:11, 14:24, 23:7
**possessing** [5] - 14:3, 14:9, 15:2, 23:1, 23:3
**possession** [10] - 11:6, 11:9, 11:21, 11:23, 13:19, 22:8, 22:11, 22:12, 22:21, 23:5
**posturing** [1] - 22:15
**potentially** [1] - 11:20
**pound** [3] - 9:7, 22:25, 27:2
**pounds** [2] - 5:25, 10:3
**prefer** [1] - 30:3
**preliminary** [1] - 34:1
**prepare** [1] - 33:24
**presence** [1] - 28:17
**present** [1] - 4:14
**presentence** [7] - 3:11, 3:22, 4:12, 13:8, 24:25, 25:12, 25:13
**presumably** [1] - 23:17
**pretty** [3] - 17:9,

17:10, 18:3
**primarily** [2] - 27:18, 29:2
**prison** [1] - 29:8
**Prisons** [3] - 29:20, 30:24, 34:14
**privilege** [1] - 28:16
**Probation** [1] - 31:15
**PROBATION** [10] - 21:11, 21:13, 21:18, 21:22, 22:3, 32:1, 32:4, 35:1, 35:8, 35:12
**probation** [3] - 19:1, 30:25, 31:9
**proceeding** [1] - 30:12
**Proceedings** [1] - 36:7
**proceeds** [1] - 27:5
**Program** [2] - 30:2, 32:23
**prohibiting** [1] - 31:18
**promote** [1] - 27:23
**pronounce** [1] - 29:13
**proposition** [1] - 15:5
**protect** [2] - 10:25, 23:5
**protecting** [1] - 29:2
**protection** [1] - 27:24
**provide** [4] - 6:10, 12:18, 27:23, 30:4
**provided** [2] - 3:11, 11:12
**providing** [2] - 8:9, 25:20
**proximity** [1] - 22:21
**PSI** [1] - 4:6
**PSR** [1] - 17:7
**public** [1] - 27:24
**puffery** [1] - 14:5
**punishment** [1] - 27:24
**purchases** [1] - 26:16
**pure** [2] - 7:24, 23:16
**purity** [1] - 23:13
**pursuant** [2] - 3:14, 29:18
**pursue** [1] - 33:19
**pursuing** [1] - 34:4
**putting** [1] - 25:7

**Q**

**qualify** [1] - 33:22
**quantities** [10] - 8:6, 10:15, 10:16, 13:4, 22:20, 22:25, 27:1, 28:9, 29:12, 35:17
**quantity** [3] - 15:19, 23:3, 28:3
**quarter** [1] - 32:24
**questions** [1] - 33:4
**quick** [1] - 13:5
**quickly** [2] - 15:9, 18:7
**quite** [2] - 21:25, 24:1

**R**

**raised** [2] - 27:12, 27:13
**raising** [1] - 17:24
**ran** [2] - 11:17, 11:23
**random** [1] - 9:1
**rang** [2] - 11:17, 11:22
**range** [1] - 25:24
**rather** [4] - 24:11, 25:8, 27:4, 28:14
**Raymundo** [1] - 6:4
**read** [4] - 4:5, 4:6, 4:7, 17:6
**reads** [1] - 4:4
**ready** [1] - 10:6
**real** [2] - 17:23, 19:18
**realize** [2] - 20:8, 36:2
**really** [5] - 11:16, 16:18, 24:8, 24:10, 25:9
**reason** [4] - 20:7, 20:17, 20:25, 25:11
**reasonable** [2] - 10:11, 15:1
**reasonably** [5] - 10:19, 11:3, 13:21, 15:5, 22:23
**reasons** [1] - 8:3
**received** [5] - 12:10, 19:1, 21:19, 26:6, 29:6
**receiving** [2] - 22:25, 27:1
**recent** [2] - 4:5, 23:11
**recess** [1] - 36:6
**recitation** [1] - 5:2
**recite** [1] - 30:17
**recognized** [1] - 17:1
**recognizes** [2] - 17:19, 18:17
**recommend** [2] - 34:14, 34:20
**recommendation** [5] - 4:22, 19:17, 19:19, 30:10, 34:18
**recommendations** [1] - 5:2
**recommended** [1] - 19:19
**recommending** [1] - 5:4
**record** [1] - 4:3
**recorded** [1] - 23:22
**recruit** [1] - 16:19
**recruited** [5] - 6:2, 12:5, 12:7, 26:21, 29:9
**recruiting** [1] - 24:15
**reduces** [1] - 25:23
**reduction** [1] - 5:10
**reenter** [2] - 31:5, 31:13
**reentry** [2] - 31:8, 31:10
**refer** [1] - 23:23
**reference** [1] - 22:12
**referenced** [1] - 7:11
**reflect** [2] - 20:5, 27:22
**reflects** [1] - 3:20
**Reform** [1] - 29:18
**regard** [2] - 24:8, 25:11
**regarding** [3] - 10:9, 11:12, 26:7
**regardless** [1] - 34:11
**regret** [1] - 17:4
**regretful** [1] - 20:10
**regulations** [2] - 30:22, 31:2
**relationship** [3] - 18:8, 18:9, 18:11
**release** [15] - 5:6, 30:6, 30:7, 30:8, 30:9, 30:14, 30:20, 30:23, 31:7, 31:12, 31:17, 32:25, 33:2, 33:4, 33:7
**released** [2] - 31:1, 33:1
**remain** [1] - 31:11
**remember** [1] - 23:12
**remorse** [1] - 16:25
**report** [10] - 3:11, 3:22, 4:1, 4:12, 13:8, 24:25, 25:12, 25:13, 30:24, 31:9
**representation** [1] - 33:23
**request** [1] - 33:22
**require** [1] - 32:22
**residence** [1] - 10:22
**respect** [1] - 27:23
**response** [1] - 11:11
**Responsibility** [2] - 30:2, 32:23
**responsibility** [3] - 19:4, 19:24, 25:15
**responsible** [2] - 27:4, 27:7
**result** [1] - 6:24
**returning** [1] - 27:5
**review** [5] - 3:21, 24:25, 32:6, 32:9, 32:17
**Reyes** [2] - 5:15, 26:9
**rights** [3] - 33:13, 33:16, 33:17
**risk** [3] - 24:21, 25:8
**rob** [1] - 10:25
**robbed** [1] - 10:25
**role** [4] - 15:12, 16:5, 16:22, 24:8
**rooms** [1] - 14:17
**Rule** [1] - 3:14
**rules** [2] - 30:22, 31:2
**run** [1] - 6:2

**S**

**sadly** [1] - 28:20
**sale** [1] - 26:18
**Sanchez** [6] - 6:4, 9:16, 9:20, 9:21, 10:2, 12:10
**satisfied** [1] - 29:16
**saw** [2] - 8:1, 13:24
**scale** [2] - 26:7, 29:6
**scared** [1] - 11:16
**schedule** [1] - 32:20
**scheduled** [1] - 19:3
**school** [1] - 20:12
**screwed** [1] - 17:21
**seat** [1] - 25:6
**Secretary** [1] - 31:5
**Section** [1] - 26:2
**Security** [1] - 31:6
**see** [9] - 11:4, 15:24, 17:18, 17:22, 19:11, 23:2, 23:16, 28:20, 30:3
**seized** [4] - 9:5, 10:3, 16:10, 22:22
**selling** [2] - 6:25, 24:14
**sending** [2] - 8:20, 9:14
**sent** [2] - 7:12, 9:21
**sentence** [16] - 4:23, 5:5, 5:9, 12:11, 12:14, 13:6, 13:10, 19:2, 27:21, 28:25, 29:4, 29:7, 29:8, 29:14, 33:8, 33:12
**sentenced** [4] - 12:8, 12:14, 18:24, 18:25
**sentences** [1] - 35:14
**sentencing** [7] - 3:5, 11:25, 12:8, 12:17, 22:6, 26:1, 30:9
**Sentencing** [1] - 29:18
**September** [1] - 27:3
**seriousness** [3] - 3:20, 27:22, 35:21
**set** [1] - 23:20
**sets** [2] - 7:14, 23:19
**seven** [1] - 19:2
**seven-year** [1] - 19:2
**several** [4] - 8:6, 8:15, 11:6, 16:12
**sheet** [1] - 11:12
**shipped** [1] - 8:6
**shocked** [1] - 23:3
**show** [1] - 20:20
**shows** [1] - 11:18
**siblings** [1] - 27:16
**sign** [1] - 33:12
**significant** [1] - 17:3
**simply** [6] - 14:2, 15:4, 28:13, 28:22, 29:5, 35:20
**Sinaloa** [2] - 7:9, 23:25
**single** [2] - 15:10, 18:15
**situation** [1] - 32:1
**six** [2] - 12:16, 18:25
**society** [3] - 12:2, 28:15, 29:2
**sold** [1] - 24:1
**someone** [3] - 11:2, 25:6, 26:12
**somewhere** [1] - 23:15
**son** [1] - 20:12
**sons** [3] - 16:4, 17:25, 18:11
**soon** [1] - 18:2
**sorry** [1] - 15:25
**sort** [4] - 13:23, 14:5, 18:2, 29:5
**source** [2] - 24:2, 24:5
**Southern** [1] - 5:19
**southern** [1] - 23:18
**Spanish** [1] - 4:4

**speaking** [1] - 14:4
**special** [3] - 5:6, 29:22, 32:21
**specific** [2] - 19:17, 30:16
**speeding** [1] - 15:18
**spoken** [1] - 30:15
**stacked** [1] - 10:5
**stand** [2] - 15:7, 29:13
**standard** [2] - 10:11
**start** [5] - 5:1, 13:17, 16:3, 24:14, 24:18
**started** [3] - 9:14, 15:25, 18:6
**State** [3] - 9:1, 16:10, 21:3
**state** [2] - 9:24, 31:19
**States** [12] - 3:4, 7:10, 12:4, 17:9, 22:2, 27:13, 28:12, 29:21, 31:5, 31:8, 31:12, 31:14
**status** [3] - 12:13, 21:20, 28:10
**statute** [1] - 26:2
**still** [4] - 19:6, 21:2, 23:10, 23:24
**stop** [3] - 9:1, 9:4, 9:13
**stopped** [3] - 8:25, 9:18, 9:19
**stopping** [1] - 9:21
**subconspiracy** [1] - 28:7
**subject** [1] - 24:13
**submit** [2] - 31:15, 33:1
**subsequently** [1] - 21:16
**substance** [1] - 23:9
**substances** [1] - 8:19
**substantial** [4] - 25:21, 26:5, 28:8, 35:19
**sufficient** [1] - 27:21
**suggested** [2] - 22:13, 27:19
**suggestion** [1] - 24:13
**suggests** [1] - 29:7
**summarize** [1] - 7:20
**supervised** [15] - 5:5, 6:2, 30:6, 30:8, 30:9, 30:14, 30:20, 31:12, 31:13, 31:17, 32:3, 32:25, 33:2, 33:4, 33:7
**supervision** [2] - 31:9, 31:16
**supervisor** [1] - 16:6
**supplying** [1] - 25:3
**support** [2] - 15:5, 30:4
**surprise** [1] - 9:2
**surveillance** [3] - 9:23, 11:19, 14:12

## T

**table** [1] - 10:6
**teens** [1] - 19:12
**telephone** [4] - 14:14, 22:13, 23:21, 23:22
**tempted** [1] - 29:3
**term** [4] - 29:20, 30:6, 30:8, 31:8
**terms** [3] - 27:1, 30:9, 33:7
**terribly** [1] - 6:19
**terrified** [1] - 16:17
**tested** [1] - 31:22
**testify** [1] - 19:6
**THE** [62] - 3:3, 3:6, 3:18, 3:24, 3:25, 4:8, 4:11, 4:17, 4:19, 6:18, 7:7, 7:14, 7:18, 12:9, 12:20, 12:22, 12:24, 13:2, 13:12, 13:15, 19:17, 19:21, 19:23, 21:7, 21:11, 21:12, 21:13, 21:14, 21:18, 21:19, 21:22, 21:24, 22:3, 22:4, 25:17, 30:17, 32:1, 32:2, 32:4, 32:6, 32:12, 32:17, 32:20, 33:5, 33:6, 33:10, 33:11, 34:3, 34:4, 34:8, 34:9, 34:11, 34:14, 34:20, 34:24, 35:1, 35:2, 35:5, 35:8, 35:11, 35:12, 35:13
**therefore** [3] - 6:25, 23:8, 26:10
**third** [1] - 25:15
**thousands** [1] - 35:22
**threat** [2] - 12:2, 24:13
**threaten** [1] - 11:1
**threatened** [2] - 11:20, 15:20
**threats** [1] - 24:22
**three** [4] - 5:10, 25:11, 25:19, 27:16
**three-level** [2] - 5:10, 25:19
**throughout** [2] - 12:4, 17:2
**ties** [1] - 27:15
**today** [6] - 5:4, 5:10, 19:24, 23:16, 24:19, 30:16
**Tolai** [2] - 6:5, 9:17
**tomorrow** [1] - 20:13
**took** [2] - 15:19, 20:24
**top** [1] - 12:12
**tough** [1] - 14:6
**toward** [1] - 21:3
**track** [1] - 3:8
**tracked** [1] - 25:4
**traffic** [2] - 9:1, 9:4
**traffickers** [1] - 10:23
**trafficking** [10] - 10:14, 10:20, 23:4, 24:21, 26:7, 26:11, 27:6, 28:5, 28:22, 29:4
**traffics** [1] - 5:16
**tragic** [1] - 17:15
**training** [1] - 27:25
**transaction** [1] - 8:18
**transactions** [1] - 27:5
**transfer** [3] - 14:18, 14:19, 14:23
**transfers** [2] - 6:17, 8:16
**transport** [2] - 5:22, 26:18
**transported** [1] - 29:6
**traveling** [1] - 9:20
**Treasure** [1] - 5:20
**treatment** [1] - 28:1
**trial** [3] - 12:17, 12:19, 19:7
**troopers** [1] - 9:4
**troubling** [3] - 14:22, 28:3, 28:11
**trying** [1] - 22:15
**turning** [1] - 27:10
**two** [11] - 10:7, 10:22, 15:23, 16:3, 17:11, 17:17, 17:24, 22:9, 23:10, 27:12, 30:2
**two-level** [2] - 22:9, 23:10
**type** [1] - 35:19
**typically** [1] - 33:11

## U

**U.S** [3] - 21:16, 26:2, 31:15
**Uilese** [2] - 6:5, 9:17
**ultimately** [2] - 9:4, 18:10
**unable** [1] - 33:21
**under** [3] - 9:23, 11:19, 23:10
**undercover** [3] - 8:4, 9:6, 26:15
**underneath** [1] - 19:19
**United** [12] - 3:4, 7:10, 12:4, 17:9, 22:2, 27:13, 28:12, 29:21, 31:5, 31:8, 31:12, 31:14
**unless** [2] - 31:22, 32:3
**up** [17] - 4:21, 5:21, 6:10, 6:14, 7:2, 8:10, 13:3, 15:15, 15:16, 17:8, 17:21, 22:7, 23:25, 28:20, 32:4, 32:5
**upcoming** [1] - 36:5
**usage** [1] - 31:23

## V

**Valley** [1] - 5:20
**variance** [2] - 19:14, 35:19
**various** [2] - 14:17, 15:14
**vary** [2] - 18:20, 19:9
**Vegas** [6] - 5:20, 8:7, 15:20, 26:14, 26:20, 27:15
**vehicle** [2] - 9:6, 9:8
**via** [1] - 8:20
**view** [1] - 24:10
**violate** [1] - 33:6
**virtually** [2] - 6:20, 23:16
**visiting** [1] - 3:8
**vocational** [1] - 27:25
**volition** [1] - 16:16
**voluntarily** [1] - 31:4
**vs** [1] - 3:4

## W

**waived** [3] - 31:23, 31:24, 33:16
**waiver** [3] - 33:13, 33:16, 33:18
**waivers** [1] - 33:13
**walk** [1] - 20:12
**wants** [2] - 17:18, 28:20
**weekly** [2] - 6:1, 9:18
**weeks** [1] - 12:16
**weigh** [1] - 28:24
**Western** [1] - 12:4
**whole** [3] - 17:15, 20:3, 21:25
**wife** [3] - 15:24, 18:8, 20:8
**willing** [5] - 3:15, 13:4, 19:4, 19:5, 19:6
**wire** [2] - 6:16, 8:16
**wired** [2] - 9:11, 9:12
**wiretap** [1] - 7:3
**wiretapped** [1] - 7:3
**wiring** [1] - 24:4
**wisdom** [2] - 6:23, 7:24
**wish** [5] - 33:15, 35:5, 35:25, 36:1, 36:4
**witnesses** [1] - 4:14
**worried** [2] - 11:18, 11:19
**wrap** [3] - 4:21, 13:3
**writing** [1] - 32:8
**wrongs** [1] - 19:10

## Y

**year** [2] - 19:2, 20:4
**years** [5] - 5:5, 17:20, 27:11, 30:6, 36:5
**yields** [1] - 25:24
**young** [7] - 17:17, 17:23, 21:2, 28:19, 35:14, 35:15
**younger** [1] - 18:24
**yourself** [1] - 15:9

CRIMINAL PROCEEDINGS - **Sentencing**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

Judge B. Lynn Winmill
Case No. **1:18-cr-97**
Place: Boise

Date: March 20, 2019
Deputy Clerk: Jamie Bracke
Reporter: Tammy Hohenleitner
Time: 1:41 - 2:37 p.m.

UNITED STATES OF AMERICA vs JOHNY E. MORENO

Counsel for United States - Christopher Booker
Counsel for Defendant - Courtney Peterson
Probation - Linda Martinez
Interpreter - Susan Evans

(X) The Court reviewed the case history.
(X) The Court granted the Government's oral motion to dismiss Count Two of the Indictment.
(X) Counsel made sentencing recommendations to the Court.
(X) Defendant made remarks on his own behalf.
(X) The Court overruled Defendant's objections to the Presentence Report.
(X) The Court granted the Government's motion for 3rd point reduction for acceptance of responsibility.
(X) The Court granted the Government's 5K1.1 Motion.
(X) The Court adopted the Presentence Report.
(X) Adjusted offense level 40. Criminal history category I. Guideline range 292-365 months.
(X) Court addressed 3553(a) factors and finds no grounds to sentence outside the guideline range.

SENTENCE: Defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 292 months.

The defendant shall pay to the United States a special assessment of $100, which shall be due immediately.

The Court finds the defendant does not have the ability to pay a fine, therefore the fine is waived.

While in custody, the defendant shall submit nominal payments of not less than $25 per quarter pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

The defendant shall pay the special assessment fee in full, within 180 days of being released on supervised release.

Upon release from imprisonment, the defendant shall be placed on

supervised release for a term of 5 years. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

The defendant shall comply with all mandatory, standard, and special conditions of supervised release as outlined in the Sentencing Recommendation (Dkt. 140).

The defendant shall comply with the rules and regulations of Immigration and Customs Enforcement, and if deported from this country, either voluntarily or involuntarily, shall not reenter the United States without permission from the Secretary of the Department of Homeland Security. Within 72 hours of release from any custody or reentry to the United States during the term of Court ordered supervision, the defendant shall report in person to the probation office in the district to which the defendant is released.

The Court recommends that the defendant be credited with all time served in federal custody, and that the defendant be placed in the facility at FCI Lompoc.

(X) Defendant advised of penalties for violation of terms and conditions of supervised release.

(X) Right to appeal explained.

(X) Defendant remanded to the custody of the United States Marshals Service.

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES, | ) | Case No. 18-CR-00097-S-BLW |
| Plaintiff, | ) | |
| vs. | ) | Boise, Idaho<br>November 14, 2018<br>9:30 a.m. |
| JOHNY E. MORENO, | ) | |
| Defendant. | ) | |
| . . . . . . . . . . . . . . . . | ) | |

VOLUME I OF I
CHANGE OF PLEA
BEFORE THE HONORABLE RONALD E. BUSH
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff: MR. CHRIS BOOKER
United States Attorney's Office
Washington Group Plaza IV
800 Park Boulevard, Suite 600
Boise, Idaho 83712

For the Defendant: MS. COURTNEY PETERSON
Attorney at Law
913 W. River Street, . 420
Boise, Idaho 83702

Interpreter: MS. SUSAN EVANS

COURT RECORDER: LYNETTE CASE
U.S. District Court

TRANSCRIPTION BY: TAMARA A. WEBER, CSR
P.O. Box 387
Caldwell, Idaho 83606

Proceedings recorded by electronic recording. Transcript produced by transcription service.

(Proceedings begin.)

CLERK: All rise. The United States Court for the District of Idaho is now in session. The Honorable Ronald E. Bush presiding.

COURT: Thank you. Please be seated.

CLERK: The Court will hear at this time the change of plea in Criminal Case No. 18-97, United States versus Johny E. Moreno. Beginning with counsel for the defendant, if you could state your appearance, please.

MR. BOOKER: Chris Booker for the U.S. Attorney's Office.

MS. PETERSON: Courtney Peterson for Mr. Moreno.

COURT: All right. Counsel, good morning. Mr. Moreno, good morning to you, sir. Would you please stand so you can be sworn in by the clerk?

CLERK: Raise your right hand, please.

(JOHNY E. MORENO is sworn.)

COURT: Get a little closer to the microphone. I'll need you to state your full and true name and your date of birth.

MR. MORENO: Johny Emmanuel Moreno Ipina, June 18, 1994.

COURT: All right, sir. All the information that I have about you has your name as Johny Emmanuel Moreno. Ipina is not a name I see. How do you spell that name?

MR. MORENO: I-p-i-n-a (sic).

COURT: Okay. Do you contest in any way that you are the person who has been named in the indictment in this case?

(Discussion off the record.)

COURT: Well, I'm going to ask the question again, Mr. Moreno.

MR. MORENO: I'm the same person.

COURT: All right. Are you the person named in the indictment in this case as Johny Emmanuel Moreno?

MR. MORENO: Yes, Your Honor.

COURT: Okay. Counsel, you're going to need to give me a moment while I look at the revised plea agreement.

Mr. Moreno, I understand that you have, working with your counsel, reached an agreement with the government that would resolve the criminal case that's been brought against you. That agreement calls on you to plead guilty to the charge contained in Count 1 of the indictment, conspiracy to distribute methamphetamine and heroin.

You will also admit and not contest the asset forfeiture allegation in the indictment that's also referenced in your plea agreement. In return for your doing those things, the government has agreed that it will move to dismiss Count 2 of the indictment and the government will recommend to the sentencing judge that you receive a sentence within the sentencing guideline range. Do I have all that correct?

MR. MORENO: Yes, Your Honor.

COURT: All right. So this is obviously a very serious proceeding. You're going to be pleading guilty to a federal felony crime. It is important that you fully understand what you're doing here today so if at any time you have a question, please ask it. If at any time you want to talk to your attorney about something, simply say so and you can have whatever time you may need. All right?

MR. MORENO: Thank you.

COURT: So I want to begin with a procedural matter. I am a United States Magistrate Judge. That is a different position than a United States District Judge. You have the right to have a district judge conduct this hearing. If you agree to waive that right, I will conduct the hearing.

I will then make a decision as to whether or not you are capable of understanding what you're doing here today and whether you're doing so voluntarily. I then make a recommendation to the district judge as to whether your change of plea should be accepted. Have you discussed that with your counsel?

MR. MORENO: Yes, Your Honor.

COURT: And the document titled "Waiver of Right to Have District Judge Take Plea," was that translated for you?

MR. MORENO: Yes.

COURT: And did you understand it?

MR. MORENO: Yes, Your Honor.
COURT: Did you sign that document?
MR. MORENO: Yes, Your Honor.
COURT: Ms. Peterson, that's your signature as well?
MS. PETERSON: It is, Your Honor.
COURT: All right. I'm satisfied, Mr. Moreno, that you've made a knowing waiver of your right to appear before the district judge.
Now, sir, I notice that you seem to be responding quickly and in English to my questions to you. Is it easier for you to have the interpreter doing a contemporaneous interpretation of what I'm saying or would it be easier for you to call on her if you have the need to do so?
MR. MORENO: I would rather she -- to her translating, I can --
COURT: Is that the way you can most easily understand what we're doing, to have the translation?
MR. MORENO: Yes, Your Honor.
COURT: All right. We'll proceed in that manner. So I need to ask you some questions about your background. How old are you, sir?
MR. MORENO: I'm 24.
COURT: How much schooling have you had?
MR. MORENO: Ninth grade. Actually -- actually, I went to 10. I was going to 11, high school.

COURT: Okay. You're able to read, write and understand the Spanish language without any difficulty?

MR. MORENO: Yes, Your Honor.

COURT: And how would you describe your skills with the English language?

MR. MORENO: It's the same. I understand both of them.

COURT: In both speaking, writing and reading?

MR. MORENO: Yes, Your Honor.

COURT: All right. Have you taken any sort of drugs, medicine or pills including any prescription medication in the last 48 hours?

MR. MORENO: No, Your Honor.

COURT: Have you consumed any alcohol in the last 48 hours?

MR. MORENO: No, Your Honor.

COURT: To your knowledge, have you ever been diagnosed with or do you believe that you suffer from any sort of mental illness including depression?

MR. MORENO: No, Your Honor.

COURT: Tell me your understanding of the purpose of this hearing. Why are you here today?

MR. MORENO: I'm just pleading guilty for the wrong decision that I made.

COURT: Okay. To enter a guilty plea then?

MR. MORENO: Yes, Your Honor.

COURT: Consistent with the agreement that I just described at the beginning of the hearing?

MR. MORENO: Yes, Your Honor.

COURT: When you left the jail today to come to the courthouse, did you know that you were coming here to enter a guilty plea?

MR. MORENO: Yes, Your Honor.

COURT: All right. Ms. Peterson, in your interactions with Mr. Moreno including today, have you had any concerns in your mind about whether he would be competent to enter a guilty plea?

MS. PETERSON: I have not, Your Honor, and I can assure the Court that we have reviewed this process extensively and I have no doubt that he understands completely what he's doing today.

COURT: Thank you. Mr. Booker, on behalf of the government, do you have any concerns about whether the defendant would be competent to proceed?

MR. BOOKER: No, Your Honor.

COURT: Thank you. Mr. Moreno, I'm satisfied then, based upon assurances of counsel, your responses to my questions and my observations of you here in open court that you're competent to proceed and competent to enter a plea. Now, sir, have you had enough time to discuss your case with your attorney?

MR. MORENO: Yes, Your Honor.

COURT: Have you discussed fully with her all of the facts and circumstances surrounding the charges that have been brought against you?

MR. MORENO: Yes, Your Honor.

COURT: Are you satisfied that she has done good work for you?

MR. MORENO: Yes, Your Honor.

COURT: Do you believe that you have been adequately and competently represented by your attorney?

MR. MORENO: Yes, Your Honor.

COURT: Mr. Moreno, as a defendant in a criminal case, you have certain rights that are guaranteed to you. It is important that you fully understand these rights because if you plead guilty, you'll be giving them up. Listen carefully, please, as I go over these and if you have questions, then say so.

You have the right to maintain a plea of not guilty and proceed to a trial by jury. You are presumed to be innocent of the charges. That presumption continues throughout any trial. At trial, the government is required to prove that you are guilty by competent evidence beyond a reasonable doubt as to each and every element. That means each and every part of a charge against you. You are not required to prove that you are innocent.

You would be represented by your attorney at trial. You and your attorney would participate in the selection of the jury. This includes the right to ask that a potential juror or jurors be excused from serving on the jury if there is good reason to believe that he or she may be biased.

You also have the right to use what are known as peremptory challenges. That means that you and your attorney have the right to excuse a certain number of potential jurors from serving on the jury without having to give a reason for doing so.

If you want to call witnesses to testify on your behalf, the cost of having them come to the courthouse can be paid for you. If they are reluctant to appear at trial, you can use the subpoena power of the court to require that they attend the trial.

At the trial, the government must present witnesses who testify in your presence where they can be cross-examined by your attorney. Your attorney can object to evidence offered by the government and present evidence including the calling of witnesses on your behalf.

At the trial, you have the right to testify in your own defense if you choose to do so but you have an absolute right not to testify. If you choose not to testify, then the jury will be instructed that they cannot draw any inference of guilt from the fact that you chose not to testify.

If you are convicted after a trial, you have the right to appeal that conviction and an attorney would be appointed to represent you on appeal. If you plead guilty, you waive the rights I've just described. There will be no trial. You will be sentenced on the basis of your guilty plea. You also waive your right not to testify because as part of pleading guilty, you must admit your guilt as to the crime to which you are pleading guilty.

Mr. Moreno, do you have questions about any of these rights?

MR. MORENO: No, Your Honor.

COURT: Do you understand each of these rights?

MR. MORENO: Yes, Your Honor.

COURT: And having heard this discussion of your rights, do you still want to go forward, enter a plea of guilty and give up such rights?

MR. MORENO: Yes, Your Honor.

COURT: Now, sir, you've received a copy of the indictment?

MR. MORENO: Yes, Your Honor.

COURT: It was translated for you?

MR. MORENO: Yeah. Yes, Your Honor.

COURT: You've discussed it and gone over it with your attorney?

MR. MORENO: Yes, Your Honor.

COURT: You understand the charges against you?

MR. MORENO: Yes, Your Honor.

COURT: Now, in pertinent part, the maximum possible penalties you face under Count 1 of the indictment, the charge of conspiracy to distribute methamphetamine and heroin, are a period of a minimum of 10 years up to life in prison, a fine of up to $10 million, a period of at least 5 years supervised release and a special assessment of $100 that must be paid in addition to any fine that might be imposed. Do you understand?

MR. MORENO: Yes, Your Honor.

COURT: Potentially, you could serve the entirety of your sentence if it is less than life and still be required to return to prison if after serving the sentence you were to then violate the terms of any period of supervised release in which case you could be ordered to serve the remainder of any period of supervised release in prison. Do you understand?

MR. MORENO: Yes, Your Honor.

COURT: In addition, the government has charged a forfeiture allegation which seeks to require that you forfeit any interest you have in certain property listed in the indictment and further described in the plea agreement and you have agreed not to contest that allegation. Do you understand that the Court may require you to forfeit any interest you have in cash and/or other real or personal property to the United States Government?

MR. MORENO: Yes, Your Honor.

COURT: Okay. Mr. Moreno, this is a court of the federal government of the United States. Each of the states have their own separate court systems. That is important for you if you have a charge pending against you in a state court case that has not yet been fully resolved.

In that event, you need to know that the sentencing judge in this federal court case may not be able to order that your federal sentence run at the same time as any state court sentence that you might later receive. Do you understand?

MR. MORENO: Yes, Your Honor.

COURT: Because the maximum sentence in this matter is 25 years or more, I must inform you that a sentence of probation is not available.

Mr. Moreno, you are pleading guilty here to a felony crime. By doing so, if you are a United States citizen, you will give up certain rights of citizenry including the right to vote, the right to hold public office, the right to serve on a jury and the right to possess any kind of firearm. Do you understand?

MR. MORENO: Yes, Your Honor.

COURT: Further, given the nature of this charge, you could lose eligibility for any accrued or future federal monetary or similar types of benefits including but not limited to food stamps, Social Security payments, disability benefits,

government loans, government contracts or professional licenses. Do you understand?

MR. MORENO: Yes, Your Honor.

COURT: If you are not a citizen of the United States, I need to advise you that a felony conviction can affect your alien status. Under federal law, a broad range of crimes are removable offenses including potentially the offense to which you are pleading guilty. Removal and other immigration consequences may be the subject of separate proceedings but no one, including your attorney or the Court, can predict to a certainty the effect of conviction on immigration status. Those consequences could include an automatic removal from the United States. Do you understand?

MR. MORENO: Yes, Your Honor.

COURT: At this time, I'm going to ask Mr. Booker to set out the elements of the charge contained in Count 1 as well as the factual basis the government contends supports the charge. I need you to listen carefully as he does so. When he is done, I will ask you if there is anything that he said that you contend is incorrect. Mr. Booker.

MR. BOOKER: The elements of the crime of conspiracy to distribute methamphetamine/heroin in violation of 21 USC Sections 846, 841(a)(1), (b)(1)(A) and (b)(1)(C) as charged in Count 1 are as follows: No. 1. Beginning on -- in or about 2017, the exact date unknown, and continuing to March 16, 2018,

there was an agreement between two or more persons to distribute 50 grams or more of actual methamphetamine and a substance containing a detectable amount of heroin. And, 2, the defendant joined in the agreement knowing of its unlawful purpose and intending to help accomplish that purpose.

Factual basis. If this matter were to proceed to trial, the government and the defendant agree that the following facts would be proven beyond a reasonable doubt: Beginning in 2017, the exact date unknown, the defendant, his co-defendants and others entered into an agreement to distribute methamphetamine and heroin. The defendant entered the agreement knowing that the agreement's object was to distribute methamphetamine and heroin and intending to help accomplish it.

In September of 2017, an undercover officer, who will be hereafter referred to as UC, began communicating with a large scale drug trafficker referred to as CC-1 who stated he could arrange shipments of methamphetamine and heroin to the Boise, Idaho area. The UC agreed to begin purchasing methamphetamine and heroin through CC-1.

On September 20, 2017, the UC was contacted by the defendant. The defendant was traveling from Las Vegas, Nevada to deliver heroin to the UC. The defendant informed the UC that the heroin was ready and would be delivered by a co-conspirator, CC-2, who lives in the Boise area.

The UC was later contacted by another individual who

arranged for the UC to pick up the heroin in a public parking lot in Meridian, Idaho. The UC arrived at the parking lot and met CC-2. During the meeting, CC-2 provided the UC with 5 ounces of heroin in exchange for $4,500. Prior to the transaction, officers observed another co-conspirator, CC-3, doing counter-surveillance in the parking lot.

On October 21, 2018, CC-1 arranged for the UC to purchase a pound of methamphetamine and 3 ounces of heroin. The defendant delivered the order to Boise from Las Vegas, Nevada. The UC did not meet with the defendant but, again, met with CC-2 at a restaurant in Boise, Idaho. CC-2 provided the UC with 436 grams of actual methamphetamine and 89.5 grams of heroin in exchange for $4,500 in cash and a promise to wire an additional $1,800 at a later date. After the meeting, surveillance followed CC-2 back to a hotel in Meridian, Idaho where CC-2 was seen parking next to a motorcycle belonging to CC-3.

In November of 2017, investigators pursuant to a warrant begin intercepting phone calls coming to and from CC-1's phone. On November 19, 2017, investigators observed the defendant and co-defendant Luis Anthony Moreno arrive in Idaho via Highway 95 near Marsing. Surveillance followed the vehicle and observed the defendant and L. Moreno make stops in Nampa and Boise, Idaho before again leaving the area towards Nevada via Highway 93 (sic). The vehicle was identified as a 2003 Honda Element with license plate no. 374B90 and was registered to the

defendant.

On November 29, 2017, the UC arranged with CC-1 to meet with defendant -- the defendant in Las Vegas, Nevada to discuss future purchases of methamphetamine. The UC met with L. Moreno at a restaurant in Las Vegas, Nevada. During the meeting, L. Moreno and the UC discussed prices and quantities of future transactions. L. Moreno called the defendant to confirm prices and agreements. Surveillance observed the defendant in a nearby car during the meeting between UC and L. Moreno.

On January 10, 2018, CC-1 arranged to have 1 pound of methamphetamine delivered to the UC. The UC met with the defendant at a restaurant in Boise, Idaho. The defendant was a passenger in a vehicle driven by co-defendant Raymundo Hernandez. The defendant provided the UC with 440 grams of actual methamphetamine in exchange for $4,500. The defendant identified R. Hernandez as one of his drivers.

After leaving the restaurant, the defendant and R. Hernandez pulled over -- were pulled over by Idaho State Police on an unrelated stop. During the course of the stop, officers located and seized $28,300 in the vehicle including the $4,500 the defendant received from the UC for methamphetamine. The defendant admits that the $28,300 was proceeds from the sale of controlled substances.

On February 2, 2018, the UC arranged to purchase 1 pound of methamphetamine. The UC met with CC-3 in a parking lot

in Meridian, Idaho. CC-3 provided the UC with 445.2 grams of methamphetamine in exchange for $4,200.

In February of 2018, investigators pursuant to a warrant begin intercepting phone calls coming to and from the defendant's phone and CC-3's phone. On February 22, 2018, investigators observed --

COURT: Mr. Booker, can I get you to stop for a moment? We'll give Ms. Evans a chance to catch her breath.

MR. BOOKER: Thank you.

COURT: All right. And then maybe just slow down just a pace. All right?

MR. BOOKER: Okay.

COURT: Thank you. Go ahead.

MR. BOOKER: Okay. On February 22, 2018, investigators observed co-defendant Uilese Tolai, U. Tolai, and another co-conspirator, CC-4, hired to help drive controlled substances between Nevada and Idaho, arrive in Boise, Idaho and stop at a locally known drug trafficker's home, CC-5. They were driving a 2003 Honda Element bearing Nevada license plate 374B90 registered to the defendant.

Intercepted calls between the defendant, CC-1, CC-4 indicated that U. Tolai and CC-4 were delivering 10 pounds of methamphetamine and picking up payments for prior deliveries.

On March 1, 2018, investigators intercepted phone calls between the defendant, CC-1 and CC-4. The intercepted phone

calls indicated that the defendant was directed CC-4 to drive from Las Vegas, Nevada to Idaho with U. Tolai to deliver 13 pounds of methamphetamine to CC-5 in Boise and CC-3 in Nampa, Idaho.

COURT: Mr. Booker, that's an ambiguous sentence. Are you able to proffer something that clarifies the ambiguity as to whether the defendant was directed or the defendant was directing? It reads "intercepted phone calls indicate that the defendant was directed CC-4."

MR. BOOKER: I believe -- I believe it should read that the defendant directed CC-4.

COURT: And that's -- that's your understanding based upon your knowledge of the case? Is that the proffer you're making or is that an assumption?

MR. BOOKER: It's an assumption, Your Honor. I do not personally have knowledge of the facts of this case.

COURT: All right. We'll leave it at that then. Go ahead. Ms. Peterson, did you want to say something?

MS. PETERSON: Your Honor, we would stipulate that that is more than likely a typo; that it should say actually that defendant directed CC-4.

COURT: Very well. Thank you. Go ahead.

MR. BOOKER: Investigators subsequently observed the CC-4 -- observed CC-4 and U. Tolai arriving in Idaho and traveling to the residences of CC-5 and CC-3. They were driving

a 2003 Honda Element bearing Nevada license plate 374B90 registered to the defendant. Subsequent calls between the defendant and CC-4 discussed CC-4's payment for the delivery.

Between March 2 and March 7, 2018, investigators continued to intercept phone calls between the defendant and CC-4. The intercepted phone calls indicate that the defendant directed CC-4 to drive from Las Vegas, Nevada to Idaho with U. Tolai to deliver 15 pounds of methamphetamine to CC-3 and CC-5.

On March 7, 2018, investigator -- investigators observed CC-4 and U. Tolai arriving in Idaho and traveling to the residences of CC-3 and CC-5. They were driving a 2003 Honda Element bearing Nevada license plate 374B90 registered to the defendant.

On March 15, 2018, investigators intercepted phone calls indicating that the defendant would be traveling to Boise, Idaho with CC-4 to deliver 12 pounds of methamphetamine to CC-5. On March 15, 2018, the defendant was seen arriving in Jackpot, Nevada with CC-4. The defendant stayed in a hotel in Jackpot, Nevada while CC-4 continued on to Boise, Idaho.

In Boise, CC-4 traveled to CC-5's residence where she parked just outside the home. Officer -- officers arrested CC-4 at that time and searched her vehicle. Inside the vehicle, a 2003 Honda Element bearing the Nevada license plate no. 374B90, officers located 5,296 grams of actual methamphetamine concealed in a compartment.

The defendant was arrested in Jackpot, Nevada. On his person was $1,000 in U.S. currency. The defendant admits that the $1,000 seized from him at the time of his arrest and the $28,300 seized on January 10, 2018, were proceeds of the conspiracy. The defendant also admits that the 2003 Honda Element bearing Nevada license plate 374B90 was used to facilitate the commission of the offense.

COURT: Thank you, Mr. Booker. Mr. Moreno, did you listen carefully to everything Mr. Booker just said?

MR. MORENO: Yes, Your Honor.

COURT: Including your counsel's stipulation that the sentence which reads "The intercepted phone calls indicate that the defendant was directed CC-4 to drive from Las Vegas, Nevada to Idaho," was a typographical error that should have read "Intercepted phone calls indicate that the defendant," meaning you, "directed CC-4 to drive from Las Vegas, Nevada to Idaho." Is that -- is that correction accurate?

MR. MORENO: Yes, Your Honor.

COURT: Okay. Do you agree that if this case were to go to trial, that the government would be able to prove each of the elements of the charge against you beyond a reasonable doubt?

MR. MORENO: Yes, Your Honor.

COURT: Mr. Moreno, I need you to describe, please, in your own words, what you understand that you did that makes you

guilty of the crime of conspiracy to distribute methamphetamine and heroin.

MR. MORENO: I was working with this guy. At first, he told me to come and pick up some money from over here. And then -- and he told me the money was from drugs and that's --

COURT: Well, obviously what the government just described and what Mr. Booker just said was much more than that. Mr. Booker set out a factual basis of multiple events of your being involved with others in bringing large amounts of methamphetamine and heroin into the District of Idaho. So all of the instances in which he referred to the defendant in that factual basis were references to you. You understand that?

MR. MORENO: Yes, Your Honor.

COURT: And as to each of those particular instances of conduct that the government alleges that you made or were involved in, do you admit that you did those things and were involved in those things?

MR. MORENO: Yes, Your Honor.

COURT: Okay. The government alleges that such events began in or about 2017 on an unknown exact date and continued to March 16, 2018. Do you understand that allegation?

MR. MORENO: Yes, Your Honor.

COURT: Do you admit to that?

MR. MORENO: Yes, Your Honor.

COURT: The government alleges in that period of time,

there was an agreement between two or more persons to distribute 50 grams or more of actual methamphetamine and a substance containing a detectable amount of heroin. Do you understand that allegation?

MR. MORENO: Yes, Your Honor.

COURT: Do you admit that you were part of that agreement between two or more persons to distribute 50 grams or more of actual methamphetamine and a substance containing a detectable amount of heroin?

MR. MORENO: Yes, Your Honor.

COURT: Government alleges that these events and your actions occurred in part in the District of Idaho. Do you understand that allegation?

MR. MORENO: Yes, Your Honor.

COURT: Do you admit to that?

MR. MORENO: Yes, Your Honor.

COURT: The government alleges that you joined in this agreement knowing that its purpose was unlawful. Do you understand that allegation?

MR. MORENO: Yes, Your Honor.

COURT: Specifically that the purpose was to distribute methamphetamine and heroin. Do you understand that allegation?

MR. MORENO: Yes, Your Honor.

COURT: And do you admit to that?

MR. MORENO: Yes, Your Honor.

COURT: And you admit that you joined in the agreement knowing of that purpose?

MR. MORENO: Yes, Your Honor.

COURT: Okay. Government alleges that you joined the agreement intending to help accomplish that unlawful purpose. Do you understand that allegation?

MR. MORENO: Yes, Your Honor.

COURT: Do you admit to that?

MR. MORENO: Yes, Your Honor.

COURT: Okay. Sir, has anyone threatened you or threatened anyone you know or otherwise tried to force you in any way to plead guilty to this charge?

MR. MORENO: No, Your Honor.

COURT: Now, I understand you've entered into a written plea agreement with the government. Is it your signature that appears over your typewritten name on page 16 -- excuse me, page 19 of that agreement?

MR. MORENO: Yes, Your Honor.

COURT: And before you signed the plea agreement, was it translated in full for you?

MR. MORENO: Yes, Your Honor.

COURT: And before you signed the plea agreement, if you had any questions about its meaning, was your attorney able to answer those questions to your satisfaction?

MR. MORENO: Yes, Your Honor.

COURT: Are you able to say then that before you signed the agreement, you had fully read and fully understood each and every provision of the agreement?

MR. MORENO: Yes, Your Honor.

COURT: Okay. And so that we're clear, this is the agreement that you signed on November 13, 2018. Is that correct?

MR. MORENO: Yes, Your Honor.

COURT: Mr. Moreno, has anyone made any sort of promise or prediction or prophecy of some sort other than what might be referenced in your plea agreement as to what sentence you will receive?

MR. MORENO: No, Your Honor.

COURT: Has anyone made any promise to you other than what is in the plea agreement to try to persuade or attempt to coerce you into pleading guilty?

MR. MORENO: No, Your Honor.

COURT: As part of your plea agreement, you have promised to provide truthful and complete information including testimony in legal and other proceedings regarding your role and the role of others and the conduct referenced by the government. You have promised that you will not try to protect anyone through false information or omission. You've agreed not to falsely implicate anyone. You have agreed to tell the truth whether or not it bolsters the government's case against any

individual and you understand that the agreement is not contingent upon the conviction of any person. Do I have that correct?

MR. MORENO: Yes, Your Honor.

COURT: In exchange for your doing so, that is for providing truthful information and cooperating in good faith, the government has agreed that it will not use new information against you. However, you need to know that the government can reveal such information to the Court. Do you understand?

MR. MORENO: Yes, Your Honor.

COURT: If you cooperate with the government and the government determines in good faith that you have provided substantial assistance, then the government has agreed that it will request that the Court implement a downward departure from the sentencing guidelines and the applicable sentencing guideline range.

However, you need to know that even though the sentencing judge would be permitted to do so, the judge is not required to impose a sentence below the recommended guideline range. Do you understand?

MR. MORENO: Yes, Your Honor.

COURT: Now, your plea agreement also contains language by which you are giving up certain rights that you would otherwise have to appeal the entry of your guilty plea, your conviction, the entry of judgment and sentence. Notwithstanding

those waivers, you would retain the right to file a single direct appeal under the following circumstances: If the sentence imposed by the district judge exceeds the statutory maximum sentence. If the district judge arrives at an advisory sentencing guideline range by applying an upward departure under Chapter 5K of the guidelines or if the district judge exercises his or her discretion to impose a sentence which exceeds the advisory sentencing guideline range as determined by the district judge. Do you understand all of that?

MR. MORENO: Yes, Your Honor.

COURT: And you agree to that?

MR. MORENO: Yes, Your Honor.

COURT: All right. So we're referring now to the sentencing guidelines. Those are created by Congress to be used by federal judges in making sentencing decisions in cases such as yours. Have you discussed those guidelines with your counsel?

MR. MORENO: Yes, Your Honor.

COURT: Under the guidelines, the judge will use a number of factors relating to the seriousness of the offense, your prior criminal history, if any, and will take into account all the circumstances relating to your criminal conduct including matters that are not part of the crime to which you are pleading guilty today. Do you understand?

MR. MORENO: Yes, Your Honor.

COURT: These guidelines are advisory. The judge must consider the big picture which includes the guidelines but the judge is not required to impose the exact sentence that the guidelines indicate might be appropriate. The judge is required to calculate the applicable sentencing guideline range and consider that as one factor. But the judge will also consider possible departures either up or down under the guidelines and other sentencing factors provided by federal law at 18 United States Code Section 3553(a).

Now, your plea agreement may also contain language that might constitute an agreement between you and the government regarding facts that could affect the sentencing guideline range calculation. You need to know that the sentencing judge is not bound by any such agreement. The judge may consider it but would consider other factors as well including information contained in your presentence report in deciding which facts are most relevant to your sentencing. Do you understand?

MR. MORENO: Yes, Your Honor.

COURT: Mr. Moreno, if you have a prior criminal history, it is possible that there are certain facts in that history that would call for the sentence under the guidelines to increase. For instance, if you've had a criminal conviction within the past 15 years or if you committed the crime to which you are pleading guilty today while you were on probation or supervised release, then the sentence under the guideline range

would increase and that in turn may potentially increase the sentence imposed. Do you understand?

MR. MORENO: Yes, Your Honor.

COURT: If you committed the offense as part of a pattern of criminal conduct from which you derived a substantial portion of your income, that also potentially could increase your sentence. Do you understand?

MR. MORENO: Yes, Your Honor.

COURT: And because this is a drug trafficking offense, if you have had two prior felony convictions of either drug trafficking or a crime of violence, you could be sentenced as a career offender and that could potentially greatly increase the sentence that you might receive. Do you understand?

MR. MORENO: Yes, Your Honor.

COURT: If you plead guilty today, a presentence report will be prepared. The judge will consider that report along with your plea agreement and decide whether or not to accept your plea agreement. The judge must not accept the plea agreement if its terms do not adequately address the totality of your criminal conduct.

If the judge rejects the agreement, you'll be notified of that at the time of sentencing. You'll have an opportunity to withdraw the plea of guilty and you would then proceed to trial on all the counts identified in the indictment unless some other agreement was reached.

If the government has agreed as part of your plea agreement to make certain recommendations to the judge regarding your sentence and they have done so here, you need to know that the sentencing judge is not required to accept or be bound by those recommendations. The judge has the authority in some circumstances to depart from the sentencing guidelines even when the government recommends a sentence that is within the sentencing range calculated under the guidelines. Do you understand?

MR. MORENO: Yes, Your Honor.

COURT: As described in your plea agreement, if the sentencing judge accepts your plea of guilty, you will not be allowed to withdraw that plea even if the judge imposes a sentence that is more severe than you think it might be at this time or more severe than the sentence called for by the sentencing guideline range. Do you understand?

MR. MORENO: Yes, Your Honor.

COURT: Your plea agreement also allows the government to walk away from its promises to you if certain things do or do not happen. For instance, if you fail to keep any promise you have made in the plea agreement or if you were to commit a new crime, then the government is relieved of any obligation to make a sentencing recommendation consistent with the plea agreement or not to prosecute you on other charges including any charge not pursued as part of the plea agreement. Do you understand?

MR. MORENO: Yes, Your Honor.

COURT: Mr. Moreno, in the federal criminal justice system, there is no parole. That means that if imprisonment is ordered in your case, you will serve the entire sentence ordered by the Court with the possibility that you would be entitled to a good time credit against your total sentence after the first year of the sentence. Do you understand?

MR. MORENO: Yes, Your Honor.

COURT: After you complete serving whatever sentence of incarceration is imposed, you will be placed on supervised release. During that period of time, you will be supervised by a probation officer and required to comply with conditions imposed by the Court and the probation office. If you fail to comply with those conditions, that could result in your being sentenced to a further term of incarceration. Do you understand?

MR. MORENO: Yes, Your Honor.

COURT: Ms. Peterson, have you discussed with Mr. Moreno all the possible defenses that might exist to this charge?

MS. PETERSON: I have, Your Honor.

COURT: Are you satisfied that if he pleads guilty today, that will be a knowledgeable and voluntary plea on his part?

MS. PETERSON: I am.

COURT: Do you know of any reason the Court should not accept a guilty plea today?

MS. PETERSON: I do not, sir.

COURT: Thank you. Mr. Booker, on behalf of the government, do you know of any reason the Court should not accept a guilty plea from Mr. Moreno today?

MR. BOOKER: No, Your Honor.

COURT: Mr. Moreno, to your charge to the -- excuse me, your plea to the charge contained in Count 1 of the complaint -- of the indictment, excuse me, that of conspiracy to distribute methamphetamine and heroin?

MR. MORENO: Guilty.

COURT: And do you agree to forfeiture of any interest you have in the certain property referenced in the indictment and further described in your plea agreement?

MR. MORENO: Yes, Your Honor.

COURT: Very well, sir. I'm satisfied on this record that your plea of guilty is made knowingly and voluntarily and that there is a proper factual basis for the plea. I recommend that the district judge accept the plea and enter a judgment of guilt as to the crime charged in Count 1 of the indictment and order forfeiture of any interest you have in the property described in the indictment and the plea agreement.

I further recommend that the district judge take under advisement the decision whether to accept the terms of the plea

agreement pending review of the presentence report. Mr. Moreno, I order that a presentence investigation be conducted and a report prepared. A United States Probation Officer will conduct a thorough investigation. The probation officer is an officer of the court. Therefore, unless advised to do otherwise by your attorney, you are to comply with every request made by the probation officer treating it as though it came directly from the Court.

You should cooperate in furnishing information because that information may be important to the sentencing judge's decision upon your sentence. If you do not tell the truth to the probation officer, that potentially could increase your sentencing guideline range and therefore also potentially could increase your sentence.

You will have an opportunity to examine the report and then to file with the Court any objections you may have to its contents. Those objections must be made in writing. If you fail to file such objections, that will be deemed a waiver of your right to object.

CLERK: The sentencing will be before Chief Judge Winmill at 1:30 on February 12. The original report to counsel is due January 2. Objections due January 16 and the final report January 29.

COURT: The Court's prior detention order will remain in effect through the date of sentencing. Mr. Booker, will

there be anything further from the government?

MR. BOOKER: No, Your Honor. Thank you.

COURT: Ms. Peterson, I'm sorry. Do we have anything further from you?

MS. PETERSON: No, nothing. Thank you.

COURT: And Mr. Moreno, questions about anything that we've gone over here today?

MR. MORENO: No, Your Honor.

COURT: All right. We'll be in recess. Ms. Evans, thank you for your assistance.

INTERPRETER: You're welcome, Your Honor.

(Proceedings concluded.)

I, court-approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

/s/ Tamara A. Weber — 11/12/19

Signature of Approved Transcriber — Date

Tamara A. Weber

Typed or Printed Name

U.S. COURTS

MAR 20 2018

Rcvd______ Filed______ Time______
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
BRYCE B. ELLSWORTH, IDAHO STATE BAR NO. 8254
SPECIAL ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHNY EMMANUEL MORENO,<br>LUIS ANTHONY MORENO,<br>UILESE TOLAI,<br>RAYMUNDO HERNANDEZ,<br><br>Defendants. | Case No. CR 18-0097-S BLW<br><br>**INDICTMENT**<br><br>21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C), 846, 853 |

The Grand Jury charges:

**COUNT ONE**

**Conspiracy to Distribute Methamphetamine and Heroin**
**21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and (b)(1)(C)**

Beginning in or about 2017, the exact date unknown, and continuing to on or about March 16, 2018, in the District of Idaho and elsewhere, the defendants, JOHNY EMMANUEL MORENO, LUIS ANTHONY MORENO, UILESE TOLAI, and RAYMUNDO HERNANDEZ, did knowingly and intentionally combine, conspire, confederate and agree with each other and

with other individuals known and unknown to the Grand Jury, to distribute 50 grams or more of actual methamphetamine, and a mixture and substance containing a detectable amount of heroin, both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 846, 841(a)(1), (b)(1)(A), and (b)(1)(C).

**COUNT TWO**

**Distribution of Methamphetamine**
**21 U.S.C. § 841(a)(1) and (b)(1)(A)**

On or about January 10, 2018, in the District of Idaho, the defendant, JOHNY EMMANUEL MORENO, did knowingly and intentionally distribute 50 grams or more of actual methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

**CRIMINAL FORFEITURE ALLEGATION**

**Drug Forfeiture**
**21 U.S.C. § 853**

Upon conviction of the offenses alleged in this Indictment, the defendants, JOHNY EMMANUEL MORENO, LUIS ANTHONY MORENO, UILESE TOLAI, and RAYMUNDO HERNANDEZ, shall forfeit to the United States any and all property, real and personal, tangible and intangible, consisting of or derived from any proceeds the said defendant obtained directly or indirectly as a result of the foregoing offense; and any and all property, real and personal, tangible and intangible, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the foregoing offenses. The property to be forfeited includes, but is not limited to, the following:

1. Unrecovered Cash Proceeds and/or Facilitating Property. The defendant obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, and property the defendant used to facilitate the offense, but based upon actions of the defendant, the property was transferred, diminished, comingled, or is otherwise unavailable.

2. Substitute Assets. Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred or sold to, or deposited with, a third person;

c. Has been placed beyond the jurisdiction of the court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property which cannot be subdivided without difficulty.

Dated this 20th day of March, 2018.

A TRUE BILL

*/s/ [signature on reverse]*

FOREPERSON

BART M. DAVIS
UNITED STATES ATTORNEY
By:

BRYCE B. ELLSWORTH
SPECIAL ASSISTANT UNITED STATES ATTORNEY

Case 1:18-cr-00097-BLW Document 13 Filed 03/20/18 Page 4 of 4

U.S. COURTS

MAR 20 2018

Rcvd______Filed______Time______
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

CR 18-0097-S BLW

3/20/2018 [signature] Strom

APPEAL,INTERPRETER,LC17,TERMED

# U.S. District Court
# District of Idaho (LIVE Database)Version 6.2.2 (Boise - Southern)
# CRIMINAL DOCKET FOR CASE #: 1:18-cr-00097-BLW All Defendants

| | |
|---|---|
| Case title: USA v. Moreno et al<br>Magistrate judge case number: 1:18-mj-10049-REB | Date Filed: 03/20/2018<br>Date Terminated: 04/16/2019 |

---

Assigned to: Judge B. Lynn Winmill

Appeals court case number: 19-30063 9CCA

**Defendant (1)**

| | | |
|---|---|---|
| **Johny E Moreno**<br>*TERMINATED: 03/22/2019* | represented by | **Johny E Moreno**<br>SPANISH<br>INTERPRETER<br>Susan Evans<br>Email: susan@susanhevans.com<br>PRO SE<br><br>**Courtney Marie Peterson**<br>PETERSON LAW OFFICE<br>671 E. Riverpark Lane, Suite 210<br>Boise, ID 83706<br>208-342-4633<br>Fax: 208-336-1059<br>Email:<br>courtney@petersonlawyers.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment*<br><br>**Robyn A. Fyffe**<br>Fyffe Law<br>PO Box 5681 |

Boise, ID 83705
208-340-2026
Fax: (208) 917-4596
Email: robyn@fyffelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Idaho Federal Defender**
Federal Defender Services of Idaho Inc
702 West Idaho Street, Suite 1000
Boise, ID 83702
(208) 331-5500
Email: joy_fish@fd.org
*TERMINATED: 03/19/2018*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| CONSPIRACY TO DISTRIBUTE METHAMPHETAMINE AND HEROIN (1) | Imprisonment for a term of 292 months. 5 years of supervised release. Fine waived. $100 special assessment. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| DISTRIBUTION OF METHAMPHETAMINE (2) | Dismissed on the motion of the United States. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|

CONSPIRACY TO DISTRIBUTE METHAMPHETAMINE

---

Assigned to: Judge B. Lynn Winmill

**Defendant (2)**

| | | |
|---|---|---|
| **Luis A Moreno**<br>*TERMINATED: 12/21/2018* | represented by | **Thomas B Dominick**<br>DOMINICK LAW OFFICES,PLLC<br>500 W. Bannock Street<br>Boise, ID 83702<br>(208) 336-2844<br>Fax: (208) 342-6553<br>Email: tom@dominicklawoffices.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |

| **Pending Counts** | **Disposition** |
|---|---|
| CONSPIRACY TO DISTRIBUTE METHAMPHETAMINE AND HEROIN<br>(1) | Imprisonment for a term of 6 months. 3 years of supervised release. Fine waived. $100 special assessment. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| CONSPIRACY TO DISTRIBUTE METHAMPHETAMINE | |

---

Assigned to: Judge B. Lynn Winmill

**Defendant (3)**

**Uilese Tolai**
*TERMINATED: 04/16/2019*

represented by **James K Ball**
Manweiler, Manweiler, Breen & Ball
PO Box 937
Boise, ID 83701-0937
(208) 424-9100
Fax: 1-208-424-3100
Email: jkball@mmbb-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| CONSPIRACY TO DISTRIBUTE METHAMPHETAMINE AND HEROIN (1) | Imprisonment for a term of 46 months. 3 years of supervised release. $100 special assessment. Fine waived. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|

None

---

Assigned to: Judge B. Lynn Winmill

**Defendant (4)**

| | | |
|---|---|---|
| **Raymundo Hernandez**<br>*TERMINATED: 03/04/2019* | represented by | **Joe Borton**<br>Borton Lakey Law Offices<br>141 E. Carlton Ave.<br>Meridian, ID 83642<br>208-908-4415<br>Fax: 208-493-4610<br>Email: joe@borton-lakey.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| CONSPIRACY TO DISTRIBUTE METHAMPHETAMINE AND HEROIN<br>(1) | Imprisonment for a term of 27 months. 3 years of supervised release. $100 special assessment. Fine waived. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

**USA** represented by **Bryce Bland Ellsworth**
US Attorney's Office
800 E. Park Blvd., Ste 600
Boise, ID 83712
208-334-1211
Email: bryce.ellsworth@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**David Gregory Robins**
US Attorney's Office
800 E. Park Blvd., Ste 600
Boise, ID 83712
208-334-1211
Email: david.robins@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/14/2018 | 1 | SEALED COMPLAINT as to Johny E Moreno (1), Luis A Moreno (2). (Notice sent to USP & USM) (Attachments: # 1 Johny Moreno coversheet, # 2 Johny Moreno service information, # 3 Luis Moreno coversheet, # 4 Luis Moreno service information) (st)[1:18-mj-10049-REB] |
| 03/14/2018 | 2 | SEALED MOTION by USA as to Johny E Moreno, Luis A Moreno. (st) [1:18-mj-10049-REB] |
| 03/15/2018 | 12 | Bench Warrant Returned Executed. Warrant Returned was filed with the Clerks Office on 3/19/18 in case as to Johny E Moreno. (st) [1:18-mj-10049-REB] (Entered: 03/20/2018) |
| 03/16/2018 | 6 | DOCKET ENTRY NOTICE OF HEARING as to Johny E Moreno (Notice sent to USP & USM) Initial Appearance set for 3/16/2018 02:45 PM in Boise - Courtroom 6 before Judge Candy W. Dale. (at) [1:18-mj-10049-REB] |
| 03/16/2018 | 7 | Docket Text Minute Entry for proceedings held before Judge Candy W. Dale: Appearance by Bryce Ellsworth for the |

| | | |
|---|---|---|
| | | Government; Federal Defender S. Richard Rubin appointed for the Defendant (may have conflict, to further advise following hearing). Interpreter Susan Evans present and shall remain on stand by in this matter. Probation Officer Lisa Melchert also present. Court Reviewed CJA23 Financial Affidavit. Initial Appearance as to Johny E Moreno held on 3/16/2018. Rights advised. (Notice sent to USP & USM) Preliminary Hearing and Detention Hearing requested. (Preliminary Examination and Detention Hearing set for 3/23/2018 01:30 PM in Boise - Courtroom 6 before Judge Candy W. Dale.) Order of Temporary Detention entered. Assertion of Fifth and Sixth Amendment Rights executed. Oral Motion to Retain Bail Report Granted. Court ordered additional PTS report. Time in Court 3:08-3:14 PM. (ESR A. Tate.) Audio File Location Boise - Courtroom 6. (at) [1:18-mj-10049-REB] (Entered: 03/19/2018) |
| 03/16/2018 | 8 | DOCKET ENTRY ORDER APPOINTING FEDERAL DEFENDER: as to Johny E Moreno. On the basis of the sworn financial affidavit, the Court finds Defendant is financially unable to retain counsel. It is hereby ORDERED that the Federal Defender Services of Idaho is hereby appointed to represent Defendant in these proceedings pursuant to Title 18 United States Code 3006A. IT IS FURTHER ORDERED that the Federal Defender shall immediately notify the Clerk's Office of any conflict of interest or inability to continue this appointment. Signed by Judge Candy W. Dale. (at) [1:18-mj-10049-REB] (Entered: 03/19/2018) |
| 03/16/2018 | 9 | CJA 23 Financial Affidavit by Johny E Moreno (st) [1:18-mj-10049-REB] (Entered: 03/19/2018) |
| 03/16/2018 | 10 | ORDER OF TEMPORARY DETENTION as to Johny E Moreno (Notice sent to USP & USM). Signed by Judge Candy W. Dale. (caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (st) [1:18-mj-10049-REB] (Entered: 03/19/2018) |
| 03/16/2018 | 11 | ASSERTION OF FIFTH AND SIXTH AMENDMENT RIGHTS by Johny E Moreno (st) [1:18-mj-10049-REB] (Entered: 03/19/2018) |
| 03/16/2018 | 25 | Bench Warrant Returned Executed. Warrant Returned was filed with the Clerks Office on 3/23/18 in case as to Luis A Moreno. |

| | | |
|---|---|---|
| | | (jp) (Entered: 03/27/2018) |
| 03/20/2018 | 13 | INDICTMENT (Notice sent to USP & USM) as to Johny E Moreno (1) count(s) 1, 2, Luis A Moreno (2) count(s) 1, Uilese Tolai (3) count(s) 1, Raymundo Hernandez (4) count(s) 1. (Attachments: # 1 Sealed Foreperson Signature, # 2 Cover sheets, # 3 Service Information Sheets) (jp) Modified on 3/23/2018 to edit text (jp). (Entered: 03/21/2018) |
| 03/20/2018 | 14 | MOTION to Seal by USA (jp) (Entered: 03/21/2018) |
| 03/20/2018 | 15 | ORDER granting 14 Motion to Seal. Signed by Judge Ronald E. Bush. (jp) (Entered: 03/21/2018) |
| 03/20/2018 | 18 | Redacted Indictment (jp) (Entered: 03/21/2018) |
| 03/21/2018 | 19 | Rule 5(c)(3) Documents Received as to Luis A Moreno. (Notice sent to USP & USM) (Attachments: # 1 Assertion of Right to be Present in Court Unshackled, # 2 Bond, # 3 Notice of Appearance, # 4 docket, # 5 Order, # 6 Waiver of Rule 5 Hearings)(st) (Entered: 03/22/2018) |
| 03/23/2018 | 20 | MOTION for Detention (Notice sent to USP) by USA as to Johny E Moreno. (jp) |
| 03/23/2018 | 21 | DOCKET TEXT NOTICE OF HEARING as to Raymundo Hernandez (Notice sent to USP & USM) Arraignment set for 3/26/2018 02:30 PM in Boise - Courtroom 7 before Judge Ronald E. Bush. (lc) |
| 03/23/2018 | 23 | Docket Text Minute Entry for proceedings held before Judge Candy W. Dale: Appearance by Bryce Ellsworth for the Government; CJA Counsel Courtney Peterson and Interpreter Susan Evans previously appointed for the Defendant. Probation Officer Ben Biddulph present. Arraignment as to Johny E Moreno (1) Counts 1, 2 held on 3/23/2018. Government's Oral Motion to Unseal Case - GRANTED, as stated on the record. Plea entered Not Guilty. Rights advised. (Notice sent to USP & USM) (Jury Trial set for 5/29/2018 01:30 PM in Boise - Courtroom 3 before Judge B. Lynn Winmill, Telephonic Pretrial Conference set for 5/17/2018 04:00 PM in Boise Chambers before Judge B. Lynn Winmill.) Waiver of Detention Hearing and Order of Detention entered. Oral Motion to Retain Bail Report Granted. Time in Court 1:40-1:49 PM. (ESR A. Tate.) Audio File Location Boise - Courtroom 6. (at) (Entered: 03/27/2018) |

| | | |
|---|---|---|
| 03/23/2018 | 24 | DOCKET TEXT PROCEDURAL ORDER AND NOTICE SETTING TRIAL: as to Johny E Moreno. The Defendant and Government hereby select the standard reciprocal discovery elections. Search Warrant(s) were executed in this matter. Government does not object to release and production of related materials. Parties shall adhere to all provisions of the Criminal Procedural Order, as listed in General Order #319. It is so ordered. (Jury Trial set for 5/29/2018 01:30 PM in Boise - Courtroom 3 before Judge B. Lynn Winmill, Telephonic Pretrial Conference set for 5/17/2018 04:00 PM in Boise Chambers before Judge B. Lynn Winmill. A telephonic pretrial conference shall be held and the government is directed to initiate the conference call with opposing counsel on the line to 208-334-9145.) Signed by Judge Candy W. Dale. (at) (Entered: 03/27/2018) |
| 03/23/2018 | 26 | WAIVER OF DETENTION HEARING AND ORDER OF DETENTION as to Johny E Moreno (Notice sent to USP & USM). Signed by Judge Candy W. Dale.(caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (jp) (Entered: 03/27/2018) |
| 03/23/2018 | 39 | Arrest Warrant Returned Executed. Warrant Returned was filed with the Clerks Office on 4/5/18 in case as to Uilese Tolai. (jp) (Entered: 04/06/2018) |
| 03/23/2018 | 40 | Arrest Warrant Returned Executed. Warrant Returned was filed with the Clerks Office on 4/6/18 in case as to Raymundo Hernandez. (jp) (Entered: 04/09/2018) |
| 03/26/2018 | 22 | MOTION for Detention (Notice sent to USP) by USA as to Raymundo Hernandez. (Ellsworth, Bryce) |
| 03/26/2018 | 29 | DOCKET TEXT PROCEDURAL ORDER AND NOTICE SETTING TRIAL: as to Raymundo Hernandez. The Defendant and Government hereby select the standard reciprocal discovery elections. Search Warrant(s) were not executed in this matter. Government n/a object to release and production of related materials. A telephonic pretrial conference shall be held and the government is directed to initiate the conference call with opposing counsel on the line to 208-334-9145. Parties shall adhere to all provisions of the Criminal Procedural Order, as listed in General Order #319. It is so ordered Jury Trial set for |

| | | |
|---|---|---|
| | | 5/29/2018 01:30 PM in Boise - Courtroom 3 before Judge B. Lynn Winmill. Telephonic Pretrial Conference set for 5/17/2018 04:00 PM in Other before Judge B. Lynn Winmill.. Signed by Judge Ronald E. Bush.(caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (lc) (Entered: 03/28/2018) |
| 03/27/2018 | 27 | DOCKET ENTRY NOTICE OF HEARING as to Luis A Moreno (Notice sent to USP & USM) Arraignment set for 4/11/2018 10:15 AM in Boise - Courtroom 6 before Judge Candy W. Dale. (jp) |
| 03/28/2018 | 28 | Minute Entry for proceedings held before Judge Ronald E. Bush:Arraignment as to Raymundo Hernandez (4) Count 1 held on 3/28/2018 (Notice sent to USP & USM), Detention Hearing as to Raymundo Hernandez held on 3/28/2018 (Notice sent to USP & USM), Initial Appearance as to Raymundo Hernandez held on 3/28/2018 (Notice sent to USP & USM), ( Detention Hearing set for 4/2/2018 03:30 PM in Boise - Courtroom 7 before Judge Ronald E. Bush.) (Court Reporter/ESR L. Case.) Audio File Location Boise - Courtroom 7. (lc) |
| 03/28/2018 | 30 | CJA 23 Financial Affidavit by Raymundo Hernandez (jp) |
| 03/28/2018 | 31 | ORDER OF TEMPORARY DETENTION as to Raymundo Hernandez (Notice sent to USP & USM). Signed by Judge Ronald E. Bush.(caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (jp) |
| 03/30/2018 | 32 | RESPONSE to Motion by Raymundo Hernandez re 22 MOTION for Detention (Notice sent to USP) (Borton, Joe) |
| 04/02/2018 | 33 | Minute Entry for proceedings held before Judge Ronald E. Bush:Detention Hearing as to Raymundo Hernandez held on 4/2/2018 (Notice sent to USP & USM) (Court Reporter/ESR L. Case.) Audio File Location Boise - Courtroom 7. (lc) (Entered: 04/03/2018) |
| 04/04/2018 | 34 | Rule 5(c)(3) Documents Received as to Uilese Tolai. (Notice sent to USP & USM) (Attachments: # 1 docket sheet, # 2 appearance bond, # 3 order appointing counsel, # 4 waiver of rule 5 hearings) (st) |

| | | |
|---|---|---|
| 04/04/2018 | 35 | DOCKET TEXT NOTICE OF HEARING as to Uilese Tolai (Notice sent to USP & USM) Arraignment set for 4/19/2018 03:00 PM in Boise - Courtroom 7 before Judge Ronald E. Bush. (lc) |
| 04/05/2018 | 36 | DOCKET TEXT NOTICE: The Court has reviewed the Pre-Trial Report and has made the finding to Deny the Govt.'s Motion for Detention: The Order Setting forth Conditions will be entered. The USPO and/or Defense counsel shall make arrangements with defendant to obtain his signature on page 3 of said Order, and return it to the Court. USPO shall advise USMS of any arrangements (such as location monitoring) to be made prior to release from the Jail forthwith. (lc) |
| 04/05/2018 | 37 | ORDER Setting Conditions of Release (Notice sent to USP & USM). Signed by Judge Ronald E. Bush.(caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (st) (Additional attachment(s) added on 4/6/2018: # 1 Order Setting Conditions of Release) (st). |
| 04/05/2018 | 38 | DOCKET TEXT *AMENDED NOTICE OF HEARING as to Uilese Tolai (Notice sent to USP & USM) Arraignment set for 4/19/2018 01:15 PM in Boise - Courtroom 7 before Judge Ronald E. Bush. * This hearing requires a TIME CHANGE ONLY, to 1:15 pm.(lc) |
| 04/10/2018 | 41 | CJA 23 Financial Affidavit from District of Nevada by Uilese Tolai (jp) |
| 04/11/2018 | 42 | Docket Text Minute Entry for proceedings held before Judge Candy W. Dale: Appearance by Bryce Ellsworth for the Government; CJA Counsel Thomas Dominick appointed for the Defendant. Probation Officer Ben Biddulph present. Initial Appearance/Arraignment as to Luis A Moreno (2) Count 1 held on 4/11/2018. Court Reviewed CJA23 Financial Affidavit. Plea entered Not Guilty. Rights advised. (Notice sent to USP & USM) (Jury Trial set for 5/29/2018 01:30 PM in Boise - Courtroom 3 before Judge B. Lynn Winmill, Telephonic Pretrial Conference set for 5/17/2018 04:00 PM in Boise Chambers before Judge B. Lynn Winmill.) No Motion for Detention filed by the Government. Order Setting Conditions of Release entered. Oral Motion to Retain Bail Report Granted. Time in Court 10:53-11:12 AM. (ESR A. Tate.) Audio File Location Boise - Courtroom 6. (at) (Entered: 04/17/2018) |

| | | |
|---|---|---|
| 04/11/2018 | 43 | DOCKET TEXT PROCEDURAL ORDER AND NOTICE SETTING TRIAL: as to Luis A Moreno. The Defendant and Government hereby select the standard reciprocal discovery elections. Search Warrant(s) were executed in this matter. Government does not object to release and production of related materials. Parties shall adhere to all provisions of the Criminal Procedural Order, as listed in General Order #319. It is so ordered. (Jury Trial set for 5/29/2018 01:30 PM in Boise - Courtroom 3 before Judge B. Lynn Winmill, Telephonic Pretrial Conference set for 5/17/2018 04:00 PM in Boise Chambers before Judge B. Lynn Winmill. A telephonic pretrial conference shall be held and the government is directed to initiate the conference call with opposing counsel on the line to 208-334-9145.) Signed by Judge Candy W. Dale. (at) (Entered: 04/17/2018) |
| 04/11/2018 | 44 | CJA 23 Financial Affidavit by Luis A Moreno (jp) (Entered: 04/17/2018) |
| 04/11/2018 | 45 | ORDER Setting Conditions of Release as to Luis A. Moreno (Notice sent to USP & USM). Signed by Judge Candy W. Dale. (caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (jp) (Entered: 04/17/2018) |
| 04/19/2018 | 46 | Docket Text Minute Entry for proceedings held before Judge Ronald E. Bush:Arraignment as to Uilese Tolai (3) Count 1 held on 4/19/2018 Plea entered Not Guilty/Court reviewed record/ Provided Constitutional rights to counsel and Jury Trial/ and Max. penalties. Defendant placed under oath/ Defendant previously appeared in Nevada and was removed and released to appear here in Idaho. Court examined Financial Affidavit and appointed CJA Counsel, Jim Ball. Waived reading of Indictment. Lisa Melchert USPO/AUSA Bryce Ellsworth/ Jim Ball. Plea entered Not Guilty. Trial set for 5/29/18. Procedural Order entered with counsel making their elections Order of release from Nevada reviewed. Govt. did not move for Detention, advised agrees with conditions. Court inquired of Mr. Tolai ( defendants father). Order/Conditions of Release entered. Counsel may keep Bail Reports. Defendant excused after processed by USMS. 20 min (Court Reporter/ESR l. case.) Audio File Location Boise - Courtroom 7. (lc) tape start: 1:15 pm. (Entered: 04/20/2018) |

| | | |
|---|---|---|
| 04/19/2018 | 47 | DISREGARD- DOCKET TEXT PROCEDURAL ORDER AND NOTICE SETTING TRIAL: as to Luis A Moreno. The Defendant and Government hereby select the standard reciprocal discovery elections. Search Warrant(s) were executed in this matter. Government does not object to release and production of related materials. A telephonic pretrial conference shall be held and the government is directed to initiate the conference call with opposing counsel on the line to 208-334-9145. Parties shall adhere to all provisions of the Criminal Procedural Order, as listed in General Order #319. It is so ordered Jury Trial set for 5/29/2018 01:30 PM in Boise - Courtroom 3 before Judge B. Lynn Winmill. Telephonic Pretrial Conference set for 5/17/2018 04:00 PM in Other before Judge B. Lynn Winmill.. Signed by Judge Ronald E. Bush. (was set w/co-defendants.(caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (lc) Modified on 4/24/2018 (jp). (Entered: 04/20/2018) |
| 04/19/2018 | 49 | DOCKET TEXT PROCEDURAL ORDER AND NOTICE SETTING TRIAL: as to Uilese Tolai. The Defendant and Government hereby select the standard reciprocal discovery elections. Search Warrant(s) were executed in this matter. Government does not object to release and production of related materials. A telephonic pretrial conference shall be held and the government is directed to initiate the conference call with opposing counsel on the line to 208-334-9145. Parties shall adhere to all provisions of the Criminal Procedural Order, as listed in General Order #319. It is so ordered Jury Trial set for 5/29/2018 01:30 PM in Boise - Courtroom 3 before Judge B. Lynn Winmill. Telephonic Pretrial Conference set for 5/17/2018 04:00 PM in Other before Judge B. Lynn Winmill.. Signed by Judge Ronald E. Bush. (set w/ co-defendants).(caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (lc) (Entered: 04/20/2018) |
| 04/19/2018 | 50 | ORDER Setting Conditions of Release as to Uilese Tolai (Notice sent to USP & USM). Signed by Judge Ronald E. Bush.(caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (jp) (Entered: 04/24/2018) |
| 04/19/2018 | 51 | CJA 23 Financial Affidavit by Uilese Tolai (jp) (Entered: |

| | | |
|---|---|---|
| | | 04/24/2018) |
| 04/19/2018 | 52 | ORDER Setting Conditions of Release as to Uilese Tolai (Notice sent to USP & USM). Signed by Judge Ronald E. Bush.(caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (jp) (Entered: 04/24/2018) |
| 04/20/2018 | 48 | DOCKET TEXT NOTICE: CLerical_ Disregard DOC. 47, was for incorrect defendant. (lc) |
| 05/10/2018 | 53 | MOTION to Continue *Trial and Extension of Time to File Pre-Trial Motions* by Uilese Tolai. (Attachments: # 1 Affidavit Declaration of James K. Ball in Support of Unopposed Motion to Continue Trial)(Ball, James) |
| 05/14/2018 | 54 | NOTICE *of Defendant's Non-Objection to Motion to Continue Trial* by Raymundo Hernandez (Borton, Joe) |
| 05/14/2018 | 55 | NOTICE *of Joinder* by Luis A Moreno as to Johny E Moreno, Luis A Moreno, Uilese Tolai, Raymundo Hernandez re 53 MOTION to Continue *Trial and Extension of Time to File Pre-Trial Motions* (Dominick, Thomas) |
| 05/15/2018 | 56 | NOTICE *of Joinder in Motion to Continue* by Johny E Moreno (Peterson, Courtney) |
| 05/16/2018 | 57 | NOTICE OF ATTORNEY APPEARANCE David Gregory Robins appearing for USA. *Co-Counsel* (Notice sent to USM) (Robins, David) |
| 05/16/2018 | 58 | ORDER Granting 53 Motion to Continue (Notice sent to USM & USP) as to all Defendants. Jury Trial RESET for all Defendants for 9/10/2018 01:30 PM in Boise - Courtroom 3 before Judge B. Lynn Winmill. Telephonic Trial Readiness Conference RESET for 8/30/2018 04:00 PM in Telephonic Hearing - Boise Chambers before Judge B. Lynn Winmill. Speedy trial excludable time 5/29/18 to 9/10/18. All pretrial motions shall be filed on or before 8/10/18. Signed by Judge B. Lynn Winmill. (caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (jp) |
| 06/01/2018 | 59 | DOCKET ENTRY ORDER as to Johny E Moreno, Luis A Moreno, Uilese Tolai, Raymundo Hernandez (Notice sent to USM): The Court hereby amends the May 16, 2018 Order (Dkt. |

| | | |
|---|---|---|
| | | 58) continuing the trial in this matter to clarify that the Court finds EXCLUDABLE TIME under the Speedy Trial Act for the period of time between the filing of the Motion to Continue (Dkt. 53) and the new trial date. The May 16, 2018 order incorrectly states that the period of time deemed excludable was the period of time between the prior trial date and the new trial date. The May 16, 2018 Order is correct in all other respects. Signed by Judge B. Lynn Winmill. (mls) |
| 06/12/2018 | 60 | First MOTION to Modify Conditions of Release (Notice sent to USP) by Raymundo Hernandez. (Borton, Joe) |
| 06/21/2018 | 61 | DOCKET TEXT ORDER granting 60 Motion to Modify Conditions of Release (Notice sent to USP & USM) as to Raymundo Hernandez (4). Signed by Judge Ronald E. Bush. (caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (lc) |
| 08/24/2018 | 62 | Sealed Document (Ellsworth, Bryce) |
| 08/27/2018 | 63 | ORDER re 62 Sealed Document. Signed by Judge B. Lynn Winmill. (jp) |
| 08/27/2018 | 64 | SEALED DOCUMENT (Ellsworth, Bryce) |
| 08/28/2018 | 65 | MOTION to Continue *Government's Motion to Continue Trial* by USA as to Johny E Moreno, Luis A Moreno, Uilese Tolai, Raymundo Hernandez. (Ellsworth, Bryce) |
| 08/29/2018 | 66 | PLEA AGREEMENT as to Luis A Moreno (Notice sent to USP) (Ellsworth, Bryce) |
| 08/30/2018 | 71 | ORDER Granting 65 Motion to Continue (Notice sent to USM & USP) as to Johny E Moreno (1), and (3), Raymundo Hernandez (4). ( Jury Trial RESET for 10/9/2018 01:30 PM in Boise - Courtroom 3 before Judge B. Lynn Winmill., Telephonic Trial Readiness Conference RESET for 9/27/2018 04:00 PM in Telephonic Hearing - Boise Chambers before Judge B. Lynn Winmill.) Speedy trial excludable time 8/28/18 to 10/9/18. All pretrial motions shall be filed by 9/11/18. Signed by Judge B. Lynn Winmill. (caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (jp) (Entered: 09/04/2018) |
| 08/31/2018 | 67 | DOCKET ENTRY ORDER as to Luis A Moreno - IT IS |

| | | |
|---|---|---|
| | | HEREBY ORDERED THAT this matter shall be referred to United States Magistrate Judge Candy W. Dale for the purpose of taking a plea. Signed by Judge B. Lynn Winmill. (Notice sent to USM)(caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (jlb) |
| 08/31/2018 | 68 | DOCKET ENTRY ORDER as to Uilese Tolai - IT IS HEREBY ORDERED THAT this matter shall be referred to United States Magistrate Judge Candy W. Dale for the purpose of taking a plea. Signed by Judge B. Lynn Winmill. (Notice sent to USM)(caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (jlb) |
| 08/31/2018 | 69 | DOCKET ENTRY NOTICE OF HEARING as to Luis A Moreno (Notice sent to USP & USM) Change of Plea Hearing set for 9/11/2018 02:00 PM in Boise - Courtroom 6 before Judge Candy W. Dale. (at) |
| 08/31/2018 | 70 | DOCKET ENTRY NOTICE OF HEARING as to Uilese Tolai (Notice sent to USP & USM) Change of Plea Hearing set for 9/11/2018 02:45 PM in Boise - Courtroom 6 before Judge Candy W. Dale. (at) |
| 09/04/2018 | 72 | MOTION to Continue *Trial* by Raymundo Hernandez. (Borton, Joe) |
| 09/05/2018 | 73 | AMENDED DOCKET ENTRY NOTICE OF HEARING as to Luis A Moreno (Notice sent to USP & USM) Per the request of defense counsel in this matter, the Change of Plea Hearing currently set for 9/10/2018 02:00 PM is hereby VACATED AND RE-SET for 9/18/2018 03:30 PM in Boise - Courtroom 6 before Judge Candy W. Dale. (at) |
| 09/07/2018 | 74 | PRETRIAL STATUS REPORT as to Luis A Moreno. (Notice sent to USM & USP) (sw) |
| 09/07/2018 | 75 | PRETRIAL STATUS REPORT as to Uilese Tolai. (Notice sent to USM & USP) (sw) |
| 09/11/2018 | 78 | Minute Entry for proceedings held before Judge Candy W. Dale: Change of Plea Hearing as to Uilese Tolai held on 9/11/2018. (Notice sent to USP & USM) (Sentencing set for 11/28/2018 11:00 AM in Boise - Courtroom 3 before Judge B. Lynn Winmill.) (ESR A. Tate.) Audio File Location Boise - Courtroom 6. (at) (Entered: 09/12/2018) |

| | | |
|---|---|---|
| 09/11/2018 | 82 | WAIVER OF RIGHT TO HAVE DISTRICT JUDGE TAKE PLEA by Uilese Tolai (jp) (Entered: 09/17/2018) |
| 09/12/2018 | 76 | MOTION for Release from Custody *Pending Sentencing* by Defendants Luis A Moreno, Luis A Moreno (Notice sent to USP & USM) by Luis A Moreno. (Attachments: # 1 Affidavit) (Dominick, Thomas) |
| 09/12/2018 | 77 | NOTICE *of Intent to Seek Variance* by Uilese Tolai (Ball, James) |
| 09/12/2018 | 79 | REPORT AND RECOMMENDATIONS on Plea of Guilty as to Uilese Tolai. Objections to R&R due by 9/26/2018. Signed by Judge Candy W. Dale.(caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (jp) |
| 09/12/2018 | 80 | SEALED DOCUMENT (Ellsworth, Bryce) |
| 09/13/2018 | 81 | ORDER Granting 72 Motion to Continue (Notice sent to USM & USP). Jury Trial RESET for 11/13/2018 01:30 PM in Boise - Courtroom 3 before Judge B. Lynn Winmill for Defendants Raymundo Hernandez and Johny E. Moreno. Telephonic Trial Readiness Conference RESET for 11/1/2018 04:00 PM in Telephonic Hearing - Boise Chambers before Judge B. Lynn Winmill for Defendants Raymundo Hernandez and Johny E. Moreno. Speedy trial excludable time 9/4/18 to 11/13/18. All pretrial motions due by 10/2/18. Signed by Judge B. Lynn Winmill. (caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (jp) |
| 09/18/2018 | 83 | PLEA AGREEMENT as to Johny E Moreno (Notice sent to USP) (Ellsworth, Bryce) |
| 09/18/2018 | 84 | Minute Entry for proceedings held before Judge Candy W. Dale: Change of Plea Hearing as to Luis A Moreno held on 9/18/2018. (Notice sent to USP & USM) (Sentencing set for 12/19/2018 11:00 AM in Boise - Courtroom 3 before Judge B. Lynn Winmill.) (ESR A. Tate.) Audio File Location Boise - Courtroom 6. (at) |
| 09/18/2018 | 85 | WAIVER OF RIGHT TO HAVE DISTRICT JUDGE TAKE PLEA by Luis A Moreno (jp) (Entered: 09/19/2018) |

| | | |
|---|---|---|
| 09/19/2018 | 86 | REPORT AND RECOMMENDATIONS on Plea of Guilty as to Luis A Moreno. Objections to R&R due by 10/3/2018. Signed by Judge Candy W. Dale.(caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (jp) |
| 09/24/2018 | 87 | DOCKET TEXT NOTICE OF HEARING as to Johny E Moreno (Notice sent to USP & USM) Change of Plea Hearing set for 10/23/2018 10:15 AM in Boise - Courtroom 7 before Judge Ronald E. Bush. (lc) |
| 09/24/2018 | 88 | DOCKET TEXT (*AMENDED) NOTICE OF HEARING as to Johny E Moreno (Notice sent to USP & USM)(clerical) Correct DATE is MONDAY 10/22/18. Change of Plea Hearing set for 10/22/2018 10:15 AM in Boise - Courtroom 7 before Judge Ronald E. Bush. (lc) |
| 09/25/2018 | 89 | DOCKET ENTRY ORDER as to Johny E Moreno - IT IS HEREBY ORDERED THAT this matter shall be referred to Chief United States Magistrate Judge Ronald E. Bush for the purpose of taking a plea. Signed by Judge B. Lynn Winmill. (Notice sent to USM)(caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (jlb) |
| 09/27/2018 | 90 | ORDER ADOPTING REPORT AND RECOMMENDATIONS as to Uilese Tolai for 79 Report and Recommendation of Guilty Plea, (Notice sent to USP & USM). Signed by Judge B. Lynn Winmill.(caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (jp) |
| 10/04/2018 | 91 | ORDER ADOPTING REPORT AND RECOMMENDATION as to Luis A Moreno for 86 Report and Recommendation of Guilty Plea (Notice sent to USP & USM). Signed by Judge B. Lynn Winmill.(caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (cjs) |
| 10/17/2018 | 92 | PRESENTENCE INVESTIGATION REPORT (Initial Disclosure) *(SEALED)* as to Uilese Tolai. (available to USA, Uilese Tolai) RESTRICTED TO COUNSEL (pkn) |
| 10/22/2018 | 93 | Minute Entry for proceedings held before Judge Ronald E. Bush:Change of Plea Hearing as to Johny E Moreno held on |

| | | |
|---|---|---|
| | | 10/22/2018 (Notice sent to USP & USM), ( Change of Plea Hearing re-set for 11/14/2018 09:30 AM in Boise - Courtroom 7 before Judge Ronald E. Bush.) (Court Reporter/ESR lcase.) Audio File Location Boise - Courtroom 7. (lc) |
| 10/23/2018 | | Set/Reset Hearings as to Johny E Moreno: Change of Plea Hearing set for 11/14/2018 09:30 AM in Boise - Courtroom 7 before Judge Ronald E. Bush. (lc) |
| 10/31/2018 | 94 | OBJECTION/RESPONSE/REPLY TO PRESENTENCE INVESTIGATION REPORT (Sealed Document) by Uilese Tolai *Notice of Non Objection to Presentence Investigation Report* (Notice sent to USP) (Ball, James) |
| 11/01/2018 | 95 | NOTICE *of Intent to Plead Guilty* by Raymundo Hernandez (Borton, Joe) |
| 11/05/2018 | 96 | DOCKET ENTRY ORDER as to Raymundo Hernandez - IT IS HEREBY ORDERED THAT this matter shall be referred to United States Magistrate Judge Candy W. Dale for the purpose of taking a plea. Signed by Judge B. Lynn Winmill. (Notice sent to USM)(caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (jlb) |
| 11/05/2018 | 97 | DOCKET ENTRY NOTICE OF HEARING as to Raymundo Hernandez (Notice sent to USP & USM) Change of Plea Hearing set for 11/27/2018 10:00 AM in Boise - Courtroom 6 before Judge Candy W. Dale. (at) |
| 11/05/2018 | 98 | PRESENTENCE INVESTIGATION REPORT (Final Disclosure) *(SEALED)* as to Uilese Tolai. (available to USA, Uilese Tolai) RESTRICTED TO COUNSEL AND COURT (Attachments: # 1 Addendum)(pkn) |
| 11/05/2018 | 99 | SENTENCING RECOMMENDATION *(SEALED)* as to Uilese Tolai RESTRICTED TO COUNSEL AND COURT (pkn) |
| 11/06/2018 | 100 | PRESENTENCE INVESTIGATION REPORT (Initial Disclosure) *(SEALED)* as to Luis A Moreno. (available to USA, Luis A Moreno) RESTRICTED TO COUNSEL (pbh) |
| 11/14/2018 | 101 | Minute Entry for proceedings held before Judge Ronald E. Bush:Change of Plea Hearing as to Johny E Moreno held on 11/14/2018 (Notice sent to USP & USM), ( Sentencing set for 2/12/2019 01:30 PM in Boise - Courtroom 3 before Judge B. |

| | | |
|---|---|---|
| | | Lynn Winmill.) (Court Reporter/ESR lynette case.) Audio File Location Boise - Courtroom 7. (lc) Modified on 11/14/2018 (lc). Docket Note: AUSA shall move to dismiss ct.2 at appropriate time. |
| 11/14/2018 | 102 | WAIVER OF RIGHT TO HAVE DISTRICT JUDGE TAKE PLEA by Johny E Moreno (st) |
| 11/14/2018 | 103 | SEALED MOTION by USA as to Raymundo Hernandez. (Ellsworth, Bryce) |
| 11/14/2018 | 104 | AMENDED PLEA AGREEMENT as to Johny E Moreno (Notice sent to USP) (jp) |
| 11/14/2018 | 105 | REPORT AND RECOMMENDATIONS on Plea of Guilty as to Johny E Moreno. Objections to R&R due by 11/28/2018. Signed by Judge Ronald E. Bush.(caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (jp) |
| 11/16/2018 | 106 | AMENDED DOCKET ENTRY NOTICE OF HEARING as to Uilese Tolai - Due to the Court's calendar, the Sentencing set for 11/28/2018 is RESCHEDULED for 11/26/2018 at 3:30 PM in Boise - Courtroom 3 before Judge B. Lynn Winmill. (Notice sent to USP & USM)(jlb) |
| 11/20/2018 | 107 | SEALED MOTION *to continue sentencing* by Uilese Tolai. (Attachments: # 1 Affidavit)(Ball, James) |
| 11/20/2018 | 108 | DOCKET ENTRY ORDER granting 107 Sealed Motion as to Uilese Tolai (3). For the reasons stated in the motion and supporting affidavit, the Court will grant the motion. The sentencing hearing scheduled for November 26, 2018 is VACATED. A new sentencing hearing will be scheduled via separate order. Signed by Judge B. Lynn Winmill (mls) (caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by mls. |
| 11/20/2018 | 109 | AMENDED DOCKET ENTRY NOTICE OF HEARING as to Raymundo Hernandez (Notice sent to USP & USM) Per the request of defense counsel in this matter, the Change of Plea Hearing currently set for 11/27/2018 10:00 AM is hereby VACATED and RE-SET for 11/29/2018 01:30 PM in Boise - Courtroom 6 before Judge Candy W. Dale. (at) |

| | | |
|---|---|---|
| 11/21/2018 | 110 | PRETRIAL STATUS REPORT as to Raymundo Hernandez. (Notice sent to USM & USP) (sw) |
| 11/21/2018 | 111 | OBJECTION/RESPONSE/REPLY TO PRESENTENCE INVESTIGATION REPORT (Sealed Document) by Luis A Moreno (Notice sent to USP) (Dominick, Thomas) |
| 11/26/2018 | 112 | MOTION for Continued Release Pending Sentencing by Raymundo Hernandez. (Attachments: # 1 Affidavit of Daniel Johnson)(Borton, Joe) |
| 11/27/2018 | 114 | SEALED DOCUMENT (Ellsworth, Bryce) |
| 11/27/2018 | 115 | DOCKET ENTRY NOTICE OF HEARING as to Uilese Tolai - The Sentencing is reset for 1/14/2019 at 11:00 AM in Boise - Courtroom 3 before Judge B. Lynn Winmill. (Notice sent to USP & USM)(jlb) |
| 11/29/2018 | 116 | ORDER ADOPTING REPORT AND RECOMMENDATIONS as to Johny E Moreno for 105 Report and Recommendation of Guilty Plea, (Notice sent to USP & USM). Signed by Judge B. Lynn Winmill.(caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (jp) |
| 11/29/2018 | 117 | Minute Entry for proceedings held before Judge Candy W. Dale: Change of Plea Hearing as to Raymundo Hernandez held on 11/29/2018. (Notice sent to USP & USM) (Sentencing set for 2/26/2019 02:30 PM in Boise - Courtroom 3 before Judge B. Lynn Winmill.) (ESR A. Tate.) Audio File Location Boise - Courtroom 6. (at) |
| 11/29/2018 | 118 | REPORT AND RECOMMENDATIONS on Plea of Guilty as to Raymundo Hernandez Objections to R&R due by 12/13/2018. Signed by Judge Candy W. Dale.(klw) |
| 11/29/2018 | 119 | WAIVER OF RIGHT TO HAVE DISTRICT JUDGE TAKE PLEA by Raymundo Hernandez (jp) (Entered: 11/30/2018) |
| 12/03/2018 | 120 | NOTICE *of Intent to Seek Variance* by Luis A Moreno (Dominick, Thomas) |
| 12/04/2018 | 121 | PRESENTENCE INVESTIGATION REPORT (Final Disclosure) *(SEALED)* as to Luis A Moreno. (available to USA, Luis A Moreno) RESTRICTED TO COUNSEL AND COURT |

| | | |
|---|---|---|
| | | (Attachments: # 1 Addendum)(pbh) |
| 12/04/2018 | 122 | SENTENCING RECOMMENDATION *(SEALED)* as to Luis A Moreno RESTRICTED TO COUNSEL AND COURT (pbh) |
| 12/04/2018 | 123 | PRESENTENCE INVESTIGATION REPORT (Revised Final Disclosure) *(SEALED)* as to Luis A Moreno. (available to USA, Luis A Moreno) RESTRICTED TO COUNSEL AND COURT (Attachments: # 1 Amended Addendum)(pbh) |
| 12/11/2018 | 124 | AMENDED DOCKET ENTRY NOTICE OF HEARING as to Luis A Moreno - Due to the Court's trial calendar, the Sentencing set for 12/19/2018 is VACATED and RESCHEDULED for 12/20/2018 at 3:30 PM in Boise - Courtroom 3 before Judge B. Lynn Winmill. (Notice sent to USP & USM)(jlb) |
| 12/12/2018 | 125 | SENTENCING MEMORANDUM by Luis A Moreno (Notice sent to USP) (Dominick, Thomas) |
| 12/17/2018 | 126 | ORDER ADOPTING REPORT AND RECOMMENDATIONS as to Raymundo Hernandez for 118 Report and Recommendation of Guilty Plea (Notice sent to USP & USM). Signed by Judge B. Lynn Winmill. (km) |
| 12/20/2018 | 128 | Minute Entry for proceedings held before Judge B. Lynn Winmill: Sentencing held on 12/20/2018 for Luis A Moreno (2), Count(s) 1, Imprisonment for a term of 6 months. 3 years of supervised release. Fine waived. $100 special assessment. (Notice sent to USP & USM) (Court Reporter Tammy Hohenleitner.) (jlb) (Entered: 12/21/2018) |
| 12/21/2018 | 127 | STATEMENT OF REASONS *(SEALED)* as to Luis A Moreno. (available to USA, Luis A Moreno) RESTRICTED TO ASSIGNED COUNSEL AND COURT (pbh) |
| 12/21/2018 | 129 | JUDGMENT as to Luis A Moreno (2), Count(s) 1, Imprisonment for a term of 6 months. 3 years of supervised release. Fine waived. $100 special assessment. (Notice sent to USP and USM). Signed by Judge B. Lynn Winmill.(caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (cjs) |
| 01/03/2019 | 130 | PRESENTENCE INVESTIGATION REPORT (Initial Disclosure) *(SEALED)* as to Johny E Moreno. (available to USA, Johny E Moreno) RESTRICTED TO COUNSEL (pbh) |

| | | |
|---|---|---|
| 01/11/2019 | 131 | Second SEALED MOTION *to Continue Sentencing* by Uilese Tolai. (Attachments: # 1 Affidavit Declaration of James K. Ball in Support of Unopposed Motion to Continue)(Ball, James) |
| 01/11/2019 | 132 | DOCKET ORDER granting 131 Sealed Motion as to Uilese Tolai (3). For the reasons stated in the motion and supporting affidavit, the Court will grant the motion. The sentencing hearing scheduled for January 14, 2019 is VACATED. The sentencing hearing will take place on February 27, 2019 at 1:30 p.m. Signed by Judge B. Lynn Winmill (mls). |
| 01/11/2019 | 133 | DOCKET ENTRY NOTICE OF HEARING as to Uilese Tolai - Pursuant to Order 132 the Sentencing is reset for 2/27/2019 at 1:30 PM in Boise - Courtroom 3 before Judge B. Lynn Winmill. (Notice sent to USP & USM)(jlb) |
| 01/15/2019 | 134 | PRESENTENCE INVESTIGATION REPORT (Initial Disclosure) *(SEALED)* as to Raymundo Hernandez. (available to USA, Raymundo Hernandez) RESTRICTED TO COUNSEL (pbh) |
| 01/16/2019 | 135 | OBJECTION/RESPONSE/REPLY TO PRESENTENCE INVESTIGATION REPORT (Sealed Document) by Johny E Moreno (Notice sent to USP) (Peterson, Courtney) |
| 01/24/2019 | 136 | Sealed Document Re: 135 Objection/Response/Reply to Presentence Investigation Report *Government's Response to Defendant's Objections to the Presentence Investigation Report* (Attachments: # 1 Exhibit 1)(Ellsworth, Bryce) |
| 01/29/2019 | 137 | OBJECTION/RESPONSE/REPLY TO PRESENTENCE INVESTIGATION REPORT (Sealed Document) by Raymundo Hernandez (Notice sent to USP) (Borton, Joe) |
| 01/29/2019 | 138 | OBJECTION/RESPONSE/REPLY TO PRESENTENCE INVESTIGATION REPORT (Sealed Document) by Raymundo Hernandez *RE-FILED (to correct missing page)* (Notice sent to USP) (Borton, Joe) |
| 01/29/2019 | 139 | PRESENTENCE INVESTIGATION REPORT (Final Disclosure) *(SEALED)* as to Johny E Moreno. (available to USA, Johny E Moreno) RESTRICTED TO COUNSEL AND COURT (Attachments: # 1 Addendum)(pbh) |
| 01/29/2019 | 140 | SENTENCING RECOMMENDATION *(SEALED)* as to Johny E |

| | | |
|---|---|---|
| | | Moreno RESTRICTED TO COUNSEL AND COURT (pbh) |
| 02/04/2019 | 141 | SEALED MOTION by USA as to Raymundo Hernandez. (Ellsworth, Bryce) |
| 02/06/2019 | 142 | MOTION to Continue Sentencing by Johny E Moreno. (Peterson, Courtney) |
| 02/06/2019 | 143 | DOCKET ENTRY ORDER re 142 Motion to Continue Sentencing (Notice sent to USM & USP) as to Johny E Moreno(1). Due to its trial calendar, the Court will continue the sentencing hearing in this matter to March 20, 2019 at 1:30 p.m. at the US Courthouse in Boise. Defendant's motion to continue the sentencing hearing (Dkt. 142) is therefore MOOT. Signed by Judge B. Lynn Winmill. (mls) |
| 02/08/2019 | 144 | DOCKET ENTRY NOTICE OF HEARING as to Johny E Moreno - Pursuant to Order 143 the Sentencing is reset for 3/20/2019 at 1:30 PM in Boise - Courtroom 3 before Judge B. Lynn Winmill. (Notice sent to USP & USM) (jlb) |
| 02/11/2019 | 145 | PRESENTENCE INVESTIGATION REPORT (Final Disclosure) *(SEALED)* as to Raymundo Hernandez. (available to USA, Raymundo Hernandez) RESTRICTED TO COUNSEL AND COURT (Attachments: # 1 Addendum)(pbh) |
| 02/11/2019 | 146 | SENTENCING RECOMMENDATION *(SEALED)* as to Raymundo Hernandez RESTRICTED TO COUNSEL AND COURT (pbh) |
| 02/19/2019 | 147 | SENTENCING MEMORANDUM by Raymundo Hernandez (Notice sent to USP) (Attachments: # 1 Letters of Support) (Borton, Joe) |
| 02/21/2019 | 148 | SEALED MOTION by USA as to Raymundo Hernandez. (Ellsworth, Bryce) |
| 02/21/2019 | 149 | Sealed Document *Sentencing memorandum* (Attachments: # 1 Exhibit Exhibit 1)(Ball, James) |
| 02/22/2019 | 150 | Third SEALED MOTION *to Continue Sentencing* by Uilese Tolai as to Johny E Moreno, Luis A Moreno, Uilese Tolai, Raymundo Hernandez. (Attachments: # 1 Affidavit Declaration in Support of Motion, # 2 Exhibit A)(Ball, James) |
| | | |

| | | |
|---|---|---|
| 02/25/2019 | 151 | DOCKET ENTRY ORDER as to Uilese Tolai (Notice sent to USM). Good cause appearing, the motion at Dkt. 150 is hereby GRANTED. The current sentencing hearing for Defendant Uilese Tolai is VACATED. Sentencing shall be re-scheduled for 10:00 a.m. on April 15, 2019 at the U.S. Courthouse in Boise, Idaho. Signed by Judge B. Lynn Winmill (mls) |
| 02/25/2019 | | Reset Hearings as to Uilese Tolai pursuant to Order 151 : The Sentencing is reset for 4/15/2019 at 10:00 AM in Boise - Courtroom 3 before Judge B. Lynn Winmill. (jlb) |
| 02/26/2019 | 152 | Minute Entry for proceedings held before Judge B. Lynn Winmill: Sentencing held on 2/26/2019 for Raymundo Hernandez (4), Count(s) 1, Imprisonment for a term of 27 months. 3 years of supervised release. $100 special assessment. Fine waived. (Notice sent to USP & USM) (Court Reporter Tammy Hohenleitner.) (jlb) (Entered: 02/27/2019) |
| 02/26/2019 | 153 | AMENDED JUDGMENT as to Luis A Moreno (2), Count(s) 1, Imprisonment for a term of 6 months. 3 years of supervised release. Fine waived. $100 special assessment. (Notice sent to USP & USM). Signed by Judge B. Lynn Winmill.(caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (jp) (**Amended to Correct USM Number) (Entered: 02/27/2019) |
| 02/28/2019 | 154 | PRESENTENCE INVESTIGATION REPORT (Revised Final Disclosure) *(SEALED)* as to Raymundo Hernandez. (available to USA, Raymundo Hernandez) RESTRICTED TO COUNSEL AND COURT (pbh) |
| 03/04/2019 | 155 | JUDGMENT as to Raymundo Hernandez (4), Count(s) 1, Imprisonment for a term of 27 months. 3 years of supervised release. $100 special assessment. Fine waived. (Notice sent to USP and USM). Signed by Judge B. Lynn Winmill.(caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (cjs) (Entered: 03/05/2019) |
| 03/06/2019 | 156 | STATEMENT OF REASONS *(SEALED)* as to Raymundo Hernandez. (available to USA, Raymundo Hernandez) RESTRICTED TO ASSIGNED COUNSEL AND COURT (pbh) |
| 03/11/2019 | 157 | AMENDED JUDGMENT as to Raymundo Hernandez (4), |

| | | |
|---|---|---|
| | | Count(s) 1, Imprisonment for a term of 27 months. 3 years of supervised release. $100 special assessment. Fine waived. (Notice sent to USP & USM). Signed by Judge B. Lynn Winmill.(caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (jp) |
| 03/15/2019 | 158 | SEALED MOTION by USA as to Johny E Moreno. (Ellsworth, Bryce) |
| 03/18/2019 | 159 | PRESENTENCE INVESTIGATION REPORT (Revised Final Disclosure) *(SEALED)* as to Johny E Moreno. (available to USA, Johny E Moreno) RESTRICTED TO COUNSEL AND COURT (Attachments: # 1 Addendum, # 2 Second Addendum)(pbh) |
| 03/19/2019 | 160 | NOTICE *Notice of Government's Intent Regarding Forfeiture* by USA as to Johny E Moreno (Maloney, Kevin) |
| 03/20/2019 | 161 | Minute Entry for proceedings held before Judge B. Lynn Winmill: Sentencing held on 3/20/2019 for Johny E Moreno (1), Count(s) 1, Imprisonment for a term of 292 months. 5 years of supervised release. Fine waived. $100 special assessment.; Count(s) 2, Dismissed on the motion of the United States. (Notice sent to USP & USM) (Court Reporter Tammy Hohenleitner.) (jlb) (Entered: 03/21/2019) |
| 03/21/2019 | 162 | PRESENTENCE INVESTIGATION REPORT (2nd Revised Final Disclosure) *(SEALED)* as to Johny E Moreno. (available to USA, Johny E Moreno) RESTRICTED TO COUNSEL AND COURT (pbh) |
| 03/22/2019 | 163 | JUDGMENT as to Johny E Moreno (1), Count(s) 1, Imprisonment for a term of 292 months. 5 years of supervised release. Fine waived. $100 special assessment.; Count(s) 2, Dismissed on the motion of the United States. (Notice sent to USP and USM). Signed by Judge B. Lynn Winmill.(caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (jp) |
| 03/22/2019 | 164 | STATEMENT OF REASONS *(SEALED)* as to Johny E Moreno. (available to USA, Johny E Moreno) RESTRICTED TO ASSIGNED COUNSEL AND COURT (pbh) |
| 04/05/2019 | 165 | NOTICE OF APPEAL by Johny E Moreno (Notice sent to USP, USM, Court Reporter & 9th Cir) (Peterson, Courtney) (19-30063) (jp). |

| | | |
|---|---|---|
| 04/08/2019 | 166 | USCA Case Number as to Johny E Moreno 19-30063 for 165 Notice of Appeal - Final Judgment filed by Johny E Moreno. (jp) (Entered: 04/09/2019) |
| 04/08/2019 | 167 | TIME SCHEDULE ORDER as to Johny E Moreno re 165 Notice of Appeal - Final Judgment (Notice sent to USM)(Notice sent by e-mail to Court Reporter) (jp) (Entered: 04/09/2019) |
| 04/12/2019 | 168 | SEALED MOTION by USA as to Uilese Tolai. (Ellsworth, Bryce) |
| 04/12/2019 | 172 | Amended Judgment Returned Executed as to Raymundo Hernandez on 4/4/19. (Attachments: # 1 Judgment)(jp) (Attachment 1 replaced on 4/18/2019) (jp). (Entered: 04/18/2019) |
| 04/15/2019 | 169 | Minute Entry for proceedings held before Judge B. Lynn Winmill: Sentencing held on 4/15/2019 for Uilese Tolai (3), Count(s) 1, Imprisonment for a term of 46 months. 3 years of supervised release. $100 special assessment. Fine waived. (Notice sent to USP & USM) (Court Reporter Tammy Hohenleitner.) (jlb) |
| 04/16/2019 | 170 | JUDGMENT as to Uilese Tolai (3), Count(s) 1, Imprisonment for a term of 46 months. 3 years of supervised release. $100 special assessment. Fine waived. (Notice sent to USP and USM). Signed by Judge B. Lynn Winmill.(caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (cjs) |
| 04/18/2019 | 171 | STATEMENT OF REASONS *(SEALED)* as to Uilese Tolai. (available to USA, Uilese Tolai) RESTRICTED TO ASSIGNED COUNSEL AND COURT (pbh) |
| 04/23/2019 | 173 | AFFIDAVIT of Uilese Tolai by Uilese Tolai (Notice sent to USP) (Ball, James) |
| 04/29/2019 | 174 | TRANSCRIPT REQUEST by Johny E Moreno for proceedings held on March 20, 2019 before Judge Winmill, (Notice sent by e-mail to Court Reporter) (Peterson, Courtney) |
| 04/30/2019 | 175 | ORDER of USCA (certified copy) as to Johny E Moreno re 165 Notice of Appeal - Final Judgment. The motion of appellant's appointed counsel, Courtney M. Peterson, Esq., to be relieved as counsel of record and for appointment of new counsel is granted. Counsel will be appointed by separate order.(jp) (Entered: 05/09/2019) |

| | | |
|---|---|---|
| 05/09/2019 | 176 | ORDER as to Johny E. Moreno (1), Appointing Attorney Robyn Fyffe on Appeal (Notice sent to 9th Cir). Signed by Judge B. Lynn Winmill.(caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (jp) |
| 05/22/2019 | 177 | Transcript of Sentencing Hearing as to Johny E Moreno held on 3/20/2019 before Judge B. Lynn Winmill. Court Reporter/Transcriber Tamara I. Hohenleitner, Email tammy_hohenleitner@id.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/12/2019. Redacted Transcript Deadline set for 6/24/2019. Release of Transcript Restriction set for 8/20/2019. (th) |
| 05/22/2019 | 178 | Notice of Filing of Official Transcript of Sentencing Hearing held 3/20/19 (th) |
| 06/03/2019 | 179 | Judgment Returned Executed as to Johny E Moreno on 4/11/19. (jp) (Entered: 06/04/2019) |
| 06/03/2019 | 180 | Judgment Returned Executed as to Johny E Moreno on 4/11/19. (jp) (Entered: 06/05/2019) |
| 06/14/2019 | 181 | ORDER of USCA (certified copy) as to Johny E Moreno re 165 Notice of Appeal - Final Judgment. (jp) (Entered: 06/20/2019) |
| 07/11/2019 | 182 | ORDER of USCA (certified copy) as to Johny E Moreno re 165 Notice of Appeal - Final Judgment (jp) |
| 09/04/2019 | 183 | ORDER of USCA (certified copy) as to Johny E Moreno re 165 Notice of Appeal - Final Judgment. Within 21 days after the date of this order, counsel Fyffe shall file the response to the court's orders. (jp) |
| 10/05/2019 | 184 | TRANSCRIPT REQUEST by Johny E Moreno for proceedings held on 10/22/18 and 11/14/2018 before Judge Hon. Ronald Bush, (Notice sent by e-mail to Court Reporter) (Fyffe, Robyn) |
| 11/13/2019 | 185 | Transcript filed as to Johny E Moreno for dates of October 22, 2018 before Judge Ronald E. Bush, re 165 Notice of Appeal - Final Judgment Court Reporter Transcriber Tamara A. Weber, |

| | | |
|---|---|---|
| | | Email tammy@canyontranscription.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/4/2019. Redacted Transcript Deadline set for 12/16/2019. Release of Transcript Restriction set for 2/11/2020. (jd) |
| 11/13/2019 | 186 | Transcript filed as to Johny E Moreno for dates of November 14, 2018 before Judge Ronald E. Bush, re 165 Notice of Appeal - Final Judgment Court ReporterTranscriber Tamara A. Weber, Email tammy@canyontranscription.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/4/2019. Redacted Transcript Deadline set for 12/16/2019. Release of Transcript Restriction set for 2/11/2020. (jd) |
| 11/13/2019 | 187 | Notice of Filing of Official Transcript. (jd) |


**PACER Service Center**

**Transaction Receipt**

11/20/2019 07:19:43

| | | | |
|---|---|---|---|
| **PACER Login:** | cr4018rf:4456422:0 | **Client Code:** | moreno |
| **Description:** | Docket Report | **Search Criteria:** | 1:18-cr-00097-BLW |
| **Billable Pages:** | 15 | **Cost:** | 1.50 |

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

FYFFE LAW

/s/ Robyn Fyffe
ROBYN FYFFE